## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **Glass Dimensions, Inc. on behalf of the Glass Dimensions, Inc. Profit Sharing Plan and Trust,** *and all others similarly situated*, )<br>)<br>)<br>)<br>) | **FIRST AMENDED CLASS ACTION COMPLAINT** |
| Plaintiffs, ) | **CIVIL ACTION NO:** 1:10-CV-10588 (JLT) |
| v. ) | |
| **State Street Corporation, State Street Bank & Trust Co., and State Street Global Advisors,** )<br>)<br>) | |
| Defendants. ) | |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT

Jeffrey B. Rudman (BBO #433380)
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone:  (617) 526-6000
Facsimile:  (617) 526-5000

Lori A. Martin (*pro hac vice*)
Dawn M. Wilson (*pro hac vice*)
Brad E. Konstandt (*pro hac vice*)
WILMER CUTLER PICKERING
HALE AND DORR LLP
399 Park Avenue
New York, NY 10022
Telephone:  (212) 230-8800
Facsimile:  (212) 230-8888

*Counsel for Defendants State Street Corporation and State Street Bank & Trust Company (including its division State Street Global Advisors)*

Defendants State Street Corporation ("SSC") and State Street Bank & Trust Company ("SSBT") (together with its division State Street Global Advisors ("SSgA") ("Defendants")), by their attorneys, hereby answer the First Amended Class Action Complaint, dated August 3, 2010 (the "Complaint").[1]  Defendants deny all allegations in the Complaint to the extent they suggest that Defendants violated their fiduciary duties to the Glass Dimensions, Inc. Profit Sharing Plan and Trust (the "Plan") or any other plan, including but not limited to purported "unreasonable compensation" and "self-dealing and prohibited transactions," and further respond to the specific allegations in the Complaint as follows:

1.      Defendants deny the allegations contained in Paragraph 1, except admit that Plaintiff purports to bring this action pursuant to the statute cited therein.

2.      To the extent that Paragraph 2 states a legal conclusion, no responsive pleading is required.  To the extent that a response is required, Defendants deny the allegations, except admit that SSBT served as trustee of the Plan from July 11, 1997 through the date of the filing of the Complaint.  Defendants aver that on or around March 10, 2010, Plaintiff informed Defendants by e-mail that it was in the process of terminating its relationship with Defendants.

3.      Defendants deny the allegations contained in Paragraph 3, except admit that the Plan invested in collective trust funds for which SSBT acted as trustee (the "Collective Trusts"); that Collective Trusts are investment funds that pool the investments of institutional investors; and that SSBT, as trustee to the Collective Trusts, charges fees in accordance with, among other

---

[1] Defendants moved to dismiss the original complaint on July 23, 2010, noting that the action was a carbon copy of a securities lending lawsuit that the Honorable Patti B. Saris previously dismissed (*Fishman Haygood Phelps Walmsley Willis & Swanson v. State Street Corp.*).  Rather than oppose that motion, Plaintiff – who is represented by the same counsel that filed the *Fishman* action – filed an amended complaint.  In other words, this is counsel's third attempt to sue State Street for its activities related to securities lending.

documents, the relevant declarations of trust and fund declarations, and respectfully refers the Court to the declarations of trust and fund declarations for descriptions and amounts of the fees.

4.      Defendants deny the allegations contained in Paragraph 4, except admit that some of the Collective Trusts in which the Plan invested engaged in securities lending in accordance with the relevant fund declarations.  Defendants aver that securities lending involves the temporary loan of a security by its owner to a borrower, who secures the loan with collateral that usually exceeds the value of the security.  Defendants further aver that the collateral is invested in high quality instruments so that the owner (here the Collective Trusts) receives incremental investment income, if any, from the collateral investment.

5.      Defendants deny the allegations contained in Paragraph 5, except admit that borrowers secure the loan of securities held by the Collective Trusts with collateral, generally in the form of cash; that the cash collateral is invested in high quality instruments so that the owner (here the Collective Trusts) receives investment income, if any, from the collateral investment; and that investment income accrues to the Collective Trusts and their participants.  Defendants aver that the amount of investment income resulting from the collateral investment varies annually based upon a range of factors.

6.      Defendants deny the allegations contained in Paragraph 6, except admit that SSBT is the trustee of the Collective Trusts set forth in Paragraph 13 of the Complaint; that SSBT acts as lending agent for the Collective Trusts that engage in securities lending; that collateral received by Collective Trusts that engage in securities lending is invested in cash collateral pools that are managed by SSgA, which in turn invest in high quality instruments in order to generate income; and that in accordance with, among other documents, the relevant declarations of trust and fund declarations, SSBT receives fees for its various responsibilities

with respect to the Collective Trusts and the cash collateral pools, and respectfully refers the Court to the declarations of trust and fund declarations for descriptions and amounts of the fees.

7.      Defendants deny the allegations contained in Paragraph 7, except admit that upon return of the borrowed securities, the collateral is returned to the borrower; that the borrower is usually paid a rebate for the investment use of the collateral; and that no less than 50 percent of securities lending revenue, net of costs including the rebate, accrues to the Collective Trusts and their participants, with the remainder paid to SSBT in its capacity as lending agent as compensation for the securities lending services conducted on behalf of the trust.

8.      To the extent that Paragraph 8 states a legal conclusion, no responsive pleading is required.  To the extent that a response is required, Defendants deny the allegations, except admit that in accordance with, among other documents, the fund declarations for the Collective Trusts in which the Plan invested, and consistent with the trust agreement between SSBT and Glass Dimensions, SSBT may receive as compensation for securities lending services a fee of no more than 50 percent of the net income generated by securities lending activities.  Defendants aver that the securities lending compensation structure is reasonable, and further aver, upon information and belief, that 50/50 is common within the industry.  Defendants further aver, upon information and belief, that primary competitors have similar compensation structures, as evidenced by Plaintiff's own exhibit (*see infra* Paragraphs 30 & 34).

9.      To the extent that Paragraph 9 states a legal conclusion, no responsive pleading is required.  To the extent that a response is required, Defendants deny the allegations.  Defendants aver that it is a common industry practice for a trust company such as SSBT to act as both trustee for Collective Trusts and lending agent for a securities lending program; and that such practice is exempted from ERISA § 406 by virtue of a class exemption.

10.     To the extent that Paragraph 10 states a legal conclusion, no responsive pleading is required.  To the extent that a response is required, Defendants deny the allegations.

## I.     JURISDICTION AND VENUE

11.     To the extent that Paragraph 11 states a legal conclusion, no responsive pleading is required.  To the extent that a response is required, Defendants deny the allegations, except admit that Plaintiff purports to base jurisdiction over the subject matter of this action on the statutes cited therein and purports to bring this action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

12.     To the extent that Paragraph 12 states a legal conclusion, no responsive pleading is required.  To the extent that a response is required, Defendants deny the allegations, except admit that Plaintiff purports to base venue on the statutes cited therein.

## II.     THE PARTIES

**Plaintiff**

13.     To the extent that Paragraph 13 states a legal conclusion, no responsive pleading is required.  To the extent that a response is required, Defendants deny the allegations, except admit that Glass Dimensions is the plan administrator for the Plan and a fiduciary for the Plan; that the Plan invested in the Active U.S. Small Cap Securities Lending Fund, Passive Bond Market Securities Lending Fund, and Daily International Alpha Securities Lending Fund at the time of the filing of the Complaint; and that those Collective Trusts engaged in securities lending.  Defendants aver that, among other documents, the fund declarations for these Collective Trusts disclosed that the Collective Trusts participated in securities lending and that SSBT may receive no more than 50 percent of the securities lending revenue as compensation. Defendants further aver that these fund declarations were available to Plaintiff, who, as a

fiduciary duty to the Plan, had an obligation to familiarize itself with the trusts in which it was investing Plan assets.  In addition, Defendants aver that the securities lending compensation structure is reasonable, and further aver, upon information and belief, that 50/50 is common within the industry.  Defendants aver, upon information and belief, that primary competitors have similar compensation structures, as evidenced by Plaintiff's own exhibit (*see infra* Paragraphs 30 & 34).

**Defendants**

14.     To the extent that Paragraph 14 states a legal conclusion, no responsive pleading is required.  To the extent that a response is required, Defendants deny the allegations, except admit that SSBT served as trustee of the Plan from July 11, 1997 through the date of the filing of the Complaint, and that its principal place of business is Boston, Massachusetts.

15.     Defendants admit the allegations contained in Paragraph 15, except aver that SSC was organized in 1969, not 1970, under the laws of the Commonwealth of Massachusetts.

16.     To the extent that Paragraph 16 states a legal conclusion, no responsive pleading is required.  To the extent that a response is required, Defendants deny the allegations, except admit that SSgA is the investment management division of SSBT, a wholly owned subsidiary of SSC, and that SSBT is the trustee of the Collective Trusts set forth in Paragraph 13 of the Complaint.

### III.     DEFENDANTS' FIDUCIARY STATUS

17.     To the extent that the allegations contained in Paragraph 17 state a legal conclusion, no responsive pleading is required.  To the extent that a response is required, Defendants deny the allegations contained in Paragraph 17, except respectfully refer the Court to ERISA § 402(a)(1), 29 U.S.C. § 1102(a)(1) and ERISA § 3(21)(A)(i), 29 U.S.C.

§ 1002(21)(A)(i) for the contents thereof.

18.     To the extent that the allegations contained in Paragraph 18 state a legal
conclusion, no responsive pleading is required.  To the extent that a response is required,
Defendants deny the allegations contained in Paragraph 18, except respectfully refer the Court to
ERISA § 3(38), 29 U.S.C. § 1002(38) for the contents thereof.

19.     To the extent that the allegations contained in Paragraph 19 state a legal
conclusion, no responsive pleading is required.  To the extent that a response is required,
Defendants deny the allegations contained in Paragraph 19, except state that Defendants
prudently and loyally managed the assets that were invested in the Collective Trusts and cash
collateral pools.

## IV.     DEFENDANTS' FIDUCIARY DUTIES

20.     Because Paragraph 20 contains no factual allegations, no responsive pleading is
required.  To the extent that a response is required, Defendants respectfully refer the Court to
ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2) and ERISA § 409, 29 U.S.C. § 1109 for the contents
thereof.

21.      Because Paragraph 21 contains no factual allegations, no responsive pleading is
required.  To the extent that a response is required, Defendants respectfully refer the Court to
ERISA § 409, 29 U.S.C. § 1109 for the contents thereof.

22.     Because Paragraph 22 contains no factual allegations, no responsive pleading is
required.  To the extent that a response is required, Defendants respectfully refer the Court to
ERISA § 404(a), 29 U.S.C. § 1104(a) for the contents thereof.

23.     To the extent that the allegations contained in Paragraph 23 state a legal
conclusion, no responsive pleading is required.  To the extent that a response is required,

Defendants deny the allegations contained in Paragraph 23, except respectfully refer the Court to ERISA § 404(a), 29 U.S.C. § 1104(a), and *Donovan* v. *Bierwirth,* 680 F.2d 263 (2d Cir. 1982), for the contents thereof.

24.     To the extent that the allegations contained in Paragraph 24 state a legal conclusion, no responsive pleading is required.  To the extent that a response is required, Defendants deny the allegations contained in Paragraph 24, except respectfully refer the Court to ERISA § 406, 29 U.S.C. § 1106 for the contents thereof.

## V.     DEFENDANTS' VIOLATIONS OF ERISA

25.     Defendants deny the allegations contained in Paragraph 25.

26.     To the extent that the allegations contained in Paragraph 26 state a legal conclusion, no responsive pleading is required.  To the extent that a response is required, Defendants deny the allegations contained in Paragraph 26, except admit that SSBT served as trustee of the Plan from July 11, 1997 through the date of the filing of the Complaint; that SSBT is the trustee of the Collective Trusts set forth in Paragraph 13 of the Complaint; that SSBT, as trustee to the Collective Trusts, charges fees in accordance with, among other documents, the relevant declarations of trust and fund declarations, and respectfully refers the Court to the declarations of trust and fund declarations for descriptions and amounts of the fees; and that some of the Collective Trusts in which the Plan invested engaged in securities lending, which includes the investment of collateral in cash collateral pools.

27.     Defendants deny the allegations contained in Paragraph 27, except admit that some of the Collective Trusts in which the Plan invested engaged in securities lending; that Collective Trusts that engaged in securities lending, including those listed in Paragraph 13 of the Complaint, entered into a securities lending authorization agreement with SSBT, which

agreement sets the terms and conditions of SSBT's authorization to lend securities held by the trusts; that SSBT acts as lending agent for the Collective Trusts that engage in securities lending; that Collective Trusts that engaged in securities lending lent to borrowers securities held by the trusts, which loans were secured with collateral; and that the collateral was invested in cash collateral pools, which in turn invest in high quality instruments in order to generate income.

28.     Defendants deny the allegations contained in Paragraph 28, except admit that SSBT, through its division SSgA, manages cash collateral pools and charges fees in accordance with, among other documents, the relevant declarations of trust and fund declarations, and respectfully refers the Court to the declarations of trust and fund declarations for descriptions and amounts of the fees; that SSBT acts as lending agent for the Collective Trusts that engage in securities lending; and that no less than 50 percent of securities lending revenue, net of costs including the rebate, accrues to the Collective Trusts and their investors, with the remainder paid to SSBT in its capacity as lending agent as compensation for the securities lending services conducted on behalf of the trust.

29.     To the extent that the allegations contained in Paragraph 29 state a legal conclusion, no responsive pleading is required.  To the extent that a response is required, Defendants deny the allegations contained in Paragraph 29.

30.     Defendants deny the allegations contained in Paragraph 30, except admit that in accordance with, among other documents, the fund declarations for the Collective Trusts in which the Plan invested, no less than 50 percent of securities lending revenue, net of costs including the rebate, accrues to the Collective Trusts and their investors, with the remainder paid to SSBT in its capacity as lending agent as compensation for the securities lending services conducted on behalf of the trust; and that some clients have negotiated the receipt of a greater

8

percentage of the securities lending income, as part of their overall negotiation of a set of

services provided by Defendants.  Defendants aver that the negotiation of a securities lending

compensation structure is based upon various factors, including but not limited to the amount of

assets that a client has under management or administration.  Defendants further aver that the

securities lending compensation structure is reasonable, and, upon information and belief, that

50/50 is common within the industry.  Defendants further aver that the table in Exhibit 2 cited by

Plaintiff shows that the State of Florida had a securities lending agreement with Barclays Global

Investors (BGI) whereby BGI received 50 percent of securities lending revenue (*i.e.*, a "50/50"

split).  Defendants further aver, upon information and belief, that the securities lending

agreement between the State of Florida and BGI was negotiated at arm's length.  In addition,

Defendants aver that the table in Exhibit 2 cited by Plaintiff states that the State of Florida had

$154 million in lendable assets with SSgA – more than 95 times the amount of assets held in the

Plan.  Defendants aver that it is reasonable to vary investment fee structures based upon the

amount of lendable assets maintained by a particular client.

31.     Defendants deny the allegations contained in Paragraph 31, except respectfully

refer the Court to the news article referenced therein for the contents thereof.  Defendants aver

that the news article states that "[s]ome fund managers, acting as lending agent, keep 50 percent

or more of the income from securities lending," that there are funds where "100% of the

revenues go back to the adviser," and that "there is no legal limit" to the amount of the securities

lending income an advisor may take as compensation.

32.     Defendants deny knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations contained in Paragraph 32, except respectfully refer the Court to

the news article referenced therein for the contents thereof.  Defendants aver that the news article

9

states that "[a] decade ago, 50/50 splits were the norm," and notes that compensation splits more beneficial to the plan sponsor are received by clients with over $1 billion in assets.

33.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 33, except respectfully refer the Court to the news articles referenced therein for the contents thereof.  Defendants aver that the news article cited as Exhibit 5 states that "[t]he split typically depends on the securities lending revenue-generating potential of the portfolio," reflecting differing compensation structures for different clients.  Defendants further aver that the news article cited as Exhibit 4 states that 80/20 splits are received by "large pension funds."

34.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 34, except respectfully refer the Court to the documents referenced therein for the contents thereof.  Defendants aver that the table in Exhibit 2 cited by Plaintiff shows that the State of Florida had a securities lending agreement with Barclays Global Investors (BGI) whereby BGI received 50 percent of securities lending revenue (*i.e.*, a "50/50" split).  Defendants further aver, upon information and belief, that the securities lending agreement between the State of Florida and BGI was negotiated at arm's length.

35.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 35, except respectfully refer the Court to the news article referenced therein for the contents thereof.  Defendants aver that the Plan's account statements do not reflect assets exceeding approximately $1.525 million.

36.     Defendants deny the allegations contained in Paragraph 36, except refer to the Collective Trust Funds' audited financial statements for the contents thereof.  Defendants aver

that the default securities lending income split for participants in the Collective Trusts is 50/50, and that 50/50 is reasonable.  Defendants further aver, upon information and belief, that 50/50 is common within the industry.  Defendants further aver that the table in Exhibit 2 to the Complaint shows that the State of Florida had a securities lending agreement with Barclays Global Investors (BGI) whereby BGI received 50 percent of securities lending revenue (*i.e.*, a "50/50" split).  Defendants aver, upon information and belief, that the securities lending agreement between the State of Florida and BGI was negotiated at arm's length, and therefore the compensation structure at issue was not unreasonable or a "sweetheart" deal.

37.    To the extent that Paragraph 37 states a legal conclusion, no responsive pleading is required.  To the extent that a response is required, Defendants deny the allegations contained in Paragraph 37.

38.    To the extent that Paragraph 38 states a legal conclusion, no responsive pleading is required.  To the extent that a response is required, Defendants deny the allegations contained in Paragraph 38.

39.    To the extent that Paragraph 39 states a legal conclusion, no responsive pleading is required.  To the extent that a response is required, Defendants deny the allegations contained in Paragraph 39.

## VI.    CLASS ACTION ALLEGATIONS

40.    To the extent that the allegations contained in Paragraph 40 state a legal conclusion, no responsive pleading is required.  To the extent that a response is required, Defendants deny the allegations contained in Paragraph 40, except admit that Plaintiff purports to bring this action pursuant to Rule 23 of the Federal Rules of Civil Procedure.  Defendants aver that Plaintiff does not have statutory standing to sue on behalf of Collective Trusts or other plans

in which it has no interest at all.  Defendants further aver that Plaintiff cannot satisfy the

certification provisions of Rule 23 and is not an appropriate representative of the putative class.

41.     To the extent that the allegations contained in Paragraph 41 state a legal

conclusion, no responsive pleading is required.  To the extent that a response is required,

Defendants deny the allegations contained in Paragraph 41, except admit that Plaintiff purports

to bring this action pursuant to Rule 23 of the Federal Rules of Civil Procedure.  Defendants aver

that Plaintiff does not have statutory standing to sue on behalf of Collective Trusts or other plans

in which it has no interest at all.  Defendants further aver that Plaintiff cannot satisfy the

certification provisions of Rule 23; that the putative class is not a proper class; and that Plaintiff

is not a proper class representative.

42.     To the extent that Paragraph 42 states a legal conclusion, no responsive pleading

is required.  To the extent that a response is required, Defendants deny the allegations contained

in Paragraph 42, except respectfully refer the Court to the document cited therein for the contents

thereof.  Defendants aver that Plaintiff cannot satisfy the numerosity requirement of Rule 23.

Defendants further aver that the Plan did not invest in the S&P 500 Flagship Fund.

43.     To the extent that Paragraph 43 states a legal conclusion, no responsive pleading

is required.  To the extent that a response is required, Defendants deny the allegations contained

in Paragraph 43.  Defendants aver that Plaintiff cannot satisfy the commonality requirement of

Rule 23.  Defendants further aver that there is no commonality because, *inter alia*, (a) members

of the putative class negotiated individual securities lending fee split agreements, and

(b) members of the putative class had differing knowledge of the securities lending fee structure.

44.     To the extent that Paragraph 44 states a legal conclusion, no responsive pleading

is required.  To the extent that a response is required, Defendants deny the allegations contained

in Paragraph 44.  Defendants aver that Plaintiff cannot satisfy the typicality requirement of Rule

23.  Defendants further aver that there is no typicality because, *inter alia*, (a) members of the

putative class negotiated individual securities lending fee split agreements, and (b) members of

the putative class had differing knowledge of the securities lending fee structure.

45.     To the extent that Paragraph 45 states a legal conclusion, no responsive pleading

is required.  To the extent that a response is required, Defendants deny the allegations contained

in Paragraph 45.  Defendants aver that Plaintiff cannot fairly and adequately represent the

interests of the putative class.

46.     To the extent that Paragraph 46 states a legal conclusion, no responsive pleading

is required.  To the extent that a response is required, Defendants deny the allegations contained

in Paragraph 46.

47.     To the extent that Paragraph 47 states a legal conclusion, no responsive pleading

is required.  To the extent that a response is required, Defendants deny the allegations contained

in Paragraph 47.

48.     To the extent that Paragraph 48 states a legal conclusion, no responsive pleading

is required.  To the extent that a response is required, Defendants deny the allegations contained

in Paragraph 48.

## VII.   REMEDY FOR BREACHES OF FIDUCIARY DUTIES

49.     To the extent that the allegations contained in Paragraph 49 state a legal

conclusion, no responsive pleading is required.  To the extent that a response is required,

Defendants deny the allegations contained in Paragraph 49, except admit that Plaintiff purports

to bring this action pursuant to ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2) and respectfully refer

the Court to those statutes and ERISA § 409, 29 U.S.C. § 1109 for the contents thereof.

13

Defendants aver that ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2) does not authorize a plan participant to sue on behalf of other plans in which it was not a participant and has no interest at all.

50.     To the extent that the allegations contained in Paragraph 50 state a legal conclusion, no responsive pleading is required.  To the extent that a response is required, Defendants deny the allegations contained in Paragraph 50.

51.     To the extent that the allegations contained in Paragraph 51 state a legal conclusion, no responsive pleading is required.  To the extent that a response is required, Defendants deny the allegations contained in Paragraph 51.

52.     Because Paragraph 52 contains no factual allegations, no responsive pleading is required.  To the extent that a response is required, Defendants deny the allegations contained in Paragraph 52.

## VIII.   CLAIMS FOR RELIEF

## COUNT I

## FAILURE PRUDENTLY AND LOYALLY TO MANAGE PLAN ASSETS

53.     Defendants repeat and reallege each and every response set forth in the foregoing Paragraphs as if fully set forth herein.

54.     To the extent that the allegations contained in Paragraph 54 state a legal conclusion, no responsive pleading is required.  To the extent that a response is required, Defendants deny the allegations contained in Paragraph 54.

55.     To the extent that the allegations contained in Paragraph 55 state a legal conclusion, no responsive pleading is required.  To the extent that a response is required, Defendants deny the allegations contained in Paragraph 55.

56.     To the extent that the allegations contained in Paragraph 56 state a legal conclusion, no responsive pleading is required.  To the extent that a response is required, Defendants deny the allegations contained in Paragraph 56, except admit that SSBT served as trustee of the Plan from July 11, 1997 through the date of the filing of the Complaint.

57.     To the extent that the allegations contained in Paragraph 57 state a legal conclusion, no responsive pleading is required.  To the extent that a response is required, Defendants deny the allegations contained in Paragraph 57.

58.     To the extent that the allegations contained in Paragraph 58 state a legal conclusion, no responsive pleading is required.  To the extent that a response is required, Defendants deny the allegations contained in Paragraph 58.

59.     To the extent that the allegations contained in Paragraph 59 state a legal conclusion, no responsive pleading is required.  To the extent that a response is required, Defendants deny the allegations contained in Paragraph 59.

60.     To the extent that the allegations contained in Paragraph 60 state a legal conclusion, no responsive pleading is required.  To the extent that a response is required, Defendants deny the allegations contained in Paragraph 60.

**COUNT II**

**FOR PROHIBITED TRANSACTIONS INVOLVING PLAN ASSETS**

61.     Defendants repeat and reallege each and every response set forth in the foregoing Paragraphs as if fully set forth herein.

62.     To the extent that the allegations contained in Paragraph 62 state a legal conclusion, no responsive pleading is required.  To the extent that a response is required, Defendants deny the allegations contained in Paragraph 62.

63.     To the extent that the allegations contained in Paragraph 63 state a legal conclusion, no responsive pleading is required.  To the extent that a response is required, Defendants deny the allegations contained in Paragraph 63.

64.     To the extent that the allegations contained in Paragraph 64 state a legal conclusion, no responsive pleading is required.  To the extent that a response is required, Defendants deny the allegations contained in Paragraph 64, except admit that SSBT served as trustee of the Plan from July 11, 1997 through the date of the filing of the Complaint.

65.     To the extent that the allegations contained in Paragraph 65 state a legal conclusion, no responsive pleading is required.  To the extent that a response is required, Defendants deny the allegations contained in Paragraph 65.

66.     To the extent that the allegations contained in Paragraph 66 state a legal conclusion, no responsive pleading is required.  To the extent that a response is required, Defendants deny the allegations contained in Paragraph 66.

## IX.     PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to relief.

## X.     DEMAND FOR JURY TRIAL

Defendants deny that Plaintiff's claims are triable to a jury.

### FIRST AFFIRMATIVE DEFENSE

1.     The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

2.     Plaintiff has failed to plead its claims against Defendants with particularity.

### THIRD AFFIRMATIVE DEFENSE

3.     Defendants are not liable to Plaintiff because they did not breach any fiduciary

16

duties to the Plans or their participants, and loyally and prudently managed the assets of the Plans.

## FOURTH AFFIRMATIVE DEFENSE

4.      Defendants are not liable to Plaintiff because they discharged their duties solely in the interest of the Plan and its participants and beneficiaries, and with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims.

## FIFTH AFFIRMATIVE DEFENSE

5.      Defendants are not liable to Plaintiff because they did not award themselves unreasonable compensation.

## SIXTH AFFIRMATIVE DEFENSE

6.      Defendants are not liable to Plaintiff because the setting of the securities lending compensation structure was not a fiduciary act.

## SEVENTH AFFIRMATIVE DEFENSE

7.      Defendants are not liable to Plaintiff because they did not engage in self-dealing or prohibited transactions.

## EIGHTH AFFIRMATIVE DEFENSE

8.      Defendants are not liable to Plaintiff because Plaintiff has not suffered any losses and has sustained no damages.

## NINTH AFFIRMATIVE DEFENSE

9.      Plaintiff and others alleged to be members of the putative class lack standing to maintain some or all of their claims.

## TENTH AFFIRMATIVE DEFENSE

10.     Plaintiff's claims against Defendants are barred in whole or in part by its knowledge of the securities lending program and the associated compensation structure.

## ELEVENTH AFFIRMATIVE DEFENSE

11.     Plaintiff's claims against Defendants are barred in whole or in part by its own actions, omissions, and/or negligence.

## TWELFTH AFFIRMATIVE DEFENSE

12.     Claims brought by Plaintiff and others alleged to be members of the putative class against Defendants are barred in whole or in part by applicable statutes of limitation.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.     Defendants are not liable to Plaintiff because the transactions at issue in the Complaint are exempted by individual, class, or statutory exemptions.  The applicable exemptions include, but are not limited to:  (i) ERISA statutory exemptions pursuant to §§ 408(b)(2), 408(b)(6) and 408(b)(8), 29 U.S.C. §§ 1108(b)(2), (6) and (8); (ii) Department of Labor Prohibited Transaction Exemption (PTE) 2006-16 and its predecessors, PTE 81-6 and PTE 82-63; and (iii) all applicable individual State Street exemptions.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.     Plaintiff's claims against Defendants are barred in whole or in part because of a lack of causation.  Plaintiff has not suffered any injury or harm as a result of the actions or omissions of Defendants.

## FIFTEENTH AFFIRMATIVE DEFENSE

15.     Other parties not named in the Complaint may be indispensable parties to this action.

## SIXTEENTH AFFIRMATIVE DEFENSE

16.     Plaintiff's claims against Defendants are barred in whole or in part because of the contribution of or the comparative fault and contributory negligence of Plaintiff or other entities or persons.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17.     Plaintiff's damages, if any, are due to the negligence, or other acts or omissions, of persons or entities other than Defendants; however, in the event that a finding is made that negligence exists on the part of Defendants, which proximately contributed to Plaintiff's damages alleged in the Complaint, Defendants' liability, if any, should be reduced, at least, by an amount proportionate to the amount by which the comparative negligence, or other acts or omissions, of such other persons or entities contributed to the happening of the incident and alleged damages upon which Plaintiff seeks recovery.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18.      Plaintiff's claims against Defendants are barred in whole or in part by laches, equitable estoppel, waiver, or other related equitable doctrine.

## NINETEENTH AFFIRMATIVE DEFENSE

19.     Plaintiff's claims against Defendants are barred in whole or in part because of Plaintiff's inequitable conduct and unclean hands, as Plaintiff owes a fiduciary duty to the Plan.

## TWENTIETH AFFIRMATIVE DEFENSE

20.     Plaintiff is barred from obtaining any relief from Defendants on behalf of the Plan according to the doctrine of *in pari delicto.*

## TWENTY-FIRST AFFIRMATIVE DEFENSE

21.     Plaintiff ratified the allegedly improper or unlawful acts of Defendants alleged in the Complaint.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

22.     Plaintiff acquiesced in the allegedly improper or unlawful acts of Defendants alleged in the Complaint.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

23.     Plaintiff assumed the risk of the allegedly improper or unlawful acts of Defendants alleged in the Complaint.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

24.     Defendants reserve the right to assert such other additional defenses as may be appropriate at a later time.


Dated:   September 14, 2010
         New York, New York


                                        Respectfully submitted,


                                         _/s/ Lori A. Martin_____
                                        Lori A. Martin (*pro hac vice*)
                                        Dawn M. Wilson (*pro hac vice*)
                                        Brad E. Konstandt (*pro hac vice*)
                                        WILMER CUTLER PICKERING
                                          HALE AND DORR LLP
                                        399 Park Avenue
                                        New York, NY 10022
                                        Telephone: (212) 230-8800
                                        Facsimile: (212) 230-8888
                                        lori.martin@wilmerhale.com

                                        Jeffrey B. Rudman (BBO #433380)
                                        WILMER CUTLER PICKERING
                                          HALE AND DORR LLP

60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000
jeffrey.rudman@wilmerhale.com

*Counsel for Defendants State Street
Corporation and State Street Bank & Trust
Company (including its division State Street
Global Advisors)*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 14, 2010, I caused a copy of this Document to be served electronically, via the electronic filing system, on the registered participants as identified on the Notice of Electronic Filing (NEF) and by first-class mail on those indicated as non-registered participants.

/a/ Lori A. Martin_____
Lori A. Martin