UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Glass Dimensions, Inc. on behalf of the Glass Dimensions, Inc. Profit Sharing Plan and Trust, *and all others similarly situated*, | CIVIL ACTION NO. 1:10-cv-10588 (JLT) |
| Plaintiffs, | Hon. Joseph L. Tauro |
| v. | |
| State Street Corporation, State Street Bank & Trust Co., and State Street Global Advisors, | |
| Defendants. | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS'
PROPOSED SCHEDULING ORDER**

Defendants propose a scheduling order (Dkt. No. 27) that would effectively trifurcate discovery and delay the adjudication of this case, fails to acknowledge the substantial overlap between merits and class discovery and will lead to inevitable discovery disputes over whether discovery goes to the merits of this case or, instead, issues that relate exclusively to class certification. Plaintiff respectfully submits that the proper course here is for the Court to enter a simple schedule that does not arbitrarily compartmentalize discovery. For the reasons explained below, Plaintiff respectfully submits that the Court should reject Defendants' convoluted scheduling proposal and instead adopt the alternative schedule proposed by Defendants (which the parties discussed when they met and conferred about the schedule), with certain exceptions noted below.

First, Defendants with their proposed schedule inveigle the Court to adjudicate a "merits" issue – namely, whether the applicable statute of limitations bars the class members' claims against Defendants – against the members of the class incident to deciding whether a class

should be certified here. To wit, "Defendants maintain that ERISA Plans that invested in Collective Trusts managed by State Street Global Advisors had knowledge of the compensation paid to State Street for securities lending services more than three years prior to the initiation of this action." (Dkt. No. 27 at 2.) Defendants urge that a purported difference between Plaintiff's and class members' actual knowledge renders the named Plaintiff atypical and therefore an unsuitable class representative – but Defendants' real argument here is that the class itself has no claim because a limitations defense common to all members of the proposed class bars their claims. That argument fundamentally differs from the usual anti-class argument (which does not apply in this case) that the named plaintiff is subject to a unique liability defense and therefore atypical of the proposed class.

Second, much of the class discovery generally, and regarding "actual knowledge" specifically, in this matter will overlap with "merits" discovery. For example, relevant to both "class" and "merits" issues are all of the following: declarations of trust for the Lending Funds (that is, the collective trusts managed by State Street Global Advisors in which Plaintiff and class members invested), Securities Lending Authorization Agreements (agreements between the Lending Funds represented by State Street Global Advisors and State Street Bank & Trust Co. as Lending Agent), declarations of trust for the Collateral Pools (the collective funds that Defendants managed for the purpose of generating securities lending income), and documents pertaining to how Defendants allocated securities lending income. Specifically with regard to limitations defense, the content, timing, and delivery of Defendants' disclosures to Plaintiff and members of the class about their compensation and securities lending practices go both to what Plaintiff and the class knew and when they knew it for purposes of determining "actual knowledge" under ERISA's three-year limitations period on the merits as well as to whether the

pertinent disclosures were sufficiently uniform in content, timing, and delivery to create common issues of fact and law. Further, Defendants' disclosures also go to another affirmative defense, namely, whether the securities lending transactions are exempt from ERISA's prohibitions on plan transactions with related parties. *See* § 406, 29 U.S.C. § 1106 (prohibited transactions); 71 Fed. Reg. 63786 (Oct. 31 2006) (Prohibited Transaction Exemption 2006-16 for securities lending transactions) at 63797 (in the case of commingled investment funds, lending fiduciary must provide "reasonably available information" to fiduciaries for investing retirement plans).

Third, so-called bifurcation (or, as Defendants propose in this case, effective trifurcation) of discovery inevitably multiplies discovery disputes and unnecessarily embroils the Court in discovery motion practice.

Fourth, Defendants' proposed trifurcation will simply cause inefficient discovery, not less discovery. If Defendants' proposal is adopted, witnesses deposed for class certification likely will be deposed again for merits discovery, which is both a waste of the witnesses' and counsel's time and expenses. To the extent that a witness insists on a single deposition, Plaintiff will need merits discovery in advance to take the deposition of that witness. Further – and this is a critical point – it will be burdensome and likely impossible as a practical matter to divide class and merits discovery of electronic documents in a coherent and fair way. Even it were possible to separate class and merits discovery of electronic documents, it would be highly inefficient to do so and likely result in substantial additional discovery costs. A recent decision from the United States District Court for the District of Columbia highlights many of the inefficiencies associated with bifurcation of class and merits discovery discussed here. *See In re Rail Freight Fuel Surcharge Antitrust Litig.*, 248 F.R.D. 167 (D.D.C. 2009).

Fifth, defendants have of late widely urged courts to make preliminary determinations concerning "merits" issues when they are intertwined with "class certification" issues. But Plaintiff here cannot possibly address merits questions at the class certification stage without first getting the necessary discovery. Because it is impossible to predict the "merits" issues Defendants will raise in opposition to class certification, merits discovery cannot be limited in any practical way here *ex ante*.

Finally, Plaintiff will not be able to undertake a meaningful early assessment of the case as called for in this Court's local rules without merits discovery.

In sum, the Court should reject paragraphs 1-5 of Defendants' proposed order because the proposal will not advance the efficient adjudication of this dispute. Plaintiff, however, generally agrees with the alternative proposal set out in paragraph 6 of the proposed order, with two exceptions. First, regarding paragraph 6(e), Plaintiff proposes that expert reports be served simultaneously. Second, regarding paragraph 6(f), Plaintiff agrees that the last day for joining parties shall be January 13, 2012, but that other amendments to the pleadings should be governed by the standards set out in Fed. R. Civ. P. 15.

Dated: December 22, 2010    By:    /s/Gregory Y. Porter
                                   Gregory Y. Porter
                                   BAILEY & GLASSER LLP
                                   910 17th Street, NW
                                   Suite 800
                                   Washington, DC 20006
                                   Tel: (202) 463-2101
                                   Fax: (202) 463-2103

Todd S. Collins
Shanon J. Carson
Ellen T. Noteware
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Tel: (215) 875-3040
Fax:  (215) 875-4604

Matthew P. McCue
LAW OFFICE OF MATTHEW MCCUE
179 Union Ave.
Framingham, MA  01702
Tel:  (508) 620-1166
Fax:  (508) 820-3311

Brian A. Glasser
Michael L. Murphy
BAILEY & GLASSER LLP
209 Capitol Street
Charleston, WV 25301
Tel: (304) 345-6555
Fax:  (304) 342-1110

Todd M. Schneider
SCHNEIDER WALLACE COTTRELL
BRAYTON KONECKY LLP
180 Montgomery Street, Suite 2000
San Francisco, CA  94104
Tel:  (415) 421-7100
Fax:   (415) 421-7105

Garrett W. Wotkyns
SCHNEIDER WALLACE COTTRELL
BRAYTON KONECKY LLP
7702 E. Doubletree Ranch Road, Suite 300
Scottsdale, AZ 85258
Tel:  (480) 607-4368
Fax:   (480) 607-4366

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Glass Dimensions, Inc. on behalf of the Glass Dimensions, Inc. Profit Sharing Plan and Trust, *and all others similarly situated*, | CIVIL ACTION NO. 1:10-cv-10588 (JLT) |
| Plaintiffs, | Hon. Joseph L. Tauro |
| v. | |
| State Street Corporation, State Street Bank & Trust Co., and State Street Global Advisors, | |
| Defendants. | |

**CERTIFICATE OF SERVICE**

      I hereby certify that on December 22, 2010, I caused a copy of **"Plaintiff's Response to Defendants' Proposed Scheduling Order"** to be served electronically, via the electronic filing system, on the registered participants as identified on the Notice of Electronic Filing (NEF) as listed below:

      Lori A. Martin (*pro hac vice*)
      Dawn M. Wilson (*pro hac vice*)
      Brad E. Konstandt (*pro hac vice*)
      WILMER CUTLER PICKERING
      HALE AND DORR LLP
      399 Park Avenue
      New York, NY  10022
      Tel:  (212) 230-8800
      Fax:  (212) 230-8888
      lori.martin@wilmerhale.com
      dawn.wilson@wilmerhale.com
      brad.konstandt@wilmerhale.com

      Jeffrey B. Rudman
      WILMER CUTLER PICKERING
      HALE AND DORR LLP
      60 State Street
      Boston, MA  02109
      Tel:  (617) 526-6000
      Fax: (617) 526-5000
      jeffrey.rudman@wilmerhale.com

Matthew P. McCue
LAW OFFICE OF MATTHEW MCCUE
179 Union Ave.
Framingham, MA  01702
Tel:  (508) 620-1166
Fax: (508) 820-3311
mmccue@massattorneys.net

Todd M. Schneider
SCHNEIDER WALLACE COTTRELL
  BRAYTON KONECKY LLP
180 Montgomery Street, Suite 2000
San Francisco, CA  94104
Tel:  (415) 421-7100
Fax:   (415) 421-7105
tschneider@schneiderwallace.com

Todd S. Collins
Ellen T. Noteware
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Tel: (215) 875-3040
Fax:  (215) 875-4604
tcollins@bm.net
enoteware@bm.net

Garrett W. Wotkyns
SCHNEIDER WALLACE COTTRELL
  BRAYTON KONECKY LLP
7702 E. Doubletree Ranch Road, Suite 300
Scottsdale, AZ 85258
Tel:   (480) 607-4368
Fax:    (480) 607-4366
gwotkyns@schneiderwallace.com

    /s/Gregory Y. Porter
    Gregory Y. Porter