IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Glass Dimensions, Inc. on behalf of the Glass Dimensions, Inc. Profit Sharing Plan and Trust, *and all others similarly situated,*<br><br>Plaintiffs,<br><br>v.<br><br>State Street Corporation, State Street Bank & Trust Co., and State Street Global Advisors,<br><br>Defendants. | CIVIL ACTION NO: 1:10-CV-10588 (JLT)<br><br>ORAL ARGUMENT REQUESTED |

**PLAINTIFF'S MOTION FOR CLASS CERTICATION**

Plaintiff, Glass Dimensions, Inc., on behalf of the Glass Dimensions, Inc. Profit Sharing Plan and Trust (the "Glass Dimensions Plan" or "Plan") and all others similarly situated, sues under the Employee Retirement Income Security Act, 29 U.S.C. § 1001. *et seq.* ("ERISA") to recover millions of dollars in unreasonable securities lending fees charged by State Street Bank and Trust Company ("SSBT"), State Street Global Advisors ("SSgA") and State Street Corporation ("SSC") in violation of their fiduciary duties and prohibitions on self-dealing. The Plan and the members of the class all invested in collective investment trusts that loaned securities, the "Lending Funds."[1]

Plaintiff moves to have the following class certified under Rule 23 of the Federal Rules of Civil Procedure:

> ERISA plans that, during the period of April 9, 2004 to the present: (1) invested in a Collective Trust established by Defendants that loaned securities under a master Securities Lending Authorization Agreement, and (2) paid to Defendants fifty

---

[1] The "Lending Funds" are those collective investment funds managed by SSgA that lend securities under Defendants' securities lending program.

    percent (50%) of the net securities lending income that the Collective Trust earned
    from a Lending Fund.[2]

The supporting memorandum of law, declarations, and exhibits, show that each requirement of Fed. R. Civ. P. 23(a) is satisfied, the class can be maintained under Fed. R. Civ. P. 23(b)(3), and proposed class counsel should be appointed to represent the class pursuant Fed. R. Civ. P. 23(g).

   ***Numerosity.*** During the Class Period, April 9, 2004 to the present, Defendants maintained at least 260 Lending Funds. Hundreds of ERISA plans invested in these 260 Lending Funds and paid Defendants 50% of the securities lending income they earned.

   ***Commonality.*** Common fact and legal issues abound: Defendants' fiduciary status; common documents, including a Master Trust and Lending Agreement, governing all Lending Funds; the reasonableness of SSBT's securities lending income; Defendants' treatment of the Lending Funds as a single client; SSgA's due diligence in selecting SSBT as Lending Agent; Defendants' institutional conflicts; and a regulatory safe-harbor with uniform requirements for securities lending by collective investment trusts like the Lending Funds.

   ***Typicality.*** The claims asserted by the Glass Dimensions Plan are typical of the claims of all of the plans in the proposed class and are based upon the same legal and remedial theories.. Like all of the other plans, the Glass Dimensions Plan paid 50% of securities lending income and participated in SSBT's securities lending program pursuant to the Lending Agreement. The Plan has no conflicts with other potential class members because it has the same interest in proving that SSBT's compensation was unreasonable. Indeed, all proposed class members share a common interest in proving the lowest possible amount of reasonable compensation because the lower the bar, the larger the recovery for each potential class member.

---

[2] Plaintiff proposes a slightly different class definition here than the one proposed in the First Amended Complaint ("Complaint" or "FAC") based on discovery. Dkt. No. 14, ¶ 41.

***Adequacy.*** Plaintiff, an entity, has demonstrated (via the testimony of its officers) that it understands the issues in the case, has taken an active role in the case, has no conflicts with other members of the proposed class, and has chosen and retained experienced class counsel.

***Predominance and Superiority.*** The many and significant common legal and fact issues described above predominate over any potential and remote individual issues. Even Defendants' primary affirmative defense, a regulatory exemption, depends on common proof. To be sure, damages may vary, but Defendants' have all the electronic data to compute damages when the bar for unreasonable compensation is set. A class action is a superior mechanism for adjudicating the claims of hundreds of class members, because they all challenge the same conduct under the same documents under the same federal law, and the individual economic injuries of many class members, like the Glass Dimensions Plan here, are too small to vindicate in separate lawsuits.

***Class Counsel.*** Class counsel have the experience and resources to vigorously represent the class and has diligently investigated and prosecuted this action.

In sum, the proposed class satisfies Rule 23(a), 23(b)(3), and 23(g). It consists of hundreds of ERISA plans who were charged the same fee pursuant to the same controlling documents. There are no potential conflicts between Plaintiff and the class or among members of the proposed class as they share the same interest in proving that 50% of securities lending income is an unreasonable fee. They sue under a uniform federal law and individual issues are not present. Class counsel is skilled, diligent, and has the resources to try this case to the end.  Accordingly, the proposed class should be certified.

Dated: January 27, 2012                                                Respectfully submitted,

| | |
|---|---|
| |   /S/ Gregory Y. Porter |
| Todd M. Schneider | Gregory Y. Porter |
| Mark T. Johnson | BAILEY & GLASSER LLP |
| SCHNEIDER WALLACE COTTRELL | 910 17th Street, NW |
| BRAYTON KONECKY LLP | Suite 800 |
| 180 Montgomery Street, Suite 2000 | Washington, DC 20006 |
| San Francisco, CA 94104 | Tel: (202) 463-2101 |
| Tel: (415) 421-7100 | Fax: (202) 463-2103 |
| Fax: (415) 421-7105 | |
| | John Roddy (BBO # 424240) |
| Garrett W. Wotkyns | Elizabeth Ryan (BBO # 549632) |
| SCHNEIDER WALLACE COTTRELL | BAILEY & GLASSER LLP |
| BRAYTON KONECKY LLP | 125 Summer Street, Suite 1030 |
| 7702 E. Doubletree Ranch Road, Suite 300 | Boston, MA  02110 |
| Scottsdale, Arizona 85258 | Telephone: (617) 439-6730 |
| | Fax: (617) 951-3954 |
| Todd S. Collins | |
| Shanon J. Carson | Brian A. Glasser |
| Ellen T. Noteware | Michael L. Murphy |
| BERGER & MONTAGUE, P.C. | BAILEY & GLASSER LLP |
| 1622 Locust Street | 209 Capitol Street |
| Philadelphia, PA 19103 | Charleston, WV 25301 |
| Tel: (215) 875-3040 | Tel: (304) 345-6555 |
| Fax: (215) 875-4604 | Fax: (304) 342-1110 |
| | |
| Matthew P. McCue | *Attorneys for Plaintiffs* |
| Law Office of Matthew McCue | |
| 179 Union Ave. | |
| Framingham, MA 01702 | |
| Tel: (508) 620-1166 | |
| Fax: (508) 820-3311 | |

4

# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **Glass Dimensions, Inc. on behalf of the Glass Dimensions, Inc. Profit Sharing Plan and Trust**, *and all others similarly situated,*<br><br>   Plaintiffs,<br><br>     v.<br><br>**State Street Corporation, State Street Bank & Trust Co., and State Street Global Advisors,**<br><br>   Defendants. | **CIVIL ACTION NO: 1:10-CV-10588 (JLT)** |

## CERTIFICATE OF SERVICE

I hereby certify that on January 27, 2012, I caused a copy of **"Plaintiff's Motion for Class Certification"** to be served via e-mail on counsel as listed below:

> Lori A. Martin (*pro hac vice*)
> Dawn M. Wilson (*pro hac vice*)
> Brad E. Konstandt (*pro hac vice*)
> WILMER CUTLER PICKERING HALE AND DORR LLP
> 399 Park Avenue
> New York, NY 10022
> Tel: (212) 230-8800
> Fax: (212) 230-8888
> lori.martin@wilmerhale.com
> dawn.wilson@wilmerhale.com
> brad.konstandt@wilmerhale.com
>
> Jeffrey B. Rudman
> WILMER CUTLER PICKERING HALE AND DORR LLP
> 60 State Street
> Boston, MA 02109
> Tel: (617) 526-6000
> Fax: (617) 526-5000
> jeffrey.rudman@wilmerhale.com

Matthew P. McCue
LAW OFFICE OF MATTHEW MCCUE
179 Union Ave.
Framingham, MA 01702
Tel: (508) 620-1166
Fax: (508) 820-3311
mmccue@massattorneys.net

Todd M. Schneider
SCHNEIDER WALLACE COTTRELL
BRAYTON KONECKY LLP
180 Montgomery Street, Suite 2000
San Francisco, CA 94104
Tel: (415) 421-7100
Fax: (415) 421-7105
tschneider@schneiderwallace.com

Todd S. Collins
Ellen T. Noteware
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Tel: (215) 875-3040
Fax: (215) 875-4604
tcollins@bm.net
enoteware@bm.net

Garrett W. Wotkyns
SCHNEIDER WALLACE COTTRELL
BRAYTON KONECKY LLP
7702 E. Doubletree Ranch Road, Suite 300
Scottsdale, AZ 85258
Tel: (480) 607-4368
Fax: (480) 607-4366
gwotkyns@schneiderwallace.com

/s/Gregory Y. Porter
Gregory Y. Porter