IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **Glass Dimensions, Inc. on behalf of the Glass Dimensions, Inc. Profit Sharing Plan and Trust,** *and all others similarly situated,*<br><br>Plaintiffs,<br>v.<br><br>**State Street Corporation, State Street Bank & Trust Co., and State Street Global Advisors,**<br><br>Defendants. | **CIVIL ACTION NO: 1:10-CV-10588 (JLT)** |

## STATUS REPORT

The parties respectfully submit this Status Report in advance of the April 12, 2012 hearing.

A.      Motions

    1.      Parties' Joint Motion With Respect to Scheduling

On January 5, 2012, the parties submitted a Stipulation and [Proposed] Order With Respect to Scheduling. Dkt. No. 62. On February 23, 2012, the parties submitted a Joint Motion With Respect to Scheduling, stating, among other things, that "fact discovery is not yet complete … despite the parties' cooperation and diligent efforts." Dkt. No. 70. The motion is *sub judice*, and it is Plaintiff's position that the motion should be entered. It is Defendants' position that the motion should be denied because they acted in conformity with the Court's January 10, 2011 Order and no further discovery is required (excluding certain depositions referenced herein).

    2.    Defendants' Motion for Summary Judgment With Respect to Collective Trust Funds Plaintiff Did Not Purchase

On June 17, 2011, Defendants filed a Motion for Summary Judgment With Respect to Collective Trust Funds Plaintiff Did Not Purchase. Dkt. Nos. 36-40. Plaintiff filed its opposition papers on October 6, 2011. Dkt. No. 44 (memorandum and 56.1 Counterstatement of Facts filed under seal). Defendants filed their reply papers on November 7, 2011. Dkt. Nos. 54-57 (memorandum and Supplemental Rule 56.1 Statement filed under seal). Defendants' motion is *sub judice*.

    3.    Plaintiff's Motion for Class Certification

In accordance with the Court's January 10, 2011 Order, Dkt No. 31, Plaintiff filed its motion for class certification on January 27, 2012, and Defendants filed their opposition papers on March 19, 2012. Plaintiff's class certification reply brief is due April 19, 2012.

If the Court enters the parties' proposed order with respect to scheduling, Plaintiff would file a reply on July 23. It is Defendants' position that the schedule for class certification briefing should not be adjusted, and the motion should be joined on April 19, 2012.

B.    Discovery

    1.    Documents

Document discovery is largely complete. The parties are working to resolve any disagreements regarding the production of documents. Plaintiff notes that the outstanding discovery documents would be used by its experts in rebuttal of Defendants' experts, but it is not clear whether Defendants will produce those documents before Plaintiff's rebuttal reports are due. It is Defendants' position that the documents Plaintiff seeks do not relate to the subject matter of the reports prepared by Defendants' experts.

2. Depositions

Plaintiff has scheduled two non-party depositions, for April 24 and April 25. Plaintiff has been working with non-party's counsel since December to schedule the depositions.

Plaintiff seeks to depose two witnesses, James H. Kase and Katie M. Firth, who submitted declarations in support of Defendants' opposition to class certification. Defendants have agreed to make these witnesses available for depositions regarding the subject matter of their respective declarations prior to the time Plaintiff's class certification reply is due on April 19, 2012.

As the parties noted in their joint motion, they have cooperated and worked diligently to complete discovery. Plaintiff seeks to take five or six depositions (in addition to the non-party, Kase and Firth depositions described above) to complete that discovery. It is Defendants' position that no further discovery should be permitted (except for the Kase, Firth, and non-party depositions described above). Defendants have acted in conformity with the Court's scheduling order of January 10, 2011, have made available all witnesses for deposition requested by Plaintiff, and complied with the dates in the scheduling order for the filing of their expert reports and their opposition to class certification.

3. Experts

The Court's January 10, 2011 Order provides that Plaintiff shall serve its expert reports on or before February 24, 2012; Defendants shall serve their expert reports on or before March 23, 2012; and Plaintiff shall serve any reply reports on or before April 13, 2012.

Plaintiff did not submit an expert report on February 24, 2012, believing that the deadlines would be reset in light of the parties' stipulated and proposed scheduling order.

Defendants submitted two expert reports on March 23, 2012. The reports addressed the reasonableness of the fees charged by State Street for the provision of securities lending services to collective trust funds that Plaintiff purchased.

Under the current scheduling order, Plaintiff shall serve any reply reports on or before April 13, 2012. It is Plaintiff's position that its rebuttal reports may address any topic on which Defendants bear the burden of proof. It is Defendants' position that rebuttal reports should be limited to the subject matter of the reports prepared by Defendants' experts and that Plaintiff has waived its opportunity to submit affirmative reports on all other issues.

In the event that the Court amends the dates for expert discovery, Plaintiff will serve initial expert reports on those matters on which it bears the burden of proof. It is Defendants' position that they should be permitted to submit additional reports and they should not be disadvantaged by Plaintiff's failure to comply with the existing scheduling order.

*  *  *

Plaintiff respectfully requests that the Court enter the proposed order with respect to scheduling. Entering the proposed order will result only in a few additional depositions and a short postponement of expert discovery. Defendants respectfully request that the Court decline to enter the proposed order with respect to scheduling. Defendants acted in conformity with the January 10, 2011 Order and no further discovery is required with respect to the Motion for Summary Judgment, Motion for Class Certification, or expert submissions.

Dated: April 6, 2012               Respectfully submitted,

By: /s/Lori A. Martin                By: /s/Gregory Y. Porter
Lori A. Martin (*pro hac vice*)       Gregory Y. Porter
Brad E. Konstandt (*pro hac vice*)    BAILEY & GLASSER LLP
WILMER CUTLER PICKERING              910 17th Street, NW
HALE AND DORR LLP                    Suite 800
399 Park Avenue                      Washington, DC 20006
New York, NY 10022                   Tel: (202) 463-2101
Tel: (212) 230-8800                  Fax: (202) 463-2103

Fax: (212) 230-8888  
Jeffrey B. Rudman  
WILMER CUTLER PICKERING  
HALE AND DORR LLP  
60 State Street  
Boston, MA 02109  
Tel: (617) 526-6000  
Fax: (617) 526-5000  

*Attorneys for Defendants*

Todd M. Schneider  
Mark T. Johnson  
SCHNEIDER WALLACE COTTRELL  
BRAYTON KONECKY LLP  
180 Montgomery Street, Suite 2000  
San Francisco, CA 94104  
Tel: (415) 421-7100  
Fax:  (415) 421-7105  

Garrett W. Wotkyns  
SCHNEIDER WALLACE COTTRELL  
BRAYTON KONECKY LLP  
7702 E. Doubletree Ranch Road, Suite 300  
Scottsdale, AZ 85258  

Todd S. Collins  
Shanon J. Carson  
Ellen T. Noteware  
BERGER & MONTAGUE, P.C.  
1622 Locust Street  
Philadelphia, PA 19103  
Tel: (215) 875-3040  
Fax: (215) 875-4604  

Matthew P. McCue  
LAW OFFICE OF MATTHEW MCCUE  
179 Union Ave.  
Framingham, MA 01702  
Tel: (508) 620-1166  
Fax: (508) 820-3311  

Brian A. Glasser  
BAILEY & GLASSER LLP  
209 Capitol Street  
Charleston, WV 25301  
Tel: (304) 345-6555  
Fax: (304) 342-1110  

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **Glass Dimensions, Inc. on behalf of the Glass Dimensions, Inc. Profit Sharing Plan and Trust**, *and all others similarly situated,*<br><br>            Plaintiffs,<br><br>                        v.<br><br>**State Street Corporation, State Street Bank & Trust Co., and State Street Global Advisors,**<br><br>            Defendants. | **CIVIL ACTION NO: 1:10-CV-10588 (JLT)** |

## CERTIFICATE OF SERVICE

I hereby certify that on April 6, 2012, I caused a copy of **"Status Report"** to be served via e-mail on counsel as listed below:

>Lori A. Martin (*pro hac vice*)
>Dawn M. Wilson (*pro hac vice*)
>Brad E. Konstandt (*pro hac vice*)
>WILMER CUTLER PICKERING HALE AND DORR LLP
>399 Park Avenue
>New York, NY 10022
>Tel: (212) 230-8800
>Fax: (212) 230-8888
>lori.martin@wilmerhale.com
>dawn.wilson@wilmerhale.com
>brad.konstandt@wilmerhale.com
>
>Jeffrey B. Rudman
>WILMER CUTLER PICKERING HALE AND DORR LLP
>60 State Street
>Boston, MA 02109
>Tel: (617) 526-6000
>Fax: (617) 526-5000
>jeffrey.rudman@wilmerhale.com

Matthew P. McCue
LAW OFFICE OF MATTHEW MCCUE
179 Union Ave.
Framingham, MA 01702
Tel: (508) 620-1166
Fax: (508) 820-3311
mmccue@massattorneys.net

Todd M. Schneider
SCHNEIDER WALLACE COTTRELL
BRAYTON KONECKY LLP
180 Montgomery Street, Suite 2000
San Francisco, CA 94104
Tel: (415) 421-7100
Fax: (415) 421-7105
tschneider@schneiderwallace.com

Todd S. Collins
Ellen T. Noteware
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Tel: (215) 875-3040
Fax: (215) 875-4604
tcollins@bm.net
enoteware@bm.net

Garrett W. Wotkyns
SCHNEIDER WALLACE COTTRELL
BRAYTON KONECKY LLP
7702 E. Doubletree Ranch Road, Suite 300
Scottsdale, AZ 85258
Tel: (480) 607-4368
Fax: (480) 607-4366
gwotkyns@schneiderwallace.com

/s/Gregory Y. Porter
Gregory Y. Porter