IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Glass Dimensions, Inc. on behalf of the Glass Dimensions, Inc. Profit Sharing Plan and Trust, *and all others similarly situated*,<br><br>Plaintiffs,<br>v.<br><br>State Street Corporation, State Street Bank & Trust Co., and State Street Global Advisors,<br><br>Defendants. | CIVIL ACTION NO: 1:10-CV-10588 (JLT) |

**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S LETTERS OF MAY 31, 2012 REGARDING GOODYEAR VEBA AND SUPPLEMENTAL AUTHORITY**

Plaintiff Glass Dimensions, Inc. ("Glass Dimensions") respectfully wishes to inform the Court that, in light of defendants' refusal to stipulate to the intervention of a prospective new plaintiff, the Trustees of the Retirees of the Goodyear Tire and Rubber Company Health Care Trust ("Goodyear VEBA"), Goodyear VEBA has instructed counsel to prepare appropriate papers in support of a motion to intervene as an additional plaintiff.

Goodyear VEBA will reserve for its motion papers most of the arguments in favor of intervention. However, at this stage it must be noted that the Goodyear VEBA and other investors in what defendants refer to as "common trust funds" share critical facts and circumstances with other members of the purported Class of investors in defendants' "collective trust funds". These include the following:

- Goodyear VEBA, Glass Dimensions, and all members of the purported Class are ERISA plans;
- With respect to all, defendants charged a 50% securities lending fee;
- With respect to all, the 50% securities lending fee was non-negotiable;
- With respect to all, the 50% securities lending fee was set by agreement – one could not call it "negotiation" -- between one of defendants' entities and another of defendants' entities;
- With regard to all, defendants served as both fund manager and lending agent;
- With respect to all, defendants violated their duties of loyalty and engaged in prohibited transactions for which no exemption applied.

Goodyear VEBA disagrees with defendants' assertion that Goodyear VEBA lacks standing to pursue this litigation or that Goodyear VEBA is not a member of the Class proposed in plaintiff's motion for class certification. Defendants point out that the proposed Class definition refers to "a Collective Trust" and that, according to defendants, Goodyear VEBA invested in "common trust funds", not "collective trust funds". Defendants' Response at 2-3. However, as the motion to intervene will discuss, the terms "collective trust fund" and "common trust fund", along with similar terms, are used interchangeably in the ERISA statute.[1] . Indeed, the regulatory exemption at the heart of this lawsuit, PTE 2006-16, refers broadly to Commingled Investment Funds, which it defines to include a bank "common or collective trust fund." PTE 2006-16(IV)(f), 71 F.R. 63786-01. Accordingly, the existing Class definition, as set

---

[1] *See* 29 U.S.C. 1108(b)(8) (statutory prohibited transaction exemption for plan investments in "common or collective trust fund" maintained by a bank that is a party in interest); 29 CFR § 2510.3-101(h) (iii) (plan assets include undivided interest in each of the underlying assets of an entity which is a "common or collective trust fund of a bank"); 29 CFR § 2550.404c-1(e)(ii) (a look-through investment vehicle means a bank "common or collective trust fund").

forth in plaintiff's pending motion for class certification, encompasses Goodyear VEBA, and Goodyear VEBA enjoys standing.

The motion to intervene will address, among other factors, the timeliness of Goodyear VEBA's actions in seeking to intervene at this stage of the litigation and how intervention might impact ongoing proceedings. Goodyear VEBA believes that intervention would advance the interests of judicial economy. In the event that intervention in not permitted, it is Goodyear VEBA's intention to file a new, related class action, alleging a Class that, in an abundance of caution, would explicitly encompass ERISA plan investors in defendants' securities lending funds -- including, specifically, what defendants refer to as the "common trust funds" as well as what defendants refer to as the "collective trusts".

## CONCLUSION

Prospective intervening plaintiff, Goodyear VEBA, is presently preparing its intervention motion and supporting papers. In light of this, plaintiff Glass Dimensions respectfully requests that the Court refrain from ruling on the outstanding motions for class certification and partial summary judgment until such time as the Court has had the opportunity to review the intervention motion papers. Of course, counsel for plaintiff Glass Dimensions and prospective intervenor Goodyear VEBA would be pleased to provide such additional materials, or to appear before the Court for a conference, as the Court may direct.

Dated: June 15, 2012                                    Respectfully submitted,

                                                        ____/tsc/_____

Todd M. Schneider
Mark T. Johnson
SCHNEIDER WALLACE COTTRELL
BRAYTON KONECKY LLP
180 Montgomery Street, Suite 2000
San Francisco, CA 94104
Tel: (415) 421-7100
Fax: (415) 421-7105

Garrett W. Wotkyns
SCHNEIDER WALLACE COTTRELL
BRAYTON KONECKY LLP
7702 E. Doubletree Ranch Road, Suite 300
Scottsdale, Arizona 85258

Gregory Y. Porter
BAILEY & GLASSER LLP
910 17th Street, NW
Suite 800
Washington, DC 20006
Tel: (202) 463-2101
Fax: (202) 463-2103

Matthew P. McCue
Law Office of Matthew McCue
179 Union Ave.
Framingham, MA 01702
Tel: (508) 620-1166
Fax: (508) 820-3311

Todd S. Collins
Shanon J. Carson
Ellen T. Noteware
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Tel: (215) 875-3040
Fax: (215) 875-4604

Brian A. Glasser
Michael L. Murphy
BAILEY & GLASSER LLP
209 Capitol Street
Charleston, WV 25301
Tel: (304) 345-6555
Fax: (304) 342-1110

*Attorneys for Plaintiff and prospective Intervener the Trustees of the Retirees of the Goodyear Tire and Rubber Company Health Care Trust*

kal2914736_920_1.docx