**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **Glass Dimensions, Inc. on behalf of the** ) <br> **Glass Dimensions, Inc. Profit Sharing** ) <br> **Plan and Trust,** *and all others* ) <br> *similarly situated,* ) <br> ) <br> ) <br> Plaintiffs, ) <br> v. ) <br> ) <br> **State Street Corporation, State Street** ) <br> **Bank & Trust Co.,** ) <br> **and State Street Global Advisors,** ) <br> ) <br> Defendants. ) | **CIVIL ACTION NO: 1:10-CV-10588 (JLT)** <br><br> **ORAL ARGUMENT REQUESTED** |

**PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' PROHIBITED
TRANSACTION EXEMPTION 2006-16 DEFENSE AND/OR PRECLUDE
DEFENDANTS FROM OFFERING EVIDENCE OF RELATED REBATES**

Pursuant to Federal Rule of Civil Procedures 37, Local Rules 7.1 and 37.1, Plaintiff Glass Dimensions respectfully moves this Court to Strike Defendants' Prohibited Transaction Exemption 2006-16 ("Exemption") Defense and/or Preclude Defendants from Offering Evidence of Related Rebates.

As set forth more fully in the accompanying Memorandum of Law, which is incorporated herein, Defendants refused to provide Plaintiff with evidence about Defendants' affirmative Exemption defense in violation of their obligations to do so and despite their agreement to do so in their response to Plaintiffs' discovery requests.  In particular, Plaintiff sought evidence on the loan-rebates paid or received by the Glass Dimensions, Inc. Plan and members of the proposed Class in connection with securities lending transactions, a key element of Defendants' Exemption defense.  Defendants' ultimately provided only a smattering of such data on June 15,

2012 – just two weeks before the deadline for filing summary judgment papers. This was after the deadline for discovery had passed and long after Plaintiff's expert reports were due. Despite their refusal to produce data on rebates – data that Defendants had in their possession and was plainly accessible – Defendants subsequently submitted a small sampling of the data with the Declaration of Nicholas Bonn In Support of Defendants' Motion for Summary Judgment to prove that Defendants complied with the Exemption defense. The most appropriate remedy for such discovery shenanigans is to strike the defense and preclude the evidence.

WHERETHEFORE, for the reasons set forth more fully in Plaintiff's Memorandum of Law, Plaintiff respectfully requests that the Court:

1. Issue an order striking Defendants' Prohibited Transaction Exemption 2006-16 defense;

2. Issue an order precluding Defendants from offering evidence on loan rebates.

Dated: July 13, 2012                                        Respectfully submitted,

|  |  |
|---|---|
|  | /s/Gregory Y. Porter |
| Todd M. Schneider | Gregory Y. Porter |
| Mark T. Johnson | BAILEY & GLASSER LLP |
| SCHNEIDER WALLACE COTTRELL | 910 17th Street, NW |
| BRAYTON KONECKY LLP | Suite 800 |
| 180 Montgomery Street, Suite 2000 | Washington, DC 20006 |
| San Francisco, CA 94104 | Tel: (202) 463-2101 |
| Tel: (415) 421-7100 | Fax: (202) 463-2103 |
| Fax: (415) 421-7105 |  |
|  | Brian A. Glasser |
| Garrett W. Wotkyns | Michael L. Murphy |
| SCHNEIDER WALLACE COTTRELL | BAILEY & GLASSER LLP |
| BRAYTON KONECKY LLP | 209 Capitol Street |
| 7702 E. Doubletree Ranch Road, Suite 300 | Charleston, WV 25301 |
| Scottsdale, Arizona 85258 | Tel: (304) 345-6555 |
|  | Fax: (304) 342-1110 |

Todd S. Collins
Shanon J. Carson                                    *Attorneys for Plaintiffs*
Ellen T. Noteware
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Tel: (215) 875-3040
Fax: (215) 875-4604

Matthew P. McCue
Law Office of Matthew McCue
179 Union Ave.
Framingham, MA 01702
Tel: (508) 620-1166
Fax: (508) 820-3311

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULES 7.1 AND 37.1

      I, Gregory Porter, hereby certify that I conferred with Lori A. Martin, Jeffrey Rudman, and Brad Konstandt, counsel for the Defendants, on two or more occasions regarding the instant motion.  I also corresponded with Defendants counsel on several occasions reminding them of their discovery obligations and their failure to produce the requested data addressed in the instant motion, as detailed in the accompanying memorandum of law.  Counsel were unable to resolve or narrow the issues.

      /s/ Gregory Y. Porter
      Gregory Y. Porter

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 13, 2012, I caused a copy of the **"Plaintiff's Motion to Strike Defendants' Prohibited Transaction Exemption 2006-16 Defense and/or Preclude Defendants from Offering Evidence of Related Rebates"** to Be Served Electronically, Via The Electronic Filing System, On The Registered Participants As Identified on the Notice of Electronic Filing (NEF) and by first-class mail on those indicated as non-registered participants.

                                                    /s/Gregory Y. Porter