**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **Glass Dimensions, Inc. on behalf of the Glass Dimensions, Inc. Profit Sharing Plan and Trust,** *and all others similarly situated,*       Plaintiffs,<br><br>v.<br><br>**State Street Corporation, State Street Bank & Trust Co., and State Street Global Advisors,**<br>      Defendants. | ) ) ) ) ) **CIVIL ACTION NO: 1:10-CV-10588 (JLT)** ) ) ) ) ) ) ) ) ) |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION
TO STRIKE DEFENDANTS' PROHIBITED TRANSACTION EXEMPTION
2006-16 DEFENSE AND/OR PRECLUDE DEFENDANTS FROM
OFFERING EVIDENCE OF RELATED REBATES**

## **TABLE OF CONTENTS**

**Background** ............................................................................................................................... 2
**Argument** .................................................................................................................................. 7
**Conclusion** .............................................................................................................................. 12

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Berryman-Dages v. City of Gainesville Fla.*,
   2012 U.S. Dist. LEXIS 47596 (N.D. Fla. Apr. 4, 2012) .............................................................9

*Capital Promotions, L.L.C. v. Don King Prods.*,
   2012 U.S. Dist. LEXIS 46980 (E.D. Mo. Mar. 31, 2012) ..........................................................8

*CQ Int'l Co. v. Rochem Int'l, Inc. USA*,
   2010 U.S. Dist. LEXIS 55372 (D. Mass. June 7, 2010) ............................................................11

*Ferrara v. Balistreri & DiMaio, Inc.*,
   105 F.R.D. 147 (D. Mass. 1985) ................................................................................................10

*Hipsaver Co. v. J.T. Posey Co.*,
   497 F. Supp. 2d 96 (D. Mass. 2007) ..........................................................................................11

*Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo y Benefiencia de P.R.*,
   248 F.3d 29 (1st Cir. 2001) ........................................................................................................10

*Ortiz-Rivera v. Mun. Gov't of Toa Alta*,
   214 F.R.D. 51 (D.P.R. 2003) .....................................................................................................11

*Payne v. Exxon Corp., Inc.*,
   121 F.3d 503, 508 (9th Cir. 1997) .............................................................................................10

*Sinco, Inc. v. Metro-North Commuter R.R.*,
   133 F. Supp. 2d 308 (S.D.N.Y. 2001) .........................................................................................8

*Tobias v. Davidson Plywood,*
   241 F.R.D. 590 (E.D. Tex. 2007) ..............................................................................................10

*Wilson v. Bradlees of New Eng., Inc.*,
   250 F.3d 10 (1st Cir. 2001) ........................................................................................................11

*Zenith Elecs. Corp. v. WH-TV Broad. Corp.*,
   395 F.3d 416 (7th Cir. 2005) .....................................................................................................10

**OTHER AUTHORITIES**

Fed. R. Civ. P. 26 ................................................................................................................ *passim*

Fed. R. Civ. P. Rule 37 ....................................................................................................... *passim*

Pursuant to Federal Rule of Civil Procedure 37(c), Plaintiff Glass Dimensions, Inc. ("Glass Dimensions" or "Plaintiff") respectfully submits this motion: (a) to strike State Street Corporation, State Street Bank & Trust Co., and State Street Global Advisors' (collectively "Defendants") affirmative defense that Prohibited Transaction Exemption 2006-16, *Class Exemption to Permit Certain Loans of Securities by Employee Benefit Plans* ("PTE 2006-16" or the "Exemption") applies; and/or (b) to preclude Defendants from offering any evidence of any rebates paid or received by their Lending Fund clients in connection with securities loans[1] in support of their defense based on the Exemption. Defendants refused to provide requested PTE 2006-16 and rebate data as required by Rule 26 of the Federal Rules of Civil Procedure. Accordingly, that information -- which Defendants proffered to the Court after disclosing select bits of it to Plaintiff at the 11th hour as summary judgment motions came due -- should be excluded from this Court's consideration and the defense based upon the undisclosed information should be stricken.

As shown below, Defendants refused to provide timely and complete information concerning the rebates their Lending Fund clients paid or received. Defendants did not identify these categories of documents in their Initial Disclosures required by Rule 26(a). Defendants did not provide critical documents concerning their compliance with PTE 2006-16, namely rebate data, despite Plaintiff's repeated requests, until approximately three weeks ago, after the close of expert discovery and days before Defendants filed a motion for summary judgment expressly relying on the rebate data. Even then, the data Defendants provided was a selected sample -- a mere fraction of what Plaintiff had requested -- that was skewed to support Defendants' position. *See generally* Defendants' Memorandum of Law in Support of Defendants' Motion for Summary

---

[1] The "Lending Funds" are Defendants' commingled investment trusts that loaned securities under Defendants securities lending program.

Judgment at 28-32.  Defendants' selective, late production, in violation of the Federal Rules should not be permitted.  The late, incomplete production has harmed Plaintiff, whose challenge to Defendants' contention that they complied with PTE 2006-16 is hampered without a full set of the requested information, which was never provided.  Defendants' affirmative defense based on PTE 2006-16 and select, improperly withheld rebate data should be stricken.

## Background

Section 406(a) of the Employee Retirement Income Security Act, ("ERISA") prohibits various types of transactions between a plan and an entity that is a "party-in-interest" with respect to a plan.  *See* 29 U.S.C. §  1106(a).  Section 406(b)(1) prohibits a fiduciary from dealing with the assets of the plan in his own interest or for his own account. *Id.* § 1106(b).

State Street engaged in a *per se* prohibited transaction in violation of ERISA § 406 when State Street, acting as a fiduciary and through its State Street Global Advisors ("SSgA") division, selected itself to serve as the discretionary lending agent for the Lending Funds and, as discretionary lending agent, repeatedly exercised that discretion to take the maximum allowed compensation for itself.  *See* Am. Compl. ¶¶ 61-66 (Dkt. No. 14).  In their Answer, Defendants asserted an affirmative defense that they were exempt from the terms of ERISA § 406, because they were covered by the PTE 2006-16. *See* Affirmative Defense No. 11, Def's Answer (Dkt. No. 16).

On July 11, 2010 Defendants served their Initial Disclosures pursuant to Rule 26(a).  *See* Defendants' Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a) and Local Rule 26.2(a) ("Initial Disclosures"), attached to Declaration of Todd S. Collins ("Collins Decl.") as Exhibit 1. Although Defendants invoked an affirmative defense based upon PTE 2006-16 in their Answer (Dkt. No. 16), they did not identify any categories of pertinent documents pertaining to the

Exemption defense as required by Rule 26(a) in their initial disclosures.[2] *Id.* Defendants never supplemented their disclosures to identify categories of documents relating to the Exemption defense, nor did they provide any data pertaining to any rebates they paid under their securities lending program.

On January 25, 2011, Plaintiff specifically requested production of all documents Defendants possessed pertaining to the Exemption:

> All documents (including but not limited to communications such as letters and electronic mail) concerning whether Defendants' Securities Lending Program was conducted in accordance with the Department of Labor's Prohibited Transaction Class Exemption, 2006-16.

January 25, 2011 Letter from Garrett W. Wotkyns to State Street, Attached as Exhibit 2 to Collins Decl., Request 5.  Defendants agreed to produce the relevant documents in their response dated February 24, 2011.  *See* Feb. 24, 2011 Letter from Lori A. Martin to Garrett W. Wotkyns Exhibit 3, Response 5.  Yet, Defendants failed to produce critical documents pertaining to the Exemption over the course of the next year.

In January 2012, Plaintiff wrote a follow-up letter to Defendants requesting 10 categories of documents relevant to the Exemption. *See* January 19, 2012 letter from Gregory Y. Porter to Lori A. Martin, Exhibit 4.  Specifically, Plaintiff's January 2012 letter included a request for: "Rebates (positive or negative) paid or received by Lending Funds and by non-Lending Fund clients of [Defendants].  (PTE 2006-16(II)(f)(2))." *Id.,* Request 5.  Information concerning rebate pricing is integral to Defendants' Exemption defense.  In order to prevail, Defendants must prove that the Plan pays or receives a rebate that is no more than what it would have paid or received in an arm's length transaction with an unrelated third party and that all fees and consideration

---

[2] While Defendants broadly stated they would rely on the Exemption, they never supplemented their disclosure to identify the rebates.  Moreover, Defendants expressly stated they would make such documents available for inspection and copying.  *See* Exhibit 1 at pg. 8.

3

received by the plan in connection with the loan are reasonable.  Plaintiff also requested "Documents sufficient to show that borrowers delivered additional collateral as required PTE 2006-16(II)(i)" (Request 7) and "Documents sufficient to show that borrowers delivered additional collateral as required by PTE 2006-16(II)(i)" (Request 8). *Id.*

On March 14, 2012 after Plaintiff's deadline for initial expert reports had passed, Defendants produced 126 pages of documents concerning the Exemption, responsive to Plaintiff's Requests 1-4.  *See* March 14, 2012 Letter from Brad E. Konstandt to Gregory Y. Porter, Exhibit 5, Response to Request Nos. 1-4.[3]  Defendants failed to produce <u>any</u> documents responsive to Requests 5, 7 & 8, evasively stating that:

> The Department of Labor does not require that State Street create or maintain documents demonstrating compliance with the provisions of PTE 2006-16 encompassed by these requests, or to retain those documents to the extent they exist.  The Securities Finance securities lending electronic queue and related systems do not differentiate between the ERISA Lending Funds and securities held by third-party participants in the lending program with respect to rebates distributions, and collateral delivery.

*Id.*

On March 15, 2012, responding immediately, Plaintiff again requested production of documents responsive to Requests 5, 7-8, which sought the key data from Defendants

---

[3] Request 1 asked for "Audited financial statements of borrowers' financial condition for loans made by Lending Funds" and Request No. 2 asked for "Unaudited statements of borrowers' financial condition for loans made by Lending Funds." Defendants agreed to produce a sample set of the financial statement and attached a list of borrowers from 2005-2010. *See* Exs. 4-5.  Request No. 3 sought "Representations that at the time the loan from the Lending Fund is negotiated that there has been no material adverse change in borrowers' financial condition."  Defendants agreed to produce three forms of agreements that were used between State Street and borrowers. *Id.* Request No. 4 sought "Written loan agreements for loans made by Lending Funds <u>and</u> by non-Lending Fund clients of SSBT." Defendants indicated that they previously produced the applicable agreements and produced the current form of the agreement in effect at the time. *Id.*  Request No. 6 sought "Documents sufficient to show all fees or other consideration received by the Lending Funds in connection with securities lending.  Defendants indicated they had previously produced all relevant fee splits and income. *Id.*  Requests 9-11 sought "Authorizations for SSBT to engage in securities lending on behalf of plan clients from plan fiduciaries whose plans invest in Lending Funds;" "The written instruments pursuant to which SSBT receives compensation from securities lending on behalf of the Lending Funds;" and The information provided to plan fiduciaries whose plans invest in the Lending Funds to enable such fiduciaries to determine whether to authorize securities lending.  Defendants indicated they had previously produced the responsive agreements. *Id.*

4

concerning their compliance with the Exemption. *See* March 15, 2012 letter from Gregory Y. Porter to Brad E. Konstandt, Exhibit 6. Plaintiff noted that the Department of Labor retention requirements did not answer whether Defendants had possession, custody or control of the requested documents. *Id.* Plaintiff further explained that it was virtually certain that Defendants' systems allow them to connect a particular loan transaction to the beneficial owners of the securities loaned, and that the securities lending authorization agreement requires Defendants to allocate rebates to lending funds, so Defendants must have a way to track and credit rebates. *Id.* Plaintiff requested both a meeting with Defendants and a 30(b)(6) deposition to determine the structure of the systems that track "how State Street allocates rebates, calculates distributions, and tracks collateral delivery on behalf of its lending clients." *Id.* Defendants at first suggested Plaintiff's request was untimely, until Plaintiff reminded Defendants of Plaintiff's January 2011 request for production. Defendants thereafter failed to respond to Plaintiff's request for a conference on Defendants' systems.[4]

REDACTED

---

[4] Plaintiffs held a conference with Defendants' counsel concerning Plaintiff's present Motion to Strike. The parties were unable to reach an agreement on any issues related to Defendants' failure to provide the necessary data.

REDACTED

On June 15, 2012, two weeks before the deadline for the parties' summary judgment motions in this case, Defendants produced a smattering of selected data related to rebate rates and distributions responsive to Plaintiff's **January 2011 document requests**. *See* June 15, 2012 letter from Brad E. Konstandt to Gregory Y. Porter (Ex. 8). Defendants then heavily relied upon data and information concerning its rebates and its alleged compliance with PTE 2006-16 in its summary judgment briefing and supporting declarations, even though that had never been previously provided to Plaintiff, despite Plaintiff's repeated request for the information, and despite Defendants' statements that they were not required to maintain the information and that the system did not differentiate between participants in its lending programs with respect to rebates. *See generally Memorandum of Law in Support of Defendants' Motion for Summary Judgment* and *Bonn Decl.*

Defendants had numerous opportunities to disclose and produce their Exemption compliance and rebate data and information, yet failed to do so in a timely or complete fashion.

As shown below, Defendants should not be permitted to rely on relevant, improperly withheld data concerning its compliance with the Exemption or the amount of rebates paid, that were not timely and completely provided to Plaintiff. Defendants' repeated failure to produce such information until their limited production on the eve of the deadline for submission of summary judgment requires that the Court strike Defendants' affirmative defense based on the Exemption and preclude all of Defendants' evidence on the rebates. Defendants cannot satisfy the Exemption without the improperly withheld rebate data. The Exemption portion of Defendants' recently-filed affirmative summary judgment motion and the affirmative defense in its Answer should be stricken as a sanction for the improper withholding of these significant data and information.

## **Argument**

Rule 37 of the Federal Rules of Civil Procedure governs discovery misconduct where a party fails to make a disclosure or cooperate with discovery and provides for the imposition of sanctions by a Court.[5] Under Rule 37(c)(1), the penalty for a party's failure "to provide

---

[5] Plaintiff's specific requests for production and Defendants' responses at issue are:

Request No. 5: All documents (including but not limited to communications such as letters and electronic mail) in accordance with the Department of Labor's Prohibited Transaction Class Exemption, 2006-16.

Response: State Street agrees to produce documents related to its compliance with the Department of Labor's Prohibited Transaction Class Exemption, 2006-16.

*See* Exs. 2 and 3; and Plaintiff's 2012 follow-up requests and Defendants' responses :

Request No. 5: Rebates (positive or negative) paid or received by Lending Funds *and* by non-Lending Fund clients of SSTB (PTE 2006-16(II)(f)(2)).

Request No. 7: Documents sufficient to show the Lending Funds received the equivalent of all distributions made to holders of the borrowed securities during the terms of the loan (PTE 2006-16(II)(h))

Request No. 8:  Documents sufficient to show that borrowers delivered additional collateral as required PTE 2006-16(II)(i)

Response (to Request Nos. 5,7 and 8): The Department of Labor does not require that State Street create or maintain documents demonstrating compliance with the provisions of PTE 2006-16 encompased by these requests,

7

information or identify a witness as required by Rule 26(a) or (e)" is clearly defined: "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

Additionally, or alternatively, on motion and after giving the non-compliant party an opportunity to be heard, the Court may impose other appropriate sanctions, including those identified in Rule 37(b)(2)(A)(i)-(vi). Rule 37(c)(1)(C); *see also* Rule 37(b)(2)(A)(i)-(vi) (listing sanctions available for failure to "provide" or "permit discovery," including "direct[] that the matters embraced in the order or other designated facts be taken as established for the purposes of the action, as the prevailing party claims; prohibit[] the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters into evidence;" or "strik[ing] pleadings in whole or in part.")

This is not simply a case of failing to disclose material information in Rule 26 disclosures, which, as explained below, is sufficient ground to strike Defendants' defense and preclude the rebate information.[6] Rather, Defendants *refused* to produce the information despite

---

or to retain those documents to the extent they exist. The Securities Finance securities lending electronic queue and related systems do not differentiate between the ERISA Lending Funds and securities held by third-party participants in the lending program with respect to rebates, distributions, and collateral delivery.

[6] Defendants failed to provide the information on rebates as required under Rules 26(a) and Rule 26(e). Defendants did not provide a copy or sufficient description of relevant information or documents pursuant to their initial disclosures. *See* Rule 26(a)(1) ("a party [] must provide to the other parties . . . (ii) a copy - or a description by category and location - of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.")

Not only did Defendants fail to produce, but also they failed to supplement. Defendants' failure to supplement their agreed-upon document production in response to Plaintiff's discovery request of January 25, 2011, violated Rule 26(e)(1). *See* Rule 26(e)(1) (a litigant "must supplement or correct its disclosure [under Rule 26(a)] or response [to a request for production] in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during [] discovery.") *Capital Promotions, L.L.C. v. Don King Prods.*, 2012 U.S. Dist. LEXIS 46980 (E.D. Mo. Mar. 31, 2012) (finding defendants' failure to produce documents in a timely fashion in response to a request for discovery violated Rule 37(c)); *Sinco, Inc. v. Metro-North Commuter R.R.*, 133 F. Supp. 2d 308, 311 (S.D.N.Y. 2001) (refusing to consider exhibits submitted in summary judgment motion papers

8

a timely request for production and a follow-up request well before expert reports were due. They obfuscated about whether they had the information, saying that they were not required to maintain it. They even said their systems do not differentiate between participants in its lending programs with respect to rebates, a statement proved false by the testimony of a former executive who explained that Defendants' systems could attribute every loan and every rebate to the interested beneficial owners, including Lending Funds. A party who refuses to produce and denies the existence of documents cannot be permitted to use those documents in support of its claims or defenses. If ever a situation warranted striking a defense, this is it.

Defendants here cannot argue that they were not required to produce such documents, as they specifically agreed to in fact produce these documents as early as February 2011. Defendant's belated production of a select sampling of rebates - only fourteen days prior to the deadline for summary judgment motions - fails to cure Defendants' violations of the discovery process. These documents were simply too little too late. Defendants had these documents available to them. They should have produced them in response to Plaintiff's first set of discovery requests served in January 2011, as they agreed to do. They should have been produced in response to Plaintiff's January 19, 2012 request and before expert reports were due. A selective production on June 15, 2012 - two weeks before the deadline for motions for summary judgment - simply will not do. Defendants had ample time to prepare this material and timely supplement their discovery. Defendants, however, refused to provide documents until long after the completion of fact discovery on January 13, 2012 and after the deadline for all expert reports.

---

where plaintiff failed to produce such exhibits during discovery pursuant to appropriate discovery requests). *See also Berryman-Dages v. City of Gainsvelle Fla.*, 2012 U.S. Dist. LEXIS 47596 (N.D. Fla. Apr. 4, 2012) (finding a Rule 26(e) violation where Plaintiff failed to supplement documents pursuant to a discovery request, although declining to exclude material as relevancy of the documents was unclear).

9

Exclusion of evidence is appropriate where Defendants have failed to timely provide information. *Zenith Elecs. Corp. v. WH-TV Broad. Corp.*, 395 F.3d 416, 420 (7th Cir. 2005) (finding district court did not abuse its discretion by banning evidence of damages where plaintiffs failed to respond to an interrogatory seeking a description of plaintiff's damages theory); *Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo y Benefiencia de P.R.*, 248 F.3d 29, 35-36 (1st Cir. 2001) (excluding testimony of expert witness); *Nat'l Corporate Tax Credit Fund VII v. Curt Busching & G. C. Corp.*, 2006 U.S. Dist. LEXIS 48389 (S.D. Miss. June 1, 2006); *Ferrara v. Balistreri & DiMaio, Inc.*, 105 F.R.D. 147 (D. Mass. 1985) (precluding testimony of potential witnesses who were not identified until "mere days" before trial). Courts have also struck affirmative defenses where defendants have failed to produce documents. *See e.g.*, *Tobias v. Davidson Plywood*, 241 F.R.D. 590, 594 (E.D. Tex. 2007) (striking defendant's worker's compensation immunity defense where defendant failed to produce the worker's compensation policy, noting "A party is not allowed to lie in wait behind a log and then ambush the other party with a key piece of evidence after extensive discovery and expenses have been incurred. [Defendant] chose not to disclose the policy. In fact, [defendant] represented that no policy existed. Under these circumstances, the court will not allow evidence relating to the existence of [the] workers' compensation policy to be presented in this case.") *See also Payne v. Exxon Corp., Inc.*, 121 F.3d 503, 508 (9th Cir. 1997) (affirming the district court's dismissal of plaintiff's claims finding that defendants were "deprived of any meaningful opportunity to follow up on . . . information, or to incorporate it into their litigation strategy" because plaintiff failed to provide discovery responses until the "discovery period was drawing to a close, or after it had already closed").

It is well within the discretion of the Court to exclude undisclosed evidence or tardily produced documents here.  First, Defendants failed to produce the rebate proof by January 13, 2012 - the Court ordered deadline for fact discovery.  *Ortiz-Rivera v. Mun. Gov't of Toa Alta*, 214 F.R.D. 51, 57 (D.P.R. 2003) ("'[s]cheduling orders are essential tools in that process--and a party's disregard of such orders robs them of their utility.  For that reason, litigants have an 'unflagging duty to comply with clearly communicated case-management orders.'") (citations omitted).  Second, Defendants failed to produce the data even after Plaintiff reminded them of their deficiency.  Without the requested documents related to rebates, Plaintiff was unable to provide its experts a fair opportunity to prepare expert information in their summary judgment motion regarding this issue.  Indeed, Plaintiff had retained an expert for the express purpose of examining and evaluating the rebates paid or received by the Plan and the Class.  Plaintiffs were clearly prejudiced by this delay.  Third, Defendants misled Plaintiff as to the existence of such documents when the documents were in Defendants' possession.

Defendants cannot provide justification for their failure to produce or prove that such failure is harmless.  *See Wilson v. Bradlees of New Eng., Inc.*, 250 F.3d 10, 21 (1st Cir. 2001) (finding defendants bear the burden of proving substantial justification or harmlessness under Rule 37(c)).  A reasonable person would have recognized that the rebates were an essential element of Defendants' Exemption defense and would have expected Defendants to provide such information long before they did so and certainly before the Court's deadline for the submission of all expert reports.  *See, CQ Int'l Co. v. Rochem Int'l, Inc. USA,* 2010 U.S. Dist. LEXIS 55372 (D. Mass. June 7, 2010) (substantial justification is one that could 'satisfy a reasonable person.'); *Hipsaver Co. v. J.T. Posey Co.*, 497 F. Supp. 2d 96, 104 (D. Mass. 2007) (rejecting defendant's

11

contention that lack of production was inadvertent, noting that "negligence is not substantial justification for non-production.")

Finally, Defendants' failures were not harmless. Defendants' failure to provide such evidence prevented Plaintiff from offering expert proof on this issue.

## Conclusion

Plaintiff respectfully requests that the Court enter an order (a) to strike Defendants State Street Corporation, State Street Bank & Trust Co., and State Street Global Advisors' defense that Prohibited Transaction Exemption 2006-16 applies to them; and (b) to preclude Defendants from offering any evidence of rebates paid or received by their Lending Fund clients in support of their defense based on the Exemption.

Dated: July 13, 2012                                          Respectfully submitted,

Todd M. Schneider  
Mark T. Johnson  
SCHNEIDER WALLACE COTTRELL  
BRAYTON KONECKY LLP  
180 Montgomery Street, Suite 2000  
San Francisco, CA 94104  
Tel: (415) 421-7100  
Fax: (415) 421-7105  

Garrett W. Wotkyns  
SCHNEIDER WALLACE COTTRELL  
BRAYTON KONECKY LLP  
7702 E. Doubletree Ranch Road, Suite 300  
Scottsdale, Arizona 85258  

Todd S. Collins  
Shanon J. Carson  
Ellen T. Noteware  
BERGER & MONTAGUE, P.C.  
1622 Locust Street  
Philadelphia, PA 19103  
Tel: (215) 875-3040  

  /s/    Gregory Y. Porter  
Gregory Y. Porter  
BAILEY & GLASSER LLP  
910 17th Street, NW  
Suite 800  
Washington, DC 20006  
Tel: (202) 463-2101  
Fax: (202) 463-2103  

Brian A. Glasser  
Michael L. Murphy  
BAILEY & GLASSER LLP  
209 Capitol Street  
Charleston, WV 25301  
Tel: (304) 345-6555  
Fax: (304) 342-1110  

*Attorneys for Plaintiffs*

Fax: (215) 875-4604

Matthew P. McCue
Law Office of Matthew McCue
179 Union Ave.
Framingham, MA 01702
Tel: (508) 620-1166
Fax: (508) 820-3311

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 13, 2012, I caused a copy of the **"Plaintiff's Memorandum of Law in Support of Its Motion to Strike Defendants' Prohibited Transaction Exemption 2006-16 Defense and/or Preclude Defendants from Offering Evidence of Related Rebates"** to Be Served Electronically, Via The Electronic Filing System, On The Registered Participants As Identified on the Notice of Electronic Filing (NEF) and by first-class mail on those indicated as non-registered participants.

                                              /s/Gregory Y. Porter