## IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **Glass Dimensions, Inc. on behalf of the Glass Dimensions, Inc. Profit Sharing Plan and Trust,** *and all others similarly situated,* | ) ) ) ) ) |
| | ) **CIVIL ACTION NO: 1:10-CV-10588 (JLT)** |
| Plaintiffs, | ) ) |
| v. | ) ) |
| **State Street Corporation, State Street Bank & Trust Co., and State Street Global Advisors,** | ) ) ) |
| Defendants. | ) ) |

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE EXPERT REPORTS

Defendants ask the Court to strike the rebuttal reports of Gregory A. Harmon and Stephen S. Pomerantz. The Harmon and Pomerantz rebuttal reports were timely-served under this Court's January 10, 2011 Scheduling Order in response to the report submitted by Edmon Blount on behalf of Defendants. Thus Defendants must show the Harmon and Pomerantz reports go outside the proper scope of rebuttal. They cannot. Both the Harmon and Pomerantz reports respond to the main issue raised in Blount's report: whether the securities lending compensation paid by the Plan and the Class to State Street Bank and Trust Co. ("State Street") was reasonable. Defendants bear the burden of proof on reasonable compensation because it is a necessary element of their affirmative defense, Prohibited Transaction Exemption 2006-16 ("PTE 2006-16"), to Plaintiff's prohibited transaction claim, Count II. Defendants must prove that the compensation they received was objectively "reasonable." Plaintiff is not required to put on affirmative evidence, expert or otherwise, to refute an affirmative defense.

## Summary of Expert Reports

Edmon Blount's report submitted by Defendants offers several opinions about State Street's securities lending compensation: (1) the gross fees paid by State Street clients were reasonable (Part V, ¶¶ 38-43); (2) the stand-alone securities lending fee paid by the Plan and the Class was reasonable as compared to securities lending fees charged by competitors (Part V, ¶ 44); (3) the securities lending fee charged to the Plan and the Class was reasonable in light of the services provided by State Street (Part VI, ¶¶ 45-56); (4) the reasonableness of State Street's securities lending fee must be evaluated in light of several service factors (Part VII, ¶¶ 57-74); and (5) it is not appropriate to compare the securities lending fees State Street charged to its other clients to the securities lending fees charged to the Plan and the Class (Part VIII, ¶¶ 75-78).

The Harmon and Pomerantz reports rebut Blount's report. In response to Blount's testimony about the securities lending fees charged by competitors, Harmon used industry reports to examine the securities lending fees paid by retirement plans and asset managers in the market place as compared to the fees paid by the Plan, the Class, and the Lending Funds. (Part IV, ¶¶ 21, 23, 30.) Harmon also responds directly to Blount's testimony about comparing the securities lending fees paid by the Plan and the Class to the securities lending fee charged by State Street to its other clients (Part IV ¶ 22, Part V(4)). Finally, Harmon engages in a point-by-point rebuttal of many of Blount's contentions (Part V, ¶¶ 25-43.)

The Pomerantz report compares the securities lending fees paid by the Plan and the Class to the securities lending fees charged by State Street to its other clients. This is directly responsive to Blount's report, which opines on that very issue. And Harmon relies on the Pomerantz report to offer opinions on the same topic.

## Argument

The Harmon and Pomerantz reports were timely served as rebuttal reports in accordance with the Court's Scheduling Order in this case. Thus the issue is whether the reports are properly within the scope of rebuttal and the use to which they may be put. Because the Harmon and Pomerantz report respond directly to the opinions offered by Blount and Plaintiff has not used the reports to prove its prima facie case, Defendants' motion must be denied.

A rebuttal report is "intended solely to contradict or rebut evidence on the same subject matter identified by another party under." Fed. R. Civ. P. 26(a)(2)(D). As discussed above and as the Court can see for itself, the Harmon and Pomerantz reports respond directly to Blount's opinions that the securities lending compensation paid by the Plan and the Class was reasonable. In a similar case, a district court concluded:

> As long as a rebuttal expert witness speaks to the same subject matter addressed by opposing counsel's expert and does not introduce novel arguments, his testimony is proper under Rule 26 and the case law interpreting it . . . . The fact that Plaintiff has only designated a rebuttal expert, and not an initial expert, is not grounds to strike his expert report or exclude his testimony.

*Donell v. Fidelity Nat. Title Agency of Nevada*, 2012 WL 170990, *5 (D. Nev. Jan. 20, 2012). *See also United States v. Luschen*, 614 F.2d 1164, 1170 (8th Cir. 1980) ("testimony [that] would have been more proper for the case-in-chief [is] not preclude[d] … if it is proper both in the case-in-chief and in rebuttal.")

Defendants cite several cases, but none of them apply. The first four cases -- *Thibeault v. Square D Co.,* 960 F.2d 239, 247 (1st Cir. 1992), *Vnus Medical Techs. Inc. v. Biolitic*, No. C 08-3128 MMC, 2010 WL 2629714 at *2 (N.D. Cal. June 29, 2010), *Briley v. Aquarius Boat Corp.*, No. 05-5711, 2007 WL 4532240 (E.D. La. Feb. 22, 2007) and *Wethington v. Al-Shami*, 1:10-cv-00027, 2011 WL 6415539 at *2 (S.D. Ind. Dec. 21, 2011) did not involve the filing of timely rebuttal expert reports, unlike here. In *Thibeault,* the plaintiff failed to respond to interrogatories identifying experts; in *Vnus,* the plaintiff did not serve the opening report by the deadline after indicating that it had intended to do so; *Briley* and *Wethington* also involved untimely filings of opening reports, not rebuttals.

Defendants cite five cases that stand for the unremarkable proposition that a rebuttal report must rebut the testimony of an opponent's expert. *See IBM Corp. v. Fasco Indus., Inc.*, C-93-20326 RPA, 1995 WL 115421 (N.D. Cal., Mar. 15, 1995); *1-800 Contacts, Inc. v. Lens.com*, 755 F. Supp. 2d 1151 (D. Utah 2010); *R&O Constr. Co. v. Rox Pro Int'l Group, Ltd.,* No. 2:09-cv-01749, 2011 WL 2923703 (D. Nev. July 18, 2011); *In re Asbestos Prods. Liab. Litig.*(No. IV), *slip op.*, MDL No. 875, 2012 WL 661673 (E.D. Pa. Feb. 8, 2012); *Emerick v. U.S. Suzuki Motor Corp.*, 750 F.2d 19 (3d Cir. 1984).[1]

---

[1] Likewise, in *Ebbert v. Nassau Cty*, No. CV 05-5445, 2008 WL 4443238 (E.D.N.Y. Sept. 26, 2008) the court indicated that a rebuttal report cannot include material that should have been included in an initial expert report – another tenet that Plaintiff did not violate when it submitted the Harmon and Pomerantz reports.

These cases do not apply here because the plain language of the rebuttal reports shows that Harmon and Pomerantz opined on precisely the same subjects that State Street's experts addressed.[2]

Moreover, Defendants bear the burden of proof on their class exemption defense. A key element of that defense is whether the compensation paid by the Plan and the Class was reasonable. Blount's report is devoted entirely to that issue. The Harmon and Pomerantz reports also are devoted to that issue. Plaintiff was not required to submit expert proof on a matter on which it did not bear the burden of proof. Instead, Plaintiff submitted timely rebuttal reports in response to Defendants' expert's opinions on a topic on which Defendants bear the burden of proof. *See, e.g., Nat'l Envelope Corp. v. Am. Pad and Paper Corp.*, No. 06 Civ. 12988, 2009 WL 5173920, at *9 (S.D.N.Y. Dec. 30, 2009) (timely-rebuttal report was properly submitted where it responded to report from opposing party on issue where the opposing party bore the burden of proof).

Finally, consistent with its position that the Harmon and Pomerantz reports are rebuttal reports, Plaintiff did not submit those reports in support of its motion for summary judgment on Count II. Further, unless and until Plaintiff submits one of its rebuttal reports in support of its claims or in opposition one of Defendants' defenses and the Court has an opportunity to evaluate the submission within the context for which it is offered, it is premature to rule on whether any part of Plaintiff's rebuttal reports are untimely affirmative reports or on the purposes for which the reports may properly be submitted.

Plaintiff submits that the proper course is to hold Defendants' motion to strike in abeyance until the parties have completed summary judgment briefing. The Court can then evaluate whether Plaintiff's rebuttal reports have been submitted for a purpose other than rebuttal. Plaintiff proposed

---

[2] It is unclear why Defendants cited *Crowley v. Chait*, 322 F. Supp. 2d 530 (D.N.J. 2004) which quotes Rule 26(a)(2)(c)'s definition of rebuttal evidence, or *Brosted v. UNUM Life Ins. Co. of Am.*, 421 F.3d 459 (7th Cir. 2005), which does not discuss burden of proof issues, though that appears to be the proposition for which it is cited. Def. Br. at 5.

as much to Defendants when conferring on the instant motion, but Defendants chose to file a premature motion.

Dated: July 13, 2012

Respectfully submitted,

/S/ Gregory Y. Porter

Todd M. Schneider
Mark T. Johnson
SCHNEIDER WALLACE COTTRELL
BRAYTON KONECKY LLP
180 Montgomery Street, Suite 2000
San Francisco, CA 94104
Tel: (415) 421-7100
Fax: (415) 421-7105

Gregory Y. Porter
Michael L. Murphy
BAILEY & GLASSER LLP
910 17th Street, NW
Suite 800
Washington, DC 20006
Tel: (202) 463-2101
Fax: (202) 463-2103

Garrett W. Wotkyns
SCHNEIDER WALLACE COTTRELL
BRAYTON KONECKY LLP
7702 E. Doubletree Ranch Road, Suite 300
Scottsdale, Arizona 85258

John Roddy (BBO # 424240)
Elizabeth Ryan (BBO # 549632)
BAILEY & GLASSER LLP
125 Summer Street, Suite 1030
Boston, MA 02110
Telephone: (617) 439-6730
Fax: (617) 951-3954

Todd S. Collins
Shanon J. Carson
Ellen T. Noteware
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Tel: (215) 875-3040
Fax: (215) 875-4604

Brian A. Glasser
BAILEY & GLASSER LLP
209 Capitol Street
Charleston, WV 25301
Tel: (304) 345-6555
Fax: (304) 342-1110

Matthew P. McCue
Law Office of Matthew McCue
179 Union Ave.
Framingham, MA 01702
Tel: (508) 620-1166
Fax: (508) 820-3311

*Attorneys for Plaintiffs*

5

## CERTIFICATE OF SERVICE

I hereby certify that on July 13, 2012, I caused a copy of the **"Plaintiff's Opposition to Defendants' Motion to Strike Expert Reports"** to Be Served Electronically, Via The Electronic Filing System, On The Registered Participants As Identified on the Notice of Electronic Filing (NEF) and by first-class mail on those indicated as non-registered participants.

/s/Gregory Y. Porter