IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Glass Dimensions, Inc. on behalf of the Glass Dimensions, Inc. Profit Sharing Plan and Trust, *and all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>State Street Corporation, State Street Bank and Trust Co., and State Street Global Advisors,<br><br>Defendants. | CIVIL ACTION NO: 1:10-CV-10588 (JLT)<br><br>LEAVE TO FILE GRANTED ON AUGUST 18, 2012 |

### DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO STRIKE PLAINTIFF'S UNTIMELY EXPERT REPORTS

Jeffrey B. Rudman (BBO #433380)
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

Lori A. Martin *(pro hac vice)*
Brad E. Konstandt *(pro hac vice)*
Sara N. Raisner *(pro hac vice)*
WILMER CUTLER PICKERING
HALE AND DORR LLP
7 World Trade Center
250 Greenwich St.
New York, NY 10007
Telephone: (212) 230-8800
Facsimile: (212) 230-8888

*Counsel for Defendants State Street Corporation and State Street Bank and Trust Company (including its division State Street Global Advisors)*

## TABLE OF CONTENTS

**Page**

I. THE COURT SHOULD STRIKE THE POMERANTZ REPORT AND ENUMERATED SECTIONS OF THE HARMON REPORT AS UNTIMELY UNDER THE COURT'S SCHEDULING ORDER ................................................................................................ 1

    A. Expert Opinions That Should Have Been Disclosed In An Initial Expert Report Are Properly Stricken ........................................................................................................ 1

    B. The Pomerantz Report and Portions of the Harmon Report Do Not Refute, Rebut, Contradict of Impeach the Opinions of Defendants' Experts ............................................ 3

    C. Plaintiff's Untimely Submission of Initial Expert Reports is Prejudicial to Defendants ... 6

CONCLUSION .................................................................................................................... 7

## TABLE OF AUTHORITIES

Federal Cases

*1-800 Contacts v. Lens.com, Inc.*
   755 F. Supp. 2d 1151 (D. Utah 2010) ............................................................................. 3

*Brosted v. UNUM Life Ins. Co. of Am.*,
   421 F.3d 459 (7th Cir. 2005) ............................................................................................ 5

*Crowley v. Chait*,
   322 F. Supp. 2d 530 (D.N.J. 2004) .................................................................................. 3

*Donell v. Fidelity Nat. Title Agency of Nevada*,
   No. 2:07-cv-00001, 2012 WL 170990 (D. Nev. Jan. 20, 2012) ................................ 1, 2, 5

*Ebbert v. Nassau County*,
   No. CV 05-5445, 2008 WL 4443238 (E.D.N.Y. Sept. 26, 2008) ............................. 3, 4, 6

*Emerick v. U.S. Suzuki Motor Corp.*,
   750 F.2d 19 (3d Cir. 1984) ............................................................................................... 6

*In re Asbestos Prods. Liab. Litig. (No. IV) v. Hill*,
   09-cv-74351, 2012 WL 661673 (E.D. Pa. Feb. 8, 2012) ................................................. 4

*Keach v. U.S. Trust Co., N.A.*,
   254 F. Supp. 2d 1055 (C.D. Ill. 2003) ............................................................................. 5

*Noffsinger v. The Valspar Corp.*,
   No. 09 C 916, 2011 WL 9795 (N.D. Ill. Jan. 3, 2011) ................................................. 3, 6

*R&O Const. Co. v. Rox Pro Intern. Group*,
   No. 2:09–cv–01749, 2011 WL 2923703 (D. Nev. July 18, 2011) .............................. 3, 4, 6

*Silverman v. Mutual Benefit Life Ins. Co.*,
   138 F.3d 98 (2d Cir. 1998) ............................................................................................... 5

*United States v. Beilharz*,
   378 Fed. App'x. 363 (4th Cir. 2010) ................................................................................ 2

*United States v. Luschen*,
   614 F.2d 1164 (8th Cir. 1980) ....................................................................................... 2, 3

*United States v. Thuna*,
   786 F.2d 437 (1st Cir. 1986) ............................................................................................ 2

*Vu v. McNeil-PPC, Inc.*,
    No. CV 09-1656 ODW, 2010 WL 2179882 (C.D. Cal. May 7, 2010) ......................................... 6

Defendants State Street Corporation and State Street Bank and Trust Company (together with its State Street Global Advisors division) ("State Street") respectfully submit this reply memorandum of law in support of their motion to strike the expert report of Steven Pomerantz and enumerated sections of the expert report of Gregory W. Harmon.

## I.

### THE COURT SHOULD STRIKE THE POMERANTZ REPORT AND ENUMERATED SECTIONS OF THE HARMON REPORT AS UNTIMELY UNDER THE COURT'S SCHEDULING ORDER

Plaintiff's opposition memorandum confirms that State Street's motion to strike the Pomerantz expert report and portions of the Harmon report should be granted. First and foremost, Plaintiff did not make its expert disclosures at the time or in the sequence that the Court ordered. Rule 26 of the Federal Rules of Civil Procedure does not permit a litigant to flout the Court's scheduling order through the use of rebuttal reports to establish Plaintiff's case-in-chief. Second, the challenged reports exceeded the scope of appropriate rebuttal testimony. Last, Plaintiff's belated submission of expert reports is prejudicial to Defendants, which had no opportunity to rebut the reports offered for the first time in reply.

**A. Expert Opinions That Should Have Been Disclosed In An Initial Expert Report Are Properly Stricken**

Plaintiff argues that the untimely reports by Pomerantz and Harmon need not be stricken because those reports – even if properly presented in its case-in-chief – may be offered in rebuttal if a witness "speaks to the same subject matter" as that addressed by opposing counsel's expert. Plaintiff's Opposition to Defendants' Motion to Strike Expert Reports, dated July 13, 2012 ("Opp."), at 2-3 (quoting *Donell v. Fidelity Nat. Title Agency of Nevada*, No. 2:07-cv-00001, 2012 WL 170990, at *3 (D. Nev. Jan. 20, 2012). Plaintiff cites two federal court cases –

*Donell* and *U.S. v. Luschen*, 614 F.2d 1164 (8th Cir. 1980) – in support of this test. Neither decision, however, accepted the "same subject matter" test that Plaintiff advances here.

The block quote from *Donell* that appears prominently in Plaintiff's brief at page three, for example, is contained in the district court's summary of the "Parties' Positions." *Id.* at *3. The district court rejected that argument and struck substantial portions of the untimely rebuttal report on the grounds that rebuttal evidence "may not be used to establish a case-in-chief." *Id.* at *4. The district court adopted a position that is diametrically opposed to the one for which Plaintiff cites the case: the court struck the opinions offered by the plaintiff's expert that "should have been disclosed in an initial expert report." *Id.* at *4-5. The district court concluded that the rebuttal report was "rife" with opinions that "exceed the scope of appropriate rebuttal testimony" because it "d[id] not refute, rebut, contradict or impeach the opinions of" the defendant's expert. *Id.* at *6.

In the second of the two cases cited by Plaintiff – the *Luschen* decision – the Eighth Circuit reviewed a criminal conviction and did not consider whether there is justification for serving expert disclosures at a different time, or in a different sequence, than that ordered by a district court under Rule 26(a)(2)(D). *Luschen* was a criminal action, governed by Rule 16 of the Federal Rules of Criminal Procedure. The criminal rule departs from civil Rule 26(a)(2)(D) insofar as Rule 16 does not require the government to make pre-trial disclosure of rebuttal reports.[1] Rule 16 also does not require that the government disclose evidence not intended for use in its case-in-chief when the evidence was not obtained from the defendant or by means of a grand jury subpoena.[2] The Court's scheduling order, setting forth affirmative dates for

---

[1] *See United States v. Beilharz*, 378 Fed. App'x 363, 364 (4th Cir. 2010).
[2] *See United States v. Thuna*, 786 F.2d 437, 444 (1st Cir. 1986).

Plaintiff's disclosure of its expert reports on its case-in-chief, and for rebuttal expert testimony, are departures from the *Luschen* rule.

The proper remedy for Plaintiff's attempt to use a reply report in order to offer case-in-chief opinions is to strike the untimely reports. *See 1-800 Contacts, Inc. v. Lens.com, Inc.*, 755 F. Supp. 2d 1151, 1167-8 (D. Utah 2010) (striking portions of plaintiff's expert declaration that were not rebuttal because it was "clear that [plaintiff's expert] is offering affirmative testimony . . . rather than merely rebutting [defendant's expert's] testimony"; a rebuttal expert "may, at most, rebut the evidence presented by" the opposing party's expert); *Crowley v. Chait*, 322 F. Supp. 2d 530, 551 (D.N.J. 2004) (rebuttal evidence "is not an opportunity for the correction of any oversights in the plaintiff's case in chief") (internal quotation marks and citations omitted); *see also R&O Const. Co. v. Rox Pro Int'l Grp., Ltd.*, No. 2:09–cv–01749, 2011 WL 2923703, at *2, *5 (D. Nev. July 18, 2011); *Noffsinger v. The Valspar Corp.*, No. 09 C 916, 2011 WL 9795, at *6 (N.D. Ill. Jan. 3, 2011); *Ebbert v. Nassau County*, No. CV 05-5445, 2008 WL 4443238, at *13 (E.D.N.Y. Sept. 26, 2008).

### B. The Pomerantz Report and Portions of the Harmon Report Do Not Refute, Rebut, Contradict of Impeach the Opinions of Defendants' Experts

Plaintiff's principal argument in opposition to State Street's motion to strike is that the "Harmon and Pomerantz reports were timely served as rebuttal reports." (Opp. at 2.) A factual review of those reports, however, confirms that Pomerantz and Harmon addressed "an expected and anticipated portion" of Plaintiff's case-in-chief; in particular, damages and liability under ERISA §§ 404 and 406. *See Noffsinger*, 2011 WL 9795, at *6. Because liability and damages are portions of Plaintiff's case-in-chief, under well-established law, neither Pomerantz nor Harmon is "a rebuttal witness or anything analogous to one." *R&O Constr.*, 2011 WL 2923703, at *2. We address each report below.

The Pomerantz report purports to opine on putative class damages and measures damages as the difference between securities lending fees paid by the collective trust funds and fees the collective trust funds "would have paid" under alternative scenarios. Pomerantz Report at ¶¶ 8-13.[3] The report includes charts which claim to show "excess bank fee[s]" allegedly paid by the collective trust funds. *Id.* at ¶¶ 8-9 (figures 4 and 5). It includes tables, which report "excess paid by class member[s]" under scenarios titled "Alt A[,]" "Alt B" and "Alt C." *Id.* at ¶ 10 (figure 6); *see also* ¶¶ 11-13 (figures 7, 8 and 9). Because damages is part of Plaintiff's case-in-chief, it is not the proper subject of a rebuttal report. *Cf. Ebbert,* 2008 WL 4443238, at *13-14 (striking portions of an expert's rebuttal report that introduced new arguments and new material on the issue of liability and damages under the Equal Pay Act, served after the close of fact discovery); *In re Asbestos Prods. Liab. Litig. (No. IV) v. Hill,* 09-cv-74351, 2012 WL 661673, at *3 (E.D. Pa. Feb. 8, 2012) (striking plaintiff's "purported" rebuttal expert report in a negligence suit because it did not "directly rebut defendants' experts," but rather "introduced new arguments for which the plaintiff ha[d] the burden").

Although Plaintiff maintains that the Pomerantz report is "directly responsive to Blount's report" (Opp. at 2), Blount did not offer any opinions about damages. *See* Raisner Decl., Ex. B. In this light, it is not surprising that the Pomerantz report does not mention the Blount report in any portion of the report. The Pomerantz report is simply a "grossly untimely initial expert report." *R&O Const. Co.,* 2011 WL 2923703, at *5; *see In re Asbestos,* 2012 WL 661673, at *3 (same; striking rebuttal report of plaintiff's expert that did not "directly rebut the defendant's experts," "address the opinions of [defendant's experts]," or anywhere "suggest that [plaintiff's expert] intended to rebut or respond to Defendant's experts").

---

[3] The report is attached at Exhibit C to the Declaration of Sara N. Raisner, dated June 29, 2012 ("Raisner Decl.") (Dkt. No. 108, filed under seal).

Plaintiff contends that the Harmon report responds to "the main issue raised in Blount's report: whether the securities lending compensation paid by the Plan and the Class to State Street Bank and Trust Co. ("State Street") was reasonable." (Opp. at 1.)[4] Here again, Plaintiff resorts to the "same subject matter" test, which the district court rejected in *Donell*. A plaintiff's case-in-chief for alleged violations of ERISA §§ 404 and 406 includes proof of liability. *See Brosted v. UNUM Life Ins. Co. of Am.*, 421 F.3d 459, 465 (7th Cir. 2005) (ERISA § 404); *Keach v. U.S. Trust Co., N.A.*, 254 F. Supp. 2d 1055, 1057 (C.D. Ill. 2003) (ERISA § 406); *Cf. Silverman v. Mutual Benefit Life Ins. Co.*, 138 F.3d 98, 104 (2d Cir. 1998) (ERISA § 409).

The Harmon report, offered for the first time as a reply report, includes opinions about liability that were properly in Plaintiff's case-in-chief. In particular, Harmon purports to offer his opinion about securities lending fee splits offered by State Street's competitors during the putative class period. Harmon includes new evidence from third party asset manager and plan sponsor surveys, articles, and pamphlets on fee splits in the industry. *See* Harmon Report at ¶¶ 30 and 31. Sections III and IV and paragraphs 30 and 31 of the Harmon report do not respond directly to the theories advanced by Blount, the data relied upon by Blount, or Blount's computation of securities lending returns to Lending Fund investors. Instead, Harmon relies on third party surveys not addressed by Blount and offers an opinion as to liability based on that data. *See* Harmon Report at ¶¶ 21, 23, 30.

This Court's scheduling order required that "Plaintiff shall serve its expert reports on or before February 24, 2012." (Dkt. No. 31.) Plaintiff defaulted. Plaintiff's effort to submit those disclosures outside the sequence set by this Court should be rejected.

---

[4] The Harmon report appears at Exhibit D to the Raisner Declaration.

### C. Plaintiff's Untimely Submission of Initial Expert Reports is Prejudicial to Defendants

"It is well settled that evidence which properly belongs in the case-in-chief but is first introduced in rebuttal may be rejected, so as to avoid prejudice to the defendant and to ensure the orderly presentation of proof." *Emerick v. U.S. Suzuki Motor Corp.*, 750 F.2d 19, 22 (3d Cir. 1984). Here, State Street has had no opportunity to respond to the damages analyses proffered by Pomerantz, or the liability theory propounded by Harmon. Where, as here, a party is prejudiced by the fact that its expert did not have an opportunity to respond to the new material in Plaintiff's expert reports, the belated disclosures should be stricken to prevent prejudice to Defendants. *See R&O Constr.*, 2011 WL 2923703, at *2, *5-*6; *see also Noffsinger*, 2011 WL 9795, at *6; *Ebbert*, 2008 WL 4443238, at *13-14; *Vu v. McNeil-PPC, Inc.*, No. CV 09-1656 ODW, 2010 WL 2179882, at *3 (C.D. Cal. May 7, 2010) (defendant's attempt to offer rebuttal expert testimony outside of the scope of plaintiff's expert report denied plaintiff the opportunity to respond to defendant's purported "rebuttal" report and constituted "a hornbook example of sandbagging, a litigation tactic this Court will not tolerate").

## CONCLUSION

For the foregoing reasons, and the reasons set forth in Defendants' memorandum of law, dated June 29, 2012, Defendants respectfully request that the Court strike the Pomerantz report in its entirety, Sections III and IV of the Harmon report, and paragraphs 30 and 31 of the Harmon report.

Dated:   August 10, 2012

    Respectfully submitted,

    /s/ Lori A. Martin
    Lori A. Martin (*pro hac vice*)
    Brad E. Konstandt (*pro hac vice*)
    Sara N. Raisner (*pro hac vice*)
    WILMER CUTLER PICKERING
      HALE AND DORR LLP
    7 World Trade Center
    250 Greenwich St.
    New York, NY 10022
    Telephone: (212) 230-8800
    Facsimile: (212) 230-8888
    lori.martin@wilmerhale.com

    Jeffrey B. Rudman (BBO #433380)
    WILMER CUTLER PICKERING
      HALE AND DORR LLP
    60 State Street
    Boston, MA 02109
    Telephone: (617) 526-6000
    Facsimile: (617) 526-5000
    jeffrey.rudman@wilmerhale.com

    *Counsel for Defendants State Street Corporation and State Street Bank and Trust Company (including its division State Street Global Advisors)*

## CERTIFICATE OF SERVICE

I hereby certify that on August 18 , 2012, I caused a copy of the **DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO STRIKE PLAINTIFF'S UNTIMELY EXPERT REPORTS** to be served electronically, via the electronic filing system, on the registered participants as identified on the Notice of Electronic Filing (NEF) and by first-class mail on those indicated as non-registered participants

_____
Sara N. Raisner