**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Glass Dimensions, Inc. on behalf of the Glass Dimensions, Inc. Profit Sharing Plan and Trust, *and all others similarly situated*,<br><br>   Plaintiffs,<br><br>    v.<br><br>State Street Corporation, State Street Bank & Trust Co., and State Street Global Advisors,<br><br>   Defendants. | CIVIL ACTION NO: 1:10-CV-10588 (JLT)<br><br>LEAVE TO FILE GRANTED ON NOV. 7, 2012 |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'**
**MOTION TO AMEND THE CLASS CERTIFICATION ORDER**

Plaintiff's opposition does not challenge the factual basis on which Defendants moved to amend the Court's class certification order. Plaintiff does not dispute, for example, that it has argued that its ignorance that it participated in a securities lending program (or that it unknowingly paid fees for 13 years for that service) tolls the statute of limitations for all plans that invested in the Lending Funds, even in circumstances where those plans could not themselves assert a claim. Plaintiff instead offers four reasons that its uninformed representative should be permitted to represent a class of plans that received State Street's fee disclosures. We address each argument below.

*First*, Plaintiff contends that the exclusion from the Class of plans that received State Street's fee disclosures more than three years prior to the initiation of this action would yield an impermissible "fail-safe" class. *See* Plaintiffs' Opposition to Defendants' Motion To Amend

The Class Certification Order, dated September 28, 2012 ("Opp.") at 1.  A "fail-safe" class is one in which the class definition assures a finding of liability.  As the United States Court of Appeals for the Ninth Circuit explained in *Kamar v. RadioShack Corp.*, 375 F. App'x 734, 736 (9th Cir. Apr. 14, 2010) (unpublished):

> The fail-safe appellation is simply a way of labeling the obvious problems that exist when the class itself is defined in a way that precludes membership unless the liability of the defendant is established.  When the class is so defined, once it is determined that a person, who is a possible class member, cannot prevail against the defendant, that member drops out of the class. That is palpably unfair to the defendant . . .

This concept has no application to State Street's request that the class certification order exclude from the Class the plans that received State Street's fee disclosures because that exclusion does not result in a finding of liability in favor of State Street or against any member of the Class.  Excluding them from the Class means that they are not bound by any judgment in the action.  In the alternative, the creation of a sub-class of plans that received State Street's fee disclosures is a procedural device that allows the Court separately to consider whether a defense that is unique to some class members (but not the class representative) should result in judgment. The exclusion from the Class of plans that received State Street's fee disclosures has the added benefit of addressing a potential due process challenge to the adequacy of the Glass Dimensions Plan to litigate whether State Street's fee disclosures provided actual notice of the claims in this case when Plaintiff neither received nor relied on the disclosures (and in fact opined that the disclosures were adequate).  *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985) ("The Due Process Clause . . . requires that the named [representative] at all times adequately represent the interests of the absent class members"); *In re Baldwin-United Corp. Litig.*, 122 F.R.D. 424, 428 (S.D.N.Y. 1986) ("[T]he constraints of due process preclude class certification if the named plaintiffs possess other, potentially conflicting interests that would impair the vigorous prosecution of the class claims.")  The exclusion from the Class of plans that received

fee disclosures (or the creation of a sub-class of such investors) recognizes that those plans are differently situated than the named Plaintiff. The United States Court of Appeals for the Seventh Circuit has recognized that the problem of a "fail-safe" class arises when class membership depends on whether a person has a valid claim. *See Messner v. Northshore Univ. Health System*, 669 F.3d 802, 825 (7th Cir. 2012). Defining a class so as to avoid (a) being over-inclusive and (b) the fail-safe problem can be addressed, as State Street argues here, "by refining the class definition." *Id.*

*Second*, Plaintiff contends that this Court previously rejected State Street's argument that Glass Dimensions is not typical of the Class and need not reconsider whether Plaintiff's ignorance that it paid securities lending fees (or of the amount of those fees) is grounds to amend the class certification order. Opp. at 1-2.[1] Defendants respectfully disagree. If, as Plaintiff argued in opposition to summary judgment, "Defendants cannot obtain summary judgment against the members of a class without obtaining judgment against the class representative," the class certification order is overbroad. *See In re TJX Co. Retail Sec. Breach Litig.*, 246 F.R.D. 389, 392 n.2 (D. Mass. 2007) ("It is well-established that members of a plaintiff class must all have the legal right to bring suit against the defendant on their own; inclusion of those without such [right] renders the class overbroad.") (citations omitted); *Pella Corp. v. Saltzman,* 606 F.3d 391, 394 (7th Cir. 2010) (affirming order of class certification where district court defined the classes in a "narrow way" which "eliminates concern that the definitions are overbroad or

---

[1] Plaintiff contends that this Court has made a factual finding that State Street's fee disclosures did not convey actual knowledge of these claims. Opp. at 2. The Court has made no such finding. *See* Memorandum and Order, dated August 22, 2012 (Dkt. No. 156, under seal) at 15. This Court held that the statute of limitations issue was a "class-wide question" and made no factual finding on the merits of that defense. The reasons that State Street's fee disclosures provided plans that received them with actual knowledge of the claims in this case are discussed in State Street's summary judgment papers. *See* Memorandum of Law in Support of Defendants' Motion for Summary Judgment, dated June 29, 2012 (Dkt. No. 110, filed under seal) at 13-15; Reply Brief in Support of Defendants' Motion for Summary Judgment, dated Sept. 21, 2012 (Dkt. No. 171, filed under seal) at 2-7.

include a great many people who have suffered no injury"). A single uninformed plaintiff cannot toll the statute of limitations for all other plans against which the statute has run. To avoid this unjust result, the First Circuit has held that reconsideration of the scope of a class is appropriate in cases in which an affirmative defense "is likely to bar claims against at least some class members." *Smilow v. Sw. Bell Mobile Sys.*, 323 F.3d 32, 39-40 (1st Cir. 2003). The "procedural mechanisms" that appropriately address these circumstances are the modification of the order to "exclude them from the class altogether" or to "place class members with potentially barred claims in a separate subclass." *Id.* at 40.

*Third*, Plaintiff contends that whether State Street's disclosures of its securities lending compensation provided actual knowledge of the claims in this case is subject to common proof. Opp. at 2-3. Plaintiff is ill-suited to litigate that claim, having acknowledged that it neither received nor relied on those disclosures. *Cf. Evans v. IAC/Interactive Corp.,* 244 F.R.D. 568, 576 n.5 (C.D. Cal. 2007) ("The Court notes an issue of concern with respect to these named Plaintiffs. Each of them admittedly is ignorant of [defendants' disclosures] . . . On the one hand, if their ignorance is typical of the unnamed class members then . . . Plaintiffs will have difficulty proving reliance for their RICO, fraud, and negligent misrepresentation claims. On the other hand, if their ignorance is atypical of the unnamed class members, then these named Plaintiffs are unsuited to be class representatives.") Moreover, Plaintiff's testimony regarding the adequacy of the disclosures is contrary to the position advanced by Class counsel. Plaintiff's Chief Financial Officer conceded that State Street's compensation disclosures were "pretty straightforward" and "perfectly clear[,]" and acknowledged that the reader of the fee disclosures

would have known exactly how much he was being charged.[2] The willingness of class counsel to "vigorously litigate[ ]" the adequacy of State Street's fee disclosures is not a substitute for a plaintiff that is typical of that claim and which has its own incentive to pursue the claim. *See Plumbers' Union Local No. 12 Pension Fund v. Nomura Asset Acceptance Corp.*, 632 F.3d 762, 770 (1st Cir. 2011) (stating that named plaintiffs must have standing to pursue claims that they, "not just their lawyers," have an incentive to litigate).

*Last*, Plaintiff suggests that this Court should determine whether the statute of limitations *likely* bars claims of any plans in the Class before considering the motion to amend the class certification order. Opp. at 3. *Smilow* does not support the sequencing approach advanced by Plaintiff. In *Smilow*, the First Circuit considered the appropriate mechanism to treat the claims of the Class members subject to an affirmative defense and instructed that courts should "place class members with *potentially* barred claims in a separate subclass." 323 F.3d at 40 (emphasis supplied).[3] Courts applying *Smilow* have excluded certain members from the class that are subject to unique defenses, or created a sub-class, so that the court could address the unique and dispositive defense with respect to those differently situated persons. In *Otte v. Life Ins. Co. of N. Am.,* 275 F.R.D. 50, 56-57 (D. Mass. 2011) (Stearns, J.), for example, the district court provisionally created a sub-class of investors that were subject to a statute of limitations defense that was not applicable to the class representative. The district court concluded further that the

---

[2] Transcript of the Deposition of Darrell Perkins ("Darrell Perkins Tr."), dated June 15, 2011, attached as Exhibit C to the Declaration of Brad E. Konstandt in Support of Defendants' Opposition to Plaintiff's Motion for Class Certification (Dkt. No. 73), at 131:6-132:20.

[3] The alternative approach is to exclude plans that received State Street's fee disclosures (and consented to those fees upon execution of their investment management agreements with State Street) from the class definition. *See*, *e.g.*, 6A Federal Procedure, Lawyer's Ed. § 12:253 (2012) (The procedure for handling claims that certain class members are barred by the statute of limitations is the entry of an "order … stating that those persons are not members of the class." (citing *Zeigler v. Gibralter Life Ins. Co. of Am.,* 43 F.R.D. 169 (D.S.D. 1967); *Cohen v. District of Columbia Natl. Bank,* 59 F.R.D. 84 (D.D.C. 1972)). *See also* Defendants' Memorandum of Law in Support of Their Motion to Amend the Class Certification Order, dated September 25, 2012 (Dkt. No. 180, Ex. 2, filed under seal), at 4-5.

named plaintiff was not typical of the time-barred class and could not serve as its representative. *Id.*

## CONCLUSION

For the reasons stated above, as well as those set forth in Defendants' Memorandum of Law In Support of Their Motion to Amend the Class Certification Order, State Street respectfully requests that this Court amend or alter its class certification order so as to exclude the approximately 1700 plans that received Fund Declarations more than three years before the initiation of this litigation and the plans that made an initial investment in a Lending Fund between July 2001 and April 8, 2007. In the alternative, State Street requests that the Court create a sub-class of these plans.

Dated: October 15, 2012

    Respectfully submitted,

    /s/ Lori A. Martin
    Lori A. Martin (*pro hac vice*)
    Christopher Bouchoux (*pro hac vice*)
    Sara N. Raisner (*pro hac vice*)
    WILMER CUTLER PICKERING
      HALE AND DORR LLP
    7 World Trade Center
    250 Greenwich St.
    New York, NY 10007
    Telephone: (212) 230-8800
    Facsimile: (212) 230-8888
    lori.martin@wilmerhale.com

    Jeffrey B. Rudman (BBO #433380)
    Eric G. Penley (BBO # 678920)
    WILMER CUTLER PICKERING
      HALE AND DORR LLP
    60 State Street
    Boston, MA 02109
    Telephone: (617) 526-6000

Facsimile: (617) 526-5000
jeffrey.rudman@wilmerhale.com

*Counsel for Defendants State Street Corporation and State Street Bank & Trust Company (including its division State Street Global Advisors)*

## CERTIFICATE OF SERVICE

I hereby certify that on November 7, 2012, I caused a copy of Defendants' **REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO AMEND THE CLASS CERTIFICATION ORDER** to be served electronically, via the electronic filing system, on the registered participants as identified on the Notice of Electronic Filing (NEF) and by first-class mail on those indicated as non-registered participants.

_____
Sara N. Raisner