**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **Glass Dimensions, Inc. on behalf of the Glass Dimensions, Inc. Profit Sharing Plan and Trust, and all others similarly situated,**<br><br>Plaintiffs,<br><br>v.<br><br>**State Street Corporation, State Street Bank & Trust Co., and State Street Global Advisors,**<br><br>Defendants. | **CIVIL ACTION NO: 1:10-CV-10588 (JLT)** |

**PLAINTIFFS' SURREPLY IN OPPOSITION TO DEFENDANTS'
MOTION TO AMEND THE CLASS CERTIFICATION ORDER
LEAVE TO FILE GRANTED ON NOVEMBER 20, 2012**

Defendants' Reply Memorandum in support of Defendants' Motion to Amend the Class Certification Order begins with factual errors and ends with misreading the case law.

Defendants begin by contending that in their opposition, Plaintiffs did not challenge the factual basis for Defendants' Motion to Amend. Not true. The factual basis for Defendants' proposed amendment was that Plaintiffs had argued in opposition to Defendants' statute of limitations argument that Defendants could not prove actual knowledge against the Class without proving it against the named Plaintiff. As Plaintiffs noted, there was nothing new about this position and the Court had addressed it at class certification. Now, Defendants "respectfully disagree" that this Court previously rejected State Street's argument that Glass Dimensions is not typical of the Class. Reply at 3. They insist that the Court should "reconsider whether Plaintiff's 'ignorance' that it paid securities lending fees (or the amount of those fees) is ground to amend the class certification order." *Id.* The record on this point, however, could not be clearer. State Street argued explicitly in its opposition to class certification that a class could not be certified because Glass Dimensions was unfamiliar with State Street's compensation for securities lending services, whereas other proposed class members allegedly had notice of such compensation. (Dkt. No. 77 at 15-17.) The Court clearly rejected this argument in its Order of August 22, 2012. Order at 14-15.

Having failed to convince the Court of their argument on the motion for class certification, Defendants seize on an argument made by Plaintiffs in opposition to summary judgment as a basis for re-litigating the issue, as though new facts have been disclosed or new arguments made. In support of their position, the State Street defendants mischaracterize Plaintiffs' argument in opposition to summary judgment as one that would permit "a single uninformed plaintiff" to "toll the statute of limitations for all other plans against which the statute has run." Plaintiffs have made no such argument. Plaintiffs' argument in opposition to summary judgment merely recognizes that

a motion for summary judgment, even in a class case, is necessarily directed toward the named Plaintiff. On such a motion, the fate of the class stands or falls with the fate of the Plaintiff. Where the defendant seeking summary judgment concedes a lack of proof with respect to the named Plaintiffs' claims, it can hardly expect to obtain an order granting summary judgment.

The real issues raised by Defendants' motion to amend the class definition are not whether the named Plaintiff's so-called "ignorance" of facts allegedly supporting a limitations defense serves to "toll" the statute of limitations for other class members, but whether the Rule 23 requirements of typicality, predominance and adequacy have been met. These issues, of course, have already been considered and decided by the Court. The authorities cited by Defendants in their surreply do not provide any support for reconsideration of Court's decision or for amending the class definition to exclude any portion of the certified class or establish subclasses. In fact, many of those cases actually support Plaintiffs' position.

In *Smilow v. Southwest Bell Mobile Systems, Inc.* 323 F.3d 32 (1st Cir. 2003), the Court of Appeal denied the defendant's motion to decertify the class and expressly rejected the defendant's argument that class status should be denied because defendant's affirmative defenses would allegedly require individual determinations among class members, precluding a finding that common issues predominated. The court noted the general rule that "[C]ourts traditionally have been reluctant to deny class action status under Rule 23(b)(3) simply because affirmative defenses may be available against individual members." *Id.* at 39 (citations omitted).

State Street relies on language in *Smilow* referencing "procedural mechanisms," including subclassing and excluding certain members from the class, for addressing situations in which the claims of some class members are potentially barred by an affirmative defense. It ignores critical language from the decision, however, placing limitations on the use of those mechanisms.

2

Specifically, the court identified subclassing or selective exclusion of a subset of the proposed class as mechanisms that are available ***if evidence later shows*** that an affirmative defense ***is likely to bar*** claims against at least some class members. *Id.* (emphasis added). Here the Court has made no finding that Defendants' limitation defense is likely to bar the claims of *any* class members. To the contrary, the undisputed evidence is that the documents on which State Street relies for its limitation defense failed to give any class members *actual* knowledge of the securities lending fees charged by State Street, let alone *actual knowledge of the breach or violation*, which is what the statute actually says, against State Street for breach of its fiduciary duties. Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment (Dkt. No. 161) at 13-17. Since actual knowledge of the breach of fiduciary duty is necessary to trigger the shorter three year limitations period on which Defendants' defense depends, there is *no* likelihood that a part of the class will be barred by State Street's limitations defense, regardless of the evidence as to who did or did not receive the so-called "fee disclosures." Indeed, given that merely alleging a fee was excessive and no more is not enough to state a claim, merely knowing the amount of a fee cannot be enough for actual knowledge of a breach of violation. Accordingly, there is no need for subclasses or for re-defining the class to exclude those that Defendants believe are subject to a limitations defense.

      Insofar as State Street casts its argument as a lack of typicality based upon the alleged differences in knowledge between Glass Dimensions and other members of the class, this argument also fails. Here again, Defendants' own authority refutes its position. In *In re TJX Companies Retail Securities Breach Litigation,* 246 F.R.D. 389, 394 (D. Mass. 2007) the court rejected the defendants' argument that the assertion of affirmative defenses against some class membered renders them atypical. Citing *Smilow, In re Sepracor, Inc.,* 233 F.3d 52, 54 (D. Mass. 2005) and *In re Neurontin Mktg. and Sale Practices Litig.* 244 F.R.D. 89, 106 (D. Mass. 2007), the court noted that typicality is to be

3

determined with reference to the defendant's actions, not with respect to particularized defenses it might have against certain class members. It further held that the existence of unique defenses against a named plaintiff will not generally defeat typicality unless the defenses "threaten to become the focus of the litigation." *In re TJX Companies Retail Securities Breach Litigation*, 244 F.R.D. at 394, *citing Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce Fenner & Smith, Inc.,* 903 F.2d 176, 180(2nd Cir. 1990). That is certainly not the case here, where State Street's limitations defense raises but a single issue that has already been fully briefed, *i.e.* whether the alleged disclosures on which State Street relies served to give class members actual knowledge of defendants' breach of fiduciary duty.

State Street's reliance on *Otte ex rel. Estate of Reynolds v. Life Ins. Co of North America,* 275 F.R.D. 50 (2011 D. Mass.) is misplaced, as that case merely illustrates the above point. In *Otte*, the district court's election to certify two subclasses was based on concerns about manageability of claims that were subject to individual affirmative defenses, not on concerns about typicality or the ability of the named plaintiff to "function as a faithful steward of the interests of the entire class." *Id.* at 56. Obviously, the court was concerned that the alleged affirmative defenses against some of the class members in that case might become the focus of the litigation. Here, by contrast, where the documents on which State Street relies were clearly insufficient to provide notice of the actual lending fee collected by defendants and their breach of fiduciary duty, no such concern exists.

This distinction was recognized in *Merrimon v. Unum Life Ins. Co. of America* 845 F.Supp. 2d 310 (D. Maine, 2012), where the court rejected the very argument made by Defendants here, distinguishing *Otte* on the basis that, unlike in *Otte,* the defendants "did not provide disclosure sufficient to illuminate its practices" during the period more than three years prior to the filing of the complaint. *Id.* at 325-326. The same is true in this case. Thus, as the court decided in *Merrimon*, there is "no cause at this time to consider whether to certify a separate class" of those whose claims

4

are allegedly barred by the three year limitations period. *Id.* at 326.

State Street also rejects the idea that the Court "should determine whether the statute of limitations *likely* bars claims of any plans in the class before considering the motion to amend the class certification order," arguing that *Smilow* does not support such a "sequencing" approach. Reply at 5. But, as noted above, such an approach is exactly what *Smilow* contemplates by the language that State Street chooses to ignore, *i.e.* that certifying separate subclasses or excluding certain members of the class are tools available to the Court where "**evidence later shows** that an affirmative defense **is likely to bar** claims against some class members." *Smilow* at 39-40 (emphasis added.) Moreover, the court in *Merrimon* adopted this same approach by evaluating the sufficiency of the disclosures on which the defendant in that case relied to argue that the proposed class was divided by ERISA's three-year statute of limitations defense and finding, based thereon, that defense did not require consideration of separate subclasses. *Merrimon* at 39-40. State Street offers no authority or rationale for why this Court should not take the same approach as was embraced in *Smilow* and *Merrimon* by first considering and deciding whether there is any likelihood, based upon the undisputed evidence, that the defense will bar the claims of any members of the class before entertaining Defendant's motion to amend the class certification order.[1]

Finally, in an effort to re-litigate the "adequacy" requirement of Rule 23, State Street argues that Plaintiff Glass Dimensions is "ill-suited" to litigate whether the alleged disclosures provided

---

[1] In its memorandum of law in support of its motion to amend the class certification order, State Street characterized the alleged 1700 class members which it seeks to have excluded from the class or certified as a separate subclass as having "actual knowledge" of State Street's securities lending fee. Def's Memo at 1. It is undisputed, however, that the so-called disclosure documents on which State Street relies for its limitations defense only described a possible **range** of fees that might be charged, **up to** 50% of securities lending revenue, not the actual fee collected. Moreover, even if the actual fee had been disclosed, such disclosure would not have provided class members with actual knowledge of defendants' breach of their fiduciary duties. Plaintiffs' Reply Memorandum of Law in Further Support of Class Certification at13-16; Plaintiffs Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment (Dkt. No. 161) at 13-17. In its Reply, State Street appears to have abandoned its *assumption* that the documents on which it relies provided actual notice, acknowledging that it is merely an issue raised by its assertion of the three-year limitations defense.

5

actual notice of the claims in this case because it neither received nor relied on the alleged disclosures. Reply at 4. In fact, Glass Dimensions *has* litigated this issue and has done so with the zeal and competence required of a class representative, as reflected by Plaintiff's opposition to Defendant's motion for summary judgment. (Dkt. # 161, at 13-19). That motion is fully briefed and will likely resolve the issue in this case, rendering Defendant's argument in support of its motion to amend the class certification order moot. Even if the issue is not finally decided on the motion for summary judgment, Plaintiff has established its willingness and ability to litigate the issue aggressively on behalf of the class and has no conflict with the interests of the class that would impair or interfere with its ability to do so. *See Otte ex rel. Estate of Reynolds,* 275 F.R.D. at 57. (The controlling test for adequacy requires only that the moving party show that the interests of the representative party will not conflict with those of the class and that counsel chosen by the representative party is qualified, experienced and able to vigorously conduct the proposed litigation).

Moreover, Glass Dimensions has every incentive to aggressively litigate the limitations issue in this case because the alleged facts on which Defendants rely for its limitations defense may yet be asserted against it. Notably, Defendants did not distinguish between Glass Dimensions and other class members in its statement of undisputed material facts on this issue and has never contended or conceded that the alleged fee disclosure documents on which it relies were *not* sent to Plaintiffs. They merely state in their memorandum in support of the motion for summary judgment that State Street "cannot confirm" that Glass Dimensions received the disclosures. Thus, Plaintiffs have a strong interest in defending against the limitations defense to guard against the possibility that Defendants will suddenly turn up "confirmation" that the purported disclosures were sent to it.

For the reasons stated herein and in Plaintiffs' prior memoranda on this issue, Plaintiffs respectfully request that the Court deny Defendant's motion to amend the class certification order.

Dated: November 19, 2012                                    Respectfully submitted,

/S/ Mark T. Johnson

| | |
|---|---|
| Todd S. Collins | Todd M. Schneider |
| Shanon J. Carson | Mark T. Johnson |
| Ellen T. Noteware | SCHNEIDER WALLACE COTTRELL |
| BERGER & MONTAGUE, P.C. | BRAYTON KONECKY LLP |
| 1622 Locust Street | 180 Montgomery Street, Suite 2000 |
| Philadelphia, Pennsylvania 19103 | San Francisco, California 94104 |
| Tel: (215) 875-3040 | Tel: (415) 421-7100 |
| Fax: (215) 875-4604 | Fax: (415) 421-7105 |
| | |
| Matthew P. McCue | Garrett W. Wotkyns |
| Law Office of Matthew McCue | SCHNEIDER WALLACE COTTRELL |
| 179 Union Avenue | BRAYTON KONECKY LLP |
| Framingham, Massachusetts 01702 | 7702 East Doubletree Ranch Road, Suite 300 |
| Tel: (508) 620-1166 | Scottsdale, Arizona 85258 |
| Fax: (508) 820-3311 | |

Gregory Y. Porter
Michael L. Murphy
BAILEY & GLASSER LLP
910 17th Street, NW
Suite 800
Washington, D.C. 20006
Tel: (202) 463-2101
Fax: (202) 463-2103

John Roddy (BBO # 424240)
Elizabeth Ryan (BBO # 549632)
BAILEY & GLASSER LLP
125 Summer Street, Suite 1030
Boston, MA 02110
Tel: (617) 439-6730
Fax: (617) 951-3954

Brian A. Glasser
BAILEY & GLASSER LLP
209 Capitol Street
Charleston, WV 25301
Tel: (304) 345-6555
Fax: (304) 342-1110

*Attorneys for Plaintiffs*

**Certificate of Service**

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on November 27, 2012.

/s/ Mark T. Johnson