IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Glass Dimensions, Inc. on behalf of the Glass Dimensions, Inc. Profit Sharing Plan and Trust, *and all others similarly situated*, <br><br> Plaintiffs, <br><br> v. <br><br> State Street Corporation, State Street Bank and Trust Co., and State Street Global Advisors, <br><br> Defendants. | CIVIL ACTION NO: 1:10-CV-10588 (JLT) |

## PLAINTIFF'S RESPONSE TO DEFENDANTS' SUBMISSION AND REDUNDANT MOTION TO AMEND CLASS DEFINITION

Plaintiffs respectfully submit the following response and objections to the January 22, 2012 filings of Defendants State Street Corporation and State Street Bank and Trust Company (together with its State Street Global Advisors division) concerning their Motion to Amend the Class Definition. (Dkt. No. 208 and Dkt. No. 209). For the reasons described herein, these submissions are improper and should be stricken and/or not considered by the Court.

On January 7, 2013, at the hearing on several motions in this case, including Defendants' Motion to Amend the Class Definition and the Motion of Goodyear VEBA to Intervene, the Court asked the parties to meet and confer to determine whether they could reach agreement on the definition of the certified class. The Court did not authorize or invite the parties to file additional submissions in support of their respective motions. Nor did it request unilateral proposed orders from either party. In fact, the Court expressly declined the offer of counsel for

Defendants to submit a proposed order.

Notwithstanding the limits of the Court's request to the parties, Defendants have now filed additional argument in support of their motion to amend the class definition and, inexplicably, another document entitled "Defendants' Motion to Amend the Class Certification Order." Both of these documents purport, incorrectly, to be in response to the Court's January 7, 2013 direction to the parties to meet and confer. Moreover, the new "motion" filed by Defendants seeks precisely the same relief as was sought by their original Motion to Amend the Class Definition, which is still pending before the Court. In essence, in the guise of reporting back to the Court on the meet and confer process, Defendants have submitted additional and redundant papers in support of their position for which there is no need and no justification. In addition, Defendants' submissions imply that Plaintiffs did not participate in good faith in the meet and confer process that the Court requested. As discussed below, this implication is false.

First, although Defendants inform the Court in their submission that they circulated to Plaintiffs a proposal for discussion at the meet and confer, they do not attach that proposal as an exhibit (as they do the proposal that Plaintiffs circulated prior to the meet and confer) or describe its contents. This omission conceals the fact that State Street's "proposal" was not a proposed compromise at all, but a stipulation and proposed order for the very relief that Defendants seek from this Court on their pending Motion to Amend the Class Definition. Upon their review of this "proposal," Plaintiffs' counsel anticipated that Defendants would not consider any possible stipulation for submission to the Court other than a stipulation that would effectively grant the Motion to Amend the Class Definition, and would use the failure to reach agreement at the meet and confer as an excuse for filing their proposed order. Plaintiffs' proposed order, which Defendants attach as Exhibit A to their submission, merely responded in

kind, and was intended to set forth Plaintiffs' position and suggest what they would file with the Court if the parties could not reach agreement and Defendants proceeded to file their proposed order.

In good faith, Plaintiffs met and conferred with Defendants on January 18, 2013. Not surprisingly, the parties were unable to identify any compromise solution. The simple fact is that both sides were at a loss to identify an amendment to the class definition that would be acceptable to both.[1] Plaintiffs proposed to Defendants that the Court hold the motion to amend in abeyance because sub-classing would not be necessary if the disclosures identified by Defendants did not convey actual knowledge because none of the members of the certified class would have their claims barred by receipt of such a disclosure. Defendants demurred. Plaintiffs then asked Defendants if they could think of any proposal that did not involve sub-classing or excluding retirement plans that received the alleged disclosures. Defendants again demurred. Having attempted and failed to reach agreement, the parties needed, of course, to inform the Court of that fact. Plaintiffs suggested to Defendants that the parties simply inform the Court that they could not reach agreement and that Plaintiffs would only file a document in response to a filing by Defendants. Defendants' post hearing submissions do not serve that limited purpose, and should be disregarded and stricken by this Court.

One last point need be made. Following the January 7, 2013 hearing, in the January 14, 2013 Memorandum, the Court resolved a question with respect to the class definition. In ruling on Goodyear VEBA's Motion to Intervene, the Court found, *inter alia:* "It appears that the Goodyear Plan is not a member of the certified class." (Dkt. No. 205, p. 3.) Goodyear VEBA invested in Defendants' Common Trusts, not Defendants' Collective Trusts. By this finding, the

---

[1] As the Court will recall, Mr. Rudman, counsel for Defendants, stated at the hearing that the possibility of reaching agreement on this issue was as likely as negotiating peace in Syria. It is no surprise, then, that the meet and confer process was not successful. Plaintiffs, however, have offered an alternative -- holding the issue in abeyance until the Court decides the "actual notice/disclosure" issue on the pending motions for summary judgment.

Court appeared to resolve the principal question with respect to the composition of the certified class, ruling that the certified class includes fund investors in Defendants' Collective Trusts but not their Common Trusts. Accordingly, in light of the Court's January 14, 2013 Memorandum, the Court obviated or at least reduced the possibility of any confusion as to the scope and definition of the certified class.

## Conclusion

Unfortunately, notwithstanding the Court's direction at the January 7, 2013 hearing, the parties cannot reach agreement as to a form of order with respect to the definition of the certified class. In light of this, Plaintiffs respectfully suggest that the proper course is for the Court to refrain from ruling with respect to Defendants' Motion to Amend the Class Definition until such time as the Court rules on the pending motions for summary judgment. In addition, the Court should disregard Defendants' redundant and unnecessary submissions of January 22, 2013 (Dkt. No. 208 and Dkt. No. 209).

Dated: January 25, 2013                                    Respectfully submitted,

/s/ Todd S. Collins

Todd M. Schneider
SCHNEIDER WALLACE COTTRELL
BRAYTON KONECKY LLP
180 Montgomery Street, Suite 2000
San Francisco, CA 94104
Tel: (415) 421-7100
Fax: (415) 421-7105

Todd S. Collins
Shannon J. Carson
Ellen T. Noteware
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Tel: (215) 875-3040
Fax: (215) 875-4604


Garrett W. Wotkyns
SCHNEIDER WALLACE COTTRELL
BRAYTON KONECKY LLP
7702 E. Doubletree Ranch Road, Suite 300
Scottsdale, Arizona 85258

Gregory Y. Porter
BAILEY & GLASSER LLP
910 17th Street, NW
Suite 800
Washington, DC. 20006
Tel: (202) 463-2101
Fax: (202) 463-2103

Brian A. Glasser
Michael L. Murphy
BAILEY & GLASSER LLP
209 Capitol Street
Charleston, WV 25301
Tel: (304) 345-6555
Fax: (304) 342-1110

John Roddy
BAILEY & GLASSER LLP
125 Summer Street
10th Floor, Suite 1030
Boston, MA
(617) 439-6730
(617) 951-3954

*Attorneys for Plaintiffs*