IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **Glass Dimensions, Inc. on behalf of the Glass Dimensions, Inc. Profit Sharing Plan and Trust,** *and all others similarly situated*, <br><br> Plaintiffs, <br><br> v. <br><br> **State Street Corporation, State Street Bank & Trust Co., and State Street Global Advisors,** <br><br> Defendants. | **CIVIL ACTION NO: 1:10-CV-10588 (JLT)** <br><br> Leave to File Granted March 21, 2013 |

**PLAINTIFF'S SUPPLEMENTAL AUTHORITY IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

In opposition to summary judgment and in seeking summary judgment, State Street Bank and Trust Company ("State Street") argued that it was free to collect a fee of 50% of securities lending income, no matter how unreasonable the amount of that fee, because fiduciaries for plans agreed to it. *See* Memorandum of Law in Support of Defendants' Motion for Summary Judgment ("Defs' Brf.") [Dkt. 110], at 15-18, Defendants' Memorandum Of Law In Opposition To Plaintiffs' Motion For Summary Judgment ("Defs' Opp.") [Dkt 157] at 27-28.

In *Santommeno v. Transamerica Life Ins. Co.*, 12-02782 (C.D. Cal. Feb. 19, 2013), Exhibit A hereto, the court resoundingly rejected State Street's arguments.

First, the court explained that trust law, not contract law, governed whether the defendants' fees were reasonable. *Id.* at 8-9.

Second, the court flatly rejected the proposition that the defendant fiduciaries were free to

collect unreasonable fees simply because they were not fiduciaries when they negotiated the fee.[1] *Id.* at 12-13. As the court explained:

> The *reductio ad absurdum* of the principle that a future fiduciary is not responsible for the terms of its own compensation is that the fiduciary could negotiate for a fee of 99% of each separate account and still be considered to be fulfilling its fiduciary duty of managing the separate account simply because it negotiated this fee by contract. The contract can immunize the future fiduciary TLIC from fiduciary breach no more than it can immunize the employer. To hold otherwise would allow fiduciaries to contract themselves out of their duties, so long as it was done prior to the assumption of those duties.

*Id.* at 13.

Third, even where a contract has supposedly been negotiated at arm's-length (and there is no evidence of that in this case against State Street), the contract does not permit a fiduciary to collect an unreasonable fee. *Id.* at 13-15.

Fourth, the court held that because the defendant fiduciaries had discretion over their fee, as State Street did (and does) here, it was a fiduciary for that purpose and could not escape a claim that the fee was unreasonable. *Id.* 15-18.

In sum, Judge Pregerson rejected every single argument advanced by State Street regarding fiduciary status and contractual entitlement with respect to its unreasonably high fee.

---

[1] In this case, State Street was, in fact, already a fiduciary when it selected itself and set its compensation. Plaintiff's Reply Memorandum of Law in Support of Summary Judgment ("Plaintiff's Reply") at 5. (On page 5 of Plaintiffs' Reply, we make the following citation, *See Pineiro v. PBGC*, 318 F. Supp. 2d 67, 93 (S.D.N.Y. 2003); *see generally* note 2, *supra*. The second citation should be to note 3.

Dated: March 21, 2013                                                                    Respectfully submitted,

/S/ Gregory Y. Porter
Todd M. Schneider                                                                        Gregory Y. Porter
Mark T. Johnson                                                                          BAILEY & GLASSER LLP
SCHNEIDER WALLACE COTTRELL                                               910 17th Street, NW
BRAYTON KONECKY LLP                                                              Suite 800
180 Montgomery Street, Suite 2000                                              Washington, DC 20006
San Francisco, CA 94104                                                               Tel: (202) 463-2101
Tel: (415) 421-7100                                                                          Fax: (202) 463-2103
Fax: (415) 421-7105

John Roddy (BBO # 424240)
Garrett W. Wotkyns                                                                        Elizabeth Ryan (BBO # 549632)
SCHNEIDER WALLACE COTTRELL                                               BAILEY & GLASSER LLP
BRAYTON KONECKY LLP                                                              125 Summer Street, Suite 1030
7702 E. Doubletree Ranch Road, Suite 300                                   Boston, MA 02110
Scottsdale, Arizona 85258                                                                Telephone: (617) 439-6730
Fax: (617) 951-3954

Todd S. Collins
Ellen T. Noteware                                                                          Brian A. Glasser
BERGER & MONTAGUE, P.C.                                                        BAILEY & GLASSER LLP
1622 Locust Street                                                                          209 Capitol Street
Philadelphia, PA 19103                                                                   Charleston, WV 25301
Tel: (215) 875-3040                                                                          Tel: (304) 345-6555
Fax: (215) 875-4604                                                                         Fax: (304) 342-1110

Matthew P. McCue                                                                         *Attorneys for Plaintiff*
Law Office of Matthew McCue
179 Union Ave.
Framingham, MA 01702
Tel: (508) 620-1166

## Certificate of Service

  I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic File (NEF) and paper copies will be sent to those indicated as non-registered participants on March 21, 2013.

                 */s/ Gregory Y. Porter*
                 Gregory Y. Porter