IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Glass Dimensions, Inc. on behalf of the Glass Dimensions, Inc. Profit Sharing Plan and Trust, *and all others similarly situated*, <br><br> Plaintiffs, <br><br> v. <br><br> State Street Corporation, State Street Bank & Trust Co., and State Street Global Advisors, <br><br> Defendants. | CIVIL ACTION NO: 1:10-CV-10588 (JLT) <br><br> Leave to File Granted August 8, 2013 |

**PLAINTIFF GLASS DIMENSIONS, INC.'S COMBINED REPLY MEMORANDUM IN SUPPORT OF MOTIONS FOR AN ORDER LIMITING DEFENDANT'S COMMUNICATIONS WITH CLASS MEMBERS AND FOR APPROVAL OF CLASS NOTICE**

In the interest of economy, Plaintiff submits a single reply memorandum in support of two related motions: (A) Plaintiff Glass Dimension's Motion For An Order Under Fed. R. Civ. P. 23(d) Limiting Defendants' Communications With Class Members [Dkt 251]; and (B) Plaintiff's Motion For An Order: (1) Approving The Form And Manner Of Notice To The Class, (2) Establishing The Process By Which Class Members May Exclude Themselves From The Action, And (3) Making Minor, Non-Substantive Modifications To The Class Definition [Dkt. 247].

The Court certified a class of ERISA plans that participated in Defendants' ("State Street") securities lending program. Although discovery has been closed for over eighteen months, State Street wants to contact absent class members, interview them to see if they will provide favorable testimony, and induce them to appear at trial on State Street's behalf. Plaintiff asks the Court to issue an order under Fed. R. Civ. P. 23(d) prohibiting State Street and its counsel from communicating with class members about this lawsuit and to approve a class notice that directs class members not to contact State Street or its lawyers.

In support of its motions, Plaintiff argues: (1) the professional rules of conduct prohibit communications with represented parties, such as class members here; (2) State Street proposes informal, ex parte discovery of absent class members eighteen months after discovery has closed without making any attempt to show good cause; and (3) the purpose of State Street's communications is to undermine class claims and the claims of the individual class members whom State Street hopes will testify.

State Street begins its opposition by misrepresenting the holding of *In re School Asbestos Litig.*, 842 F.2d 671, 683 (3d Cir. 1988). It claims the case holds that Rule 23(d) "requires" Plaintiff to show "blatant misconduct" and efforts to "affect class members' decision to participate in the litigation or to undermine class plaintiffs' cooperation with or confidence in class counsel." Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for an Order Under Fed. R. Civ. P. 23(d)

1

("23(d) Opp.") [Dkt 266] at 3 and n.3 (quoting *In re School Asbestos Litig.*, 842 F.2d at 682). But the Third Circuit was merely describing the facts on which *prior* orders had been based, not articulating a standard. Only a few sentences later, the court said the authority under Rule 23(d) "*is not* limited to communications that mislead or otherwise threaten to create confusion and to influence the threshold decision whether to remain in the class." 842 F.2d at 683 (emphasis added). Thus communications that are not "litigation neutral" and intended to "protect defendants' pecuniary interests by influencing decisions that will determine defendants' ultimate potential liability in the litigation" may be restricted. 842 F.2d at 682-83. That standard applies here. State Street and its lawyers cannot possibly engage in "litigation neutral" communications with class members at this stage of the case. State Street is adverse to the class. The very purpose of its proposed communications with class members is to help State Street defeat the claims of the class at trial, that is, to protect State Street's "pecuniary interests" by "influencing" a "decision" to testify at trial so as to reduce State Street's "ultimate potential liability." In sum, this case fits squarely within the standard articulated by the Third Circuit in *In re School Asbestos Litig.*

      State Street next states that Plaintiff cites no authority "for the proposition that a request by defense counsel for trial testimony by class members amounts to" "serious abuse." 23(d) Opp. at 3. Plaintiff did in fact cite a case addressing circumstances similar to those here, where a defendant sought to conduct ex parte interviews of actual class members represented by class counsel, months after discovery had closed, for the purpose of soliciting testimony that would harm the class and individual class members. *See Kirola v. City and County of San Francisco*, No. 7-3685, 2010 WL 3505041, at *1 (N.D. Cal. Sept. 7, 2010) (cited at pages 8-9 of Plaintiff's opening memorandum of law). In *Kirola, after* failing to identify all but one class member in Rule 26 disclosures, *after* failing to take discovery from class members, *after* the close of discovery, and *after* the class had been certified, the defendant argued that "free communication with [certain] class members [was] essential to allow the

[defendant] to prepare adequately for trial. [The defendant] argue[d] it must be allowed to present their testimony at trial to establish … the core issue in [the] case." *Id.*, 2010 WL 3505041, at *1.

The court rejected the defendant's argument. It noted that the defendant did not explain why it did not use the discovery process to obtain information from the class members and failed to identify all but one of the class members in its Rule 26 disclosures. Further, the "nebulous need to 'prepare for trial'" was not sufficient justification for allowing the "extraordinary relief" of excepting communications with class members from the ethical prohibitions on ex parte communications. *Id.* at 2. Like the defendant in *Kirola*, State Street does not explain its discovery failures. State Street's "nebulous" reason to put on testimony to help its case does not justify the extraordinary relief that it seeks. Instead, State Street blithely states that the "ethical bars" identified in *Kirola* can be washed away by an order from this Court. 23(d) Opp. at 7. In other words, State Street fails utterly to distinguish *Kirola*, saying only that this Court can do what it wants.

Next, State Street argues that the restrictions sought by Plaintiff are "not the narrowest possible relief." 23(d) Opp. at 5-7. State Street's entire argument on this point rests on a colloquy between the Court and State Street's counsel at the April 1, 2013 pretrial conference. At the time, there was no motion pending regarding such communications, and the parties had not submitted briefs on the propriety of such communications. The relevant authorities, now before the Court, make clear that this Court can and should restrict State Street's communications with class members.

Further, although State Street argues that the Court "can permit" its proposed communications with class members, it fails to address whether the Court "should" permit such communications. The two cases closest to the facts of this case support an order prohibiting such communications. In the *Kirola* case, discussed above, the judge barred communications under similar circumstances to those present here. In *Fulco Continental Cablevision*, the court rejected the defendant's excuses for not having interviewed class members prior to certification and the close of discovery.

3


789 F.Supp. 45, 47-48 (D. Mass 1992). Although it found the failure to interview class members within the normal discovery period and prior to certification, "inexplicable," *id.* at 48, it gave the benefit of the doubt to defendant, "assuming it was merely being overzealous in upholding its perceived [ethical] obligations," and allowed interviews under tightly controlled circumstances. *Id.* Here, by contrast, State Street has made no effort whatsoever to explain or excuse its discovery failures. Consider also the requirements imposed by the *Fulco* court:

> All interviews will occur only with each such individual's express written consent to such an interview and only on the subject of that individual's actions, if any, with respect to the solicitation that plaintiffs have alleged was fraudulently conducted. All requests for interviews should be made only through class counsel, and class counsel shall be present at the interview if the employee so requests.

*Id.* If *Fulco* is authority for the relief State Street seeks, then the Court should impose the same requirements as the court imposed in *Fulco*. Given State Street's stated intent to interview dozens if not hundreds of class members, any order adopting *Fulco* would essentially reopen discovery for months, prejudicing the class and significantly delaying a final resolution of this matter.[1]

State Street also opposes Plaintiff's proposed class notice, arguing: (1) defense counsel are routinely identified in the class notice; (2) the admonition not to contact defense counsel is intended

---

[1] The other authorities cited by State Street are unavailing or miscited. To be sure, the court in *In re Nassau Cnty. Strip Search Cases*, 99-cv-3126, 2009 WL 1456011, at *2 (E.D.N.Y. May 20, 2009), recognized that *Fulco* permitted contacts with class members under court supervision. But the court nevertheless rejected defendants' request for ex parte contacts and said that defendants could simply notice the depositions of absent class members during discovery. Here, of course, discovery is closed. As for *Gortat v. Capala Bros.*, No. 7-3629, 2010 WL 1879922, at *3 (E.D.N.Y. May 10, 2010), it did not, as State Street suggests, cite *Fulco* for the proposition that court-permitted contacts pass ethical muster. *Gortat* cited *Fulco* twice, at 2010 WL 1879922 *2, for a different proposition -- that class members are represented parties. That's it. There is nothing on the page State Street cites, *6, about *Fulco* or the proposition that State Street claims was asserted. More importantly, however, the court in *Gortat* ordered defendants and their lawyers not to communicate with class members about the lawsuit. It is hard to see how that case helps State Street.

4

to suppress the truth; (3) nothing in the rules prevent class members from contacting defendant's counsel before the opt out period; and (4) notice should include a summary of defendant's position.[2]

The first three arguments should be rejected for all the reasons explained above. In other words, if State Street cannot communicate with class members of about this lawsuit, there is no need to identify defense counsel, class members should be advised against contacting State Street, and no matter who initiates a discussion about the lawsuit, State Street should not talk about it with class members. Finally, State Street complains that the proposed notice omits descriptions of its position on the lawsuit. State Street did not raise this issue in the meet and confer over class notice, although Plaintiff's gave it the opportunity to do so. Declaration of Mark T. Johnson, dated June 18, 2013 (Dkt. 249, ¶¶ 6-9). Nonetheless, Plaintiffs do not object to the inclusion of the additional language concerning State Street's position in the litigation. The admonition to class members that they should not contact State Street or its Counsel about the lawsuit, however, should not be omitted.

In sum, State Street devotes most of its opposition to explaining that the Court *can* permit the communications that it seeks, but spends very little time addressing whether the Court *should* allow the communications. The case law is squarely against it on that front. Further, if the Court were to allow State Street to interview absent class members at this late stage of the case, Plaintiff submits that the protocol imposed by *Fulco* is the only fair way to go about it.[3]

---

[2] Defendants' Memorandum of Law in Opposition to Plaintiff's Motion For An Order: (1) Approving The Form And Manner Of Notice To The Class, (2) Establishing The Process By Which Class Members May Exclude Themselves From The Action, And (3) Making Minor, Non-Substantive Modifications To The Class Definition ("Class Notice Opp.") [Dkt XX].

[3] We do not address Part II of State Street's memorandum because we agree that the issue presented therein is properly addressed on pretrial evidentiary motions. That said, because State Street has submitted improper evidence in support of its opposition to class notice, Plaintiff has moved to strike that evidence. [Dkt. 271]
...

5

Dated: August 8, 2013

Todd M. Schneider
Mark T. Johnson
SCHNEIDER WALLACE COTTRELL
BRAYTON KONECKY LLP
180 Montgomery Street, Suite 2000
San Francisco, CA 94104
Tel: (415) 421-7100
Fax: (415) 421-7105

Garrett W. Wotkyns
SCHNEIDER WALLACE COTTRELL
BRAYTON KONECKY LLP
7702 E. Doubletree Ranch Road, Suite 300
Scottsdale, Arizona 85258

Brian A. Glasser
Michael L. Murphy
BAILEY & GLASSER LLP
209 Capitol Street
Charleston, WV 25301
Tel: (304) 345-6555
Fax: (304) 342-1110

Respectfully submitted,

/s/ Gregory Y. Porter
Gregory Y. Porter
BAILEY & GLASSER LLP
910 17th Street, NW
Suite 800
Washington, DC 20006
Tel: (202) 463-2101
Fax: (202) 463-2103

Todd S. Collins
Shanon J. Carson
Ellen T. Noteware
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Tel: (215) 875-3040
Fax: (215) 875-4604

John Roddy
Elizabeth Ryan
BAILEY & GLASSER LLP
125 Summer Street
10th Floor, Suite 1030
Boston, MA 02110
Tel: 617-439-6730
Fax: 617-951-3954

*Attorneys for Plaintiff*

## **Certificate of Service**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic File (NEF) and paper copies will be sent to those indicated as non-registered participants on August 8, 2013.

                                                      */s/ Gregory Y. Porter*
                                                      Gregory Y. Porter