IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Glass Dimensions, Inc. on behalf of the Glass Dimensions, Inc. Profit Sharing Plan and Trust, *and all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>State Street Corporation, State Street Bank and Trust Co., and State Street Global Advisors,<br><br>Defendants. | CIVIL ACTION NO: 1:10-CV-10588 (JLT)<br><br>ORAL ARGUMENT REQUESTED |

### DEFENDANTS' MOTION TO COMPEL THE PRODUCTION OF INFORMATION AND DATA ON WHICH PLAINTIFF'S EXPERT JOHN A. TABACCO, JR. RELIED IN FORMING HIS OPINIONS

Pursuant to Federal Rules of Civil Procedure 26 and 37, Local Rules 7.1 and 37.1, and for the reasons set forth in the accompanying Memorandum of Law, Defendants State Street Corporation and State Street Bank and Trust Company (together with its State Street Global Advisors division) ("Defendants") respectfully move this Court to compel Plaintiff to produce the complete LocateStock.com data base on which its expert, John A. Tabacco, Jr., relied in forming the opinions expressed in his report, as well as a data dictionary sufficient to enable State Street to understand the data.

As set forth more fully in the Memorandum of Law, Plaintiff has refused to produce the complete LocateStock.com data base that Tabacco used in formulating his opinion that State Street disadvantaged the Lending Funds in the negotiation of rebate rates with borrowers of the Funds' securities. This Court cited Tabacco's report as creating a material issue of disputed fact

with respect to summary judgment on Count II of the Amended Complaint; specifically, State Street's compliance with Prohibited Transaction Exemption ("PTE") 2006-16. The data on which Tabacco based his opinion is required for examination of Tabacco at trial. Plaintiff also has refused to provide a data dictionary, which is necessary to understand the limited data produced with Tabacco's report. State Street requested the data and information by letters dated March 13, March 22, April 5, April 30 and June 21, 2013, as well as during a June 26, 2013 teleconference. The Court should compel Plaintiff to produce the complete LocateStock.com data base and a data dictionary sufficient to enable State Street to understand the data.

WHEREFORE, for the reasons set forth more fully in Defendant's Memorandum of Law, Defendants respectfully request that the Court enter an Order compelling Plaintiff to produce (1) the complete LocateStock.com data base, and (2) a data dictionary sufficient to enable State Street to understand the LocateStock.com data.

## REQUEST FOR ORAL ARGUMENT

Defendants believe that oral argument may assist the Court in deciding the issues presented by this Motion. Defendants accordingly request a hearing pursuant to Local Rule 7.1(d).

Dated: August 15, 2013

Respectfully submitted,

/s/ Lori A. Martin
Lori A. Martin (*pro hac vice*)
Brad E. Konstandt (*pro hac vice*)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
250 Greenwich St.
New York, NY 10007
Telephone: (212) 230-8800
Facsimile: (212) 230-8888
lori.martin@wilmerhale.com

Jeffrey B. Rudman (BBO #433380)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000
jeffrey.rudman@wilmerhale.com

*Counsel for Defendants State Street Corporation and State Street Bank and Trust Company (including its division State Street Global Advisors)*

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULES 7.1 AND 37.1

I, Brad E. Konstandt, certify that Defendants have conferred with counsel for Plaintiff, by letter, email and by teleconference dated June 26, 2013, regarding production of the LocateStock.com data base and a data dictionary necessary to understand the LocateStock.com data. During the June 26, 2013 teleconference, counsel for Defendants (Jeffrey Rudman) advised counsel for Plaintiff (Todd Collins) that Defendants intended to move to compel production of the LocateStock.com data base and a data dictionary if Plaintiff did not produce the data. Although counsel for Plaintiff advised Defendants on June 27, 2013 that it was formulating a response to Defendants' requests, Plaintiff has not provided a response to date. Counsel have been unable to resolve or narrow the issues presented in this Motion.

/s/ Brad E. Konstandt

Brad E. Konstandt

## CERTIFICATE OF SERVICE

I hereby certify that on August 15, 2013, I caused a copy of **DEFENDANTS' MOTION TO COMPEL THE PRODUCTION OF INFORMATION AND DATA ON WHICH PLAINTIFF'S EXPERT JOHN A. TABACCO, JR. RELIED IN FORMING HIS OPINIONS** to be served electronically, via the electronic filing system, on the registered participants as identified on the Notice of Electronic Filing (NEF), and by first-class mail on those indicated as non-registered participants.

_____
Brad E. Konstandt