## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **Glass Dimensions, Inc. on behalf of the Glass Dimensions, Inc. Profit Sharing Plan and Trust,** *and all others similarly situated,*<br><br>Plaintiffs,<br><br>v.<br><br>**State Street Corporation, State Street Bank & Trust Company,**<br>**and State Street Global Advisors,**<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   **CIVIL ACTION NO: 1:10-CV-10588 (JLT)** |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL THE PRODUCTION OF INFORMATION AND DATA ON WHICH PLAINTIFF'S EXPERT JOHN A. TABACCO, JR. RELIED IN FORMING HIS OPINIONS

Jeffrey B. Rudman (BBO #433380)
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

Lori A. Martin (*pro hac vice*)
Brad E. Konstandt (*pro hac vice*)
WILMER CUTLER PICKERING
HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: (212) 230-8800
Facsimile: (212) 230-8888

*Counsel for Defendants State Street Corporation and State Street Bank and Trust Company (including its division State Street Global Advisors)*

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ......................................................................................................... ii

**PRELIMINARY STATEMENT** ...................................................................................................1

**STATEMENT OF FACTS** ............................................................................................................2

      **A.**      **Plaintiff Has Refused to Produce Information that Tabacco Considered in Forming His Opinion** ........................................................................................3

      **B.**      **It is Impossible to Verify That There is an Actual Data Base That Forms the Basis of Tabacco's Opinion In This Case** ..........................................4

      **C.**      **Tabacco's Veracity Presents Particular Issues of Concern** ..............................4

**ARGUMENT** ................................................................................................................................7

**I.**      **FEDERAL RULE 26 REQUIRES PLAINTIFF TO PRODUCE TO STATE STREET THE LOCATESTOCK.COM DATA BASE AND A DATA DICTIONARY SUFFICIENT TO INTERPRET THE DATA** ........................7

      **A.**      **Plaintiff Should Be Compelled to Produce the Entirety of the LocateStock.com Data Base** ..................................................................................8

      **B.**      **Plaintiff Should Produce a Data Dictionary to Interpret the Fields of the LocateStock.com Data Base** ...................................................................9

**CONCLUSION** ...........................................................................................................................11

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Capacchione v. Charlotte-Mecklenburg Schools*,
186 F.R.D. 335 (W.D.N.C. 1998) ...........................................................9

*Chartier v. Brabender Tech., Inc.*,
No. 08-40237-FDS, 2011 WL 4732940 (D. Mass. Oct. 5, 2011)..............7

*Chevron Corp. v. Shefftz*,
754 F. Supp. 2d 254 (D. Mass. 2010) .....................................................7

*Fialkowski v. Perry*,
Civ. A. No. 11–5139, 2012 WL 2527020 (E.D. Pa. June 29, 2012) ........9

*Gay v. Stonebridge Life Ins. Co.*,
660 F.3d 58 (1st Cir. 2011).....................................................................8

*Invista N. Am. S.A.R.L. v. M&G USA Corp.*,
Civ. No. 11-1007-SLR-CJB, 2013 WL 3216109 (N.D. Ill. June 25, 2013) ............................9

*JJI Int'l, Inc. v. Bazar Grp., Inc.*,
C.A. No. 11-206ML, 2013 WL 3071299 (D.R.I. Apr. 8, 2013)...........................7, 9

*Laplace-Bayard v. Batlle*,
295 F.3d 157 (1st Cir. 2002)....................................................................7

*Lohnes v. Level 3 Commc'ns, Inc.*,
272 F.3d 49 (1st Cir. 2001)......................................................................8

*Norris v. Murphy*,
No. 00-125899-RBC, 2003 WL 21488640 (D. Mass. June 26, 2003) .....7

*Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo Y Beneficiencia de Puerto Rico*,
248 F.3d 29 (1st Cir. 2001)......................................................................8

*Poulis-Minott v. Smith*,
388 F.3d 354 (1st Cir. 2004)....................................................................7

*R.C. Olmstead, Inc. v. CU Interface, LLC*,
657 F. Supp. 2d 905 (N.D. Ohio 2008).................................................8, 10

*Taylor v. Erna*,
Civ. A. No. 08-10534-DPW, 2009 WL 2425839 (D. Mass. Aug. 3, 2009) .............7

*Valladon v. City of Oakland*,
No. C 06-07478 SI, 2009 WL 3401263 (N.D. Cal. Oct. 20, 2009) ........10

Defendants State Street Corporation and State Street Bank and Trust Company (together, with its division, State Street Global Advisors) ("State Street") respectfully submit this memorandum of law in support of their Motion to Compel the Production of Information and Data On Which Plaintiff's Expert John A. Tabacco, Jr., Relied in Forming His Opinions.

## PRELIMINARY STATEMENT

This is a motion to compel production of information regarding the LocateStock.com data base that Plaintiff's expert, John A. Tabacco, Jr. ("Tabacco"), used in formulating his opinion that State Street disadvantaged the Lending Funds in the negotiation of rebate rates with borrowers of the Funds' securities. Report of John A. Tabacco, Jr., dated March 11, 2013 ("Tabacco Report") at ¶¶ 17, 31, 35 (Dkt. 225, filed under seal). This Court cited the Tabacco Report as creating a material issue of disputed fact regarding State Street's compliance with Prohibited Transaction Exemption ("PTE") 2006-16. Order, dated March 21, 2013, at 17 & n.66 (Dkt. 228). The data on which Tabacco based that opinion is required for examination of Tabacco at trial. Plaintiff has refused to produce the data base, and also refused to provide a data dictionary to understand the limited data produced with the report. This Court should order Plaintiff to produce that information to State Street.

*First and foremost*, Rule 26 of the Federal Rules of Civil Procedure requires a party to provide the facts or data considered by an expert witness in forming his opinions. Tabacco claims that his opinions are based upon "securities loan rebate data provided by the proprietary database of LocateStock.com." Tabacco Report at ¶ 15; *see also id.* at ¶¶ 13, 30, 33. Without the data base, State Street cannot test the opinions that Tabacco allegedly drew from his data.

*Second*, whether any data actually supports Tabacco's opinion is especially important in this case, where the known facts about Tabacco are more than casually gruesome. Plaintiff's expert has been barred for life from the securities industry for unauthorized trading in customer

accounts.  Tabacco also offered securities for sale in the State of New Hampshire, where he was never licensed.  The State of New Hampshire alleged that Tabacco had, yet again, engaged in a "fraudulent or deceptive device to effect transactions in a customer's account without his knowledge."  The State also sued Tabacco's employer, for failing to prevent Tabacco from selling securities in that State.

Although Plaintiff contends that his fraudulent conduct is ancient history,[1] for three different reasons nothing in his recent history suggests that Tabacco has turned over a new leaf. First, he is apparently a defendant in or the subject of literally dozens of lawsuits, liens, and judgments, possibly as many as 100.  Indeed, it appears that as recently as August 2012 the federal government filed a tax lien against Tabacco.  Second, on June 24, 2013, Tabacco appeared on The Daily Show on Comedy Central where he, very publicly, found amusement in rape.  *See* http://www.youtube.com/watch?v=McILmDLioYU (at 9:00-9:30).  Third, the report submitted by Tabacco in this matter omits his association with highly questionable firms.

Leaving aside all the difficulties that surround Tabacco, Defendants are entitled to examine his data base to demonstrate that the substance of his opinion is as false as his bona fides to render an expert opinion in this case.

## STATEMENT OF FACTS

In order to avoid the entry of judgment in favor of State Street on Count II of the Amended Complaint, Plaintiff submitted an expert report by Tabacco.  (Dkt. 220 & 225, filed under seal.)  Tabacco contends that State Street did not negotiate favorable rebate rates for the Lending Funds.  Tabacco Report at ¶¶ 17-19, 31-36.  Tabacco based this opinion exclusively on historical data contained in his LocateStock.com data base.  *Id.* at ¶¶ 13, 15, 30.  This Court cited

---

[1]     *See* Transcript of March 14, 2013 Hearing at 49 (Dkt. 231).

the Tabacco Report in denying State Street's motion for summary judgment on Count II of the
Amended Complaint, reasoning that Tabacco's conclusions regarding the quality of State
Street's negotiation of rebate rates on behalf of the Lending Funds raised a material issue of
disputed fact.  Order, dated March 21, 2013, at 17 & n.66 (Dkt. 228).  Notwithstanding the
importance of this opinion to the Court's formulation of the issues to be considered at trial,
Plaintiff has refused to produce all the information on which Tabacco based his opinion.

### A.   Plaintiff Has Refused to Produce Information that Tabacco Considered in Forming His Opinion

State Street has made multiple requests for the data utilized by Tabacco in formulating
his opinion regarding State Street's rebate rates.  These requests include letters dated March 13,
March 22 and April 5, 2013.  *See* Exhibit A to the Declaration of Brad E. Konstandt, dated
August 15, 2013 ("Konstandt Decl.").  On April 8, 2013, Plaintiff purported to produce the "raw
Locate Stock data."  Konstandt Decl., Ex. B.  The data Plaintiff provided was incomplete and did
not permit a review by State Street's experts.  *See* the Declaration of Andrew Wong, Ph.D., dated
August 15, 2013 ("Wong Decl.") at ¶¶ 6-22.  Included among its many deficiencies:  the
LocateStock.com data does not adhere to any industry standard and is missing values, codes and
fields sufficient to understand the data.  *Id.* at ¶¶ 6-7.  Additionally, the data is incomplete, with
unexplained gaps and an erratic format.  *Id.* at ¶¶ 6, 8-9.  It also lacks organizational consistency
and the basic hallmarks of a professional data base.  *Id.* at ¶¶ 6, 8, 10.

In light of these deficiencies, State Street requested additional information necessary to
interpret Tabacco's data.  These requests included letters dated April 30 and June 21, 2013.  *See*
Konstandt Decl., Ex. C.  Plaintiff ignored these requests.  *Id.* at ¶ 17.  Defendants thereafter
called Plaintiff's counsel, requesting supplemental information about Tabacco's data base.  *Id.* at
¶ 18.  As it did with the preceding written requests, Plaintiff ignored the request.  *Id.* at ¶ 19.

3

Defendants informed Plaintiff that they planned to move to compel the production of the information on which Tabacco relied. *Id.* at ¶ 18. Although Plaintiff promised, in June 2013, that it was "formulating its response" (Konstandt Decl., Ex. D), it has refused to produce information regarding the LocateStock.com data base. *See* Konstandt Decl. at ¶ 19. The parties are now at an impasse.

**B.    It is Impossible to Verify That There is an Actual Data Base That Forms the Basis of Tabacco's Opinion In This Case**

The Tabacco data regarding historical securities lending rebate rates cannot be reviewed on the basis of information Plaintiff has produced. The data has no dictionary, specifying the names of each of the fields. *See* Wong Decl. at ¶ 10. Tabacco's business does not offer the data for sale. *Id.* at ¶¶ 23-31. Indeed, Tabacco may have no business at all. InstiLend.com – the current name of Tabacco's company (Tabacco Report at ¶ 28) – has no working phone number. *See* Wong Decl. at ¶ 24. The phone number for PreBorrow.com, like that of InstiLend, is not in service.[2] *Id.* at ¶ 28. The website for LocateStock.com is not active. *Id.* at ¶ 29. Because securities lending is a data-intensive business, the company's inability to run a website, or maintain phone service, presents the very real possibility that LocateStock.com has never been an operating company and no data supports Tabacco's conclusions in this case.

**C.    Tabacco's Veracity Presents Particular Issues of Concern**

State Street has previously raised concerns about Tabacco's veracity. We note briefly the prior regulatory findings regarding his honesty: In 1997, the National Association of Securities Dealers barred Tabacco from the securities industry. The regulator concluded: "We find that respondent Tabacco's actions in this matter were completely outrageous and that his

---

[2]     PreBorrow.com, like LocateStock.com, is run by All-American Technologies, an entity apparently tied to Tabacco (*see* resume attached to the Tabacco Report) and which prominently features "LocateStock." *See* Wong Decl. at ¶ 27.

contradictory statements during the investigation were utterly disgraceful." Konstandt Decl., Ex. E at pp. 4, 6. The NASD described Tabacco, who engaged in unauthorized trades in customer accounts, as one whose conduct was "extremely unsettling" and "completely reprehensible." *Id.*

Tabacco's bad practices continued beyond the conduct cited by the NASD, forcing the New Hampshire Bureau of Securities Regulation to intervene. This time, Tabacco sold securities without a license to an unsuspecting public. The State regulator also alleged that Tabacco had engaged in a "fraudulent or deceptive device to effect transactions in a customer's account without his knowledge." Konstandt Decl., Ex. F at *5-6 (Count 10); *see also id.* at *4-5 (Count 9) and *7-8 (Count 14).

Tabacco's recent history continues to raise concerns about his veracity and his strong motive to offer any opinion in exchange for a fee. A modest review of court dockets and legal databases reveals approximately 100 lawsuits, liens, and judgments involving a "John Tabacco," "John A. Tabacco" or "John Tabacco, Jr." in New York. Defendants believe that these filings relate to Plaintiff's expert, but in the absence of a pre-trial deposition confirmation will need to occur at trial.[3]

In August 2012, the IRS filed a $127,085 tax lien against a John Tabacco whom we believe to be the Plaintiff's expert. Konstandt Decl., Ex. G. There is no indication that that lien has been released. The same John Tabacco was the debtor on three different New York tax liens filed in 2012, 2001 and 1996. Konstandt Decl., Ex. H. These were all released at diverse times. *Id.* During the period from January 1994 to November 2006, six different judgments in civil court, in diverse amounts, were obtained against a John A. Tabacco, John Tabacco, Jr., or John Tabacco. Konstandt Decl., Ex. I.

---

[3] The Court denied Defendants' motion to take the deposition of Plaintiff's experts, including Tabacco. *See* Dkt. 236.

Tabacco's willingness to say anything – whether for a fee or laughter – was recently broadcast on The Daily Show.  The entirety of his remarks can be viewed at: http://www.youtube.com/watch?v=McILmDLioYU (at 4:50-5:30, 6:20-7:07 & 9:00-9:30).  The Defendants are not providing herewith a transcription of what commentators have referred to as Tabacco's "offensive and sexist remarks."  Konstandt Decl., Ex. J.  Though we have no wish to offend, the orator of these remarks has suggested that State Street breached its duties to Lending Fund investors and there is much for which the speaker must account.  One commentator complained that Tabacco "apparently gets a kick out of rape jokes."  *Id.*

Tabacco's questionable conduct extends to his report in this matter.  As State Street explained during the March 14, 2013 hearing (Tr. at 31-33, Dkt. 231), Tabacco omitted from both his resume and the Introductions and Qualifications section of his report his employment at D.H. Blair & Co.  *See* Konstandt Decl., Ex. K at p. 4 (Broker-Check Report).  The Director of the Division of Enforcement at the Securities and Exchange Commission referred to D.H. Blair as a "boiler room" utilized by organized crime to "commit manipulations."  Konstandt Decl., Ex. L at p. 7.[4]  Tabacco also omitted from the Introductions and Qualifications section of his report his employment at First Hanover Securities, Inc.  *See* Konstandt Decl., Ex. K at pp. 1, 4.  The criminal allegations against John Gotti, Jr. describe that brokerage firm as a facilitator of the Gotti fraud.  *See* Konstandt Decl., Ex. N (Indictment) at Counts 4 and 5.[5]

---

[4]      D.H. Blair and 15 of its officers and directors were indicted by the Manhattan District Attorney's Office on charges that the firm manipulated stock prices and engaged in illegal and high-pressure sales tactics during the years 1989 through 1998, a period inclusive of the time Tabacco worked at the firm.  Konstandt Decl., Ex M.

[5]      Although Tabacco worked at D.H. Blair and First Hanover during the periods when the allegedly illegal conduct occurred, State Street does not allege that Tabacco engaged in or was aware of the illegal conduct.

**ARGUMENT**

**I.**

**FEDERAL RULE 26 REQUIRES PLAINTIFF TO PRODUCE TO
STATE STREET THE LOCATESTOCK.COM DATA BASE AND A DATA
DICTIONARY SUFFICIENT TO INTERPRET THE DATA**

Rule 26(a)(2)(B)(ii) of the Federal Rules of Civil Procedures provides that an expert

witness must disclose "the facts or data considered by the witness in forming [his opinions]."

The phrase "facts or data considered" is to be "interpreted broadly," and is not limited to

information upon which the expert specifically relies.  Fed. R. Civ. P. 26(a)(2)(B)(ii), advisory

committee's note to 2010 amendments; *see JJI Int'l, Inc. v. Bazar Grp., Inc.*, C.A. No. 11-

206ML, 2013 WL 3071299, at *4 (D.R.I. Apr. 8, 2013) ("The inclusion of the requirement to

produce 'facts or data' is broadly interpreted to require disclosure of any material considered by

the expert that contains factual ingredients; it is not limited to the facts or data relied on by the

expert."); *Chevron Corp. v. Shefftz*, 754 F. Supp. 2d 254, 264 (D. Mass. 2010).  The requirement

is "self-executing and does not countenance selective disclosure."  *JJI Int'l*, 2013 WL 3071299,

at *4.

The disclosure requirement provides the opposing party a "reasonable opportunity to

prepare for effective cross examination."  Fed. R. Civ. P. 26(a)(2), advisory committee's note to

1993 amendments; *see Laplace-Bayard v. Batlle*, 295 F.3d 157, 162 (1st Cir. 2002).[6]  The Rule

seeks to prevent "unfair tactical advantage[s]," and ensure fairness at trial.  *Poulis-Minott v.*

---

[6]     *See also Chartier v. Brabender Tech., Inc.*, No. 08-40237-FDS, 2011 WL 4732940, at *7
(D. Mass. Oct. 5, 2011) ("expert witnesses are required to adhere to specific and detailed
disclosure requirements under [Rule] 26(a)(2), the principal purpose of which is to give opposing
parties a reasonable opportunity to prepare for effective cross examination") (internal quotation
omitted); *Taylor v. Erna*, Civ. A. No. 08-10534-DPW, 2009 WL 2425839, at *1 (D. Mass. Aug.
3, 2009); *Norris v. Murphy*, No. 00-125899-RBC, 2003 WL 21488640, at *1 (D. Mass. June 26,
2003).

*Smith,* 388 F.3d 354, 358 (1st Cir. 2004); *see Gay v. Stonebridge Life Ins. Co.,* 660 F.3d 58, 62

(1st Cir. 2011) (the expert disclosure rules were promulgated "to facilitate a fair contest with the

basic issues and facts disclosed to the fullest practical extent") (internal quotation marks

omitted).[7]  The duty to disclose the "facts or data considered" by the expert is on-going, Fed. R.

Civ. P. 26(e)(1)(A), and extends to all "information included in the [expert's] report."  Fed. R.

Civ. P. 26(e)(2).

### A.    Plaintiff Should Be Compelled to Produce the Entirety of the LocateStock.com Data Base

Tabacco claims that his opinions are based upon "securities loan rebate data provided by

the proprietary database of LocateStock.com."  Tabacco Report at ¶ 15; *see also id.* at ¶¶ 13, 30.[8]

Because the LocateStock.com data base consists of the "facts or data considered" by Tabacco in

forming the opinions expressed in his report, Plaintiff is obliged to produce that data base to

State Street.  The selective sample of 27 observations over seven years, which comprise only 15

dates and securities (Tabacco Report at ¶¶ 17-18, 26), is not sufficient under Rule 26.  *See* Wong

Decl. at ¶ 20.  Tabacco plainly did not identify those securities and dates from memory and,

instead, appears to have cherry-picked or distorted State Street's performance from a larger

universe.  Rule 26(a)(2)(B) requires the production of "any information furnished to a testifying

expert that such an expert generates, reviews, reflects upon, reads, and/or uses in connection with

---

[7]      *See also Lohnes v. Level 3 Commc'ns, Inc.*, 272 F.3d 49, 60 (1st Cir. 2001); *Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo Y Beneficiencia de Puerto Rico*, 248 F.3d 29, 35 (1st Cir. 2001).  For these reasons, the expert's duty to make the required disclosures is "to be taken very seriously."  *R.C. Olmstead, Inc. v. CU Interface, LLC*, 657 F. Supp. 2d 905, 908 (N.D. Ohio 2008).

[8]      The LocateStock.com website is not active.  *See* Wong Decl. at ¶ 29.  Neither InstiLend.com nor PreBorrow.com appear to offer or maintain the historical rebate data Tabacco purports to have relied on.  *Id.* at ¶¶ 30-31.  State Street cannot access the LocateStock data base Tabacco purports to have relied on.  *Id.* at ¶¶ 23-31.

the formulation of his opinions, even if such information is ultimately rejected." *JJI Int'l*, 2013 WL 3071299, at *4. *See also Fialkowski v. Perry*, Civ. A. No. 11–5139, 2012 WL 2527020, at *3 (E.D. Pa. June 29, 2012) (same); Fed. R. Civ. P. 26(a)(2)(B)(ii), advisory committee's note to 2010 amendments.[9]

Rule 26 does not permit "selective disclosure." *JJI Int'l*, 2013 WL 3071299, at *4 (holding that raw survey data collected and considered by an expert "must be produced" under Rule 26(a)(2)(B)(ii), and noting the courts considering this issue have uniformly held the same); *see Invista N. Am. S.A.R.L. v. M&G USA Corp.*, Civ. No. 11-1007-SLR-CJB, 2013 WL 3216109, at *3 (N.D. Ill. June 25, 2013) (finding an expert's Rule 26(a)(2)(B)(ii) disclosures to be deficient where the expert selectively withheld information, resulting in an incomplete set of all facts and data considered in forming the expert's opinions). If Tabacco has identified a handful of transactions with allegedly inferior rebate rates, from a data base of millions of favorable rates, State Street is entitled to challenge Tabacco's conclusions at trial.

### B. Plaintiff Should Produce a Data Dictionary to Interpret the Fields of the LocateStock.com Data Base

By this motion, State Street also seeks a data dictionary sufficient to interpret data fields in the LocateStock.com data base and the organization of the data. It is well-established that parties are required to produce such clarifying information as is necessary to make "usable" previously-produced data. In *Capacchione v. Charlotte-Mecklenburg Schools*, for example, the district court held that the defendant's production of "electronic databases [and] other forms of computerized media" containing relevant statistics was deficient because it was not provided in a

---

[9]    "[T]he intention is that 'facts or data' be interpreted broadly to require disclosure of any material considered by the expert, from whatever source, that contains factual ingredients. The disclosure obligation extends to any facts or data 'considered' by the expert in forming the opinions to be expressed, not only those relied upon by the expert."

"reasonably usable form." 186 F.R.D. 335, 337 (W.D.N.C. 1998). The court ordered the defendant to provide technical assistance to the plaintiffs' expert so that the produced data was "meaningful and useful" for the preparation of plaintiffs' expert reports. *Id*. Similarly, in *Valladon v. City of Oakland*, the district court ordered the plaintiff to turn over software necessary for the defendants to "open and view" certain data produced by the plaintiff's expert. No. C 06-07478 SI, 2009 WL 3401263, at *2 & n.3 (N.D. Cal. Oct. 20, 2009). The court's order addressed the defendants' claim that the data produced by the plaintiff's expert had not been provided in "an accessible or usable format that would permit [the] defendants to check the accuracy of [the expert's] calculations." *Id.* And in *R.C. Olmstead, Inc. v. CU Interface, LLC*, the court found that the plaintiff failed to satisfy its obligations under Rule 26(a)(2)(B)(ii) because, *inter alia*, the screen shots of software examined by the plaintiff's expert and produced with his report lacked a "semblance of order" and were unusable to the opposing party. 657 F. Supp. 2d at 907, 910-12.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court compel Plaintiff to produce the complete LocateStock.com data base and a data dictionary sufficient to enable State Street to understand the data.

Dated: August 15, 2013

Respectfully submitted,

_/s/ Lori A. Martin_____

Lori A. Martin (*pro hac vice*)
Brad E. Konstandt (*pro hac vice*)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: (212) 230-8800
Facsimile: (212) 230-8888
lori.martin@wilmerhale.com

Jeffrey B. Rudman (BBO #433380)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000
jeffrey.rudman@wilmerhale.com

*Counsel for Defendants State Street Corporation and State Street Bank & Trust Company (including its division State Street Global Advisors)*

11

## CERTIFICATE OF SERVICE

I hereby certify that on August 15, 2013, I caused a copy of **DEFENDANTS'**
**MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO COMPEL THE**
**PRODUCTION OF INFORMATION AND DATA ON WHICH PLAINTIFF'S EXPERT**
**JOHN A. TABACCO, JR. RELIED IN FORMING HIS OPINIONS** to be served
electronically, via the electronic filing system, on the registered participants as identified on the
Notice of Electronic Filing (NEF), and by first-class mail on those indicated as non-registered
participants.

Brad E. Konstandt