# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____
                                     )
**GLASS DIMENSIONS, INC. on behalf of the**  )
**Glass Dimensions, Inc. Profit Sharing Plan**  )
**and Trust, and all others similarly situated,**  )
                                       )     **Civil No.**
       **Plaintiffs,**                   )     **10-10588-FDS**
                                         )
       **v.**                               )
                                         )
**STATE STREET CORPORATION, STATE**  )
**STREET BANK & TRUST COMPANY, and**  )
**STATE STREET GLOBAL ADVISORS,**  )
                                         )
       **Defendants.**               )
_____ )

## ORDER ON DISCOVERY OF CLASS MEMBERS

**SAYLOR, J.**

       This is an action concerning alleged violations of the Employee Retirement Income Security Act of 1974 ("ERISA").  Plaintiffs allege that defendant State Street violated ERISA because it selected an affiliate to provide securities lending services to its collective trust funds and charged plans a fee equal to 50% of all net income earned from securities lending, which plaintiffs contend is excessive.  A plaintiff class was certified by the District Court on August 22, 2012.  On October 3, 2013, this matter was transferred to the undersigned judge.

       For a number of reasons, and under the unique circumstances presented by this case, the Court has concluded that some additional fact discovery is appropriate, notwithstanding the fact that discovery has closed pursuant to an earlier order of the Court.[1]  As a part of that discovery

---

[1] Normally, it is preferable, for obvious reasons, that discovery of class members occur prior to the certification of a class, and discovery will not be reopened simply because a party failed to take such discovery prior to any deadline set by the court.  Here, and as noted, the Court has concluded that some additional discovery is

process, defendants seek an opportunity to contact class members, conduct *ex parte* interviews of them, and take depositions of certain members to the extent they possess (what defendants believe will be) information helpful to the defense.  All of the class members are clients of defendants.  Most, if not all, class members are sophisticated institutional investors who are likely represented by counsel.

Plaintiffs oppose any such efforts on the ground that all class members are now their clients, and that any such communications are protected by the rules of professional conduct. *See* Massachusetts SJC Rule 3:07, Rule of Professional Conduct 4.2 (prohibiting contact with represented persons unless "authorized by law").  Plaintiffs also oppose the taking of any additional discovery, on any topic and from any source, on the ground that the deadline for completing discovery expired some time ago.

After a hearing and briefing (including supplemental briefing) on the topic, and for good cause shown, the Court finds that permitting some additional discovery, and some degree of communication between defense counsel and members of the class, under careful restrictions, is appropriate.  It is certainly true that class members become the clients of class counsel once a class is certified, unless and until they opt out of the proceeding. *Fulco v. Continental Cablevision*, 789 F. Supp. 45, 47 (D. Mass. 1992).   Communications with class members are therefore subject to the restrictions of Rule 4.2. *Id.*  That does not mean, however, that the Court is without authority, in appropriate circumstances, to permit some form of contact (which, when permitted by the Court, becomes "authorized by law"). *See id.* at 48.

While the Court could simply permit defendants to subpoena class members for

_____

appropriate prior to the trial of this matter.

depositions, which would not trigger the prohibitions of Rule 4.2, it is disinclined to do so. Proceeding in that manner is likely to be inefficient, if not wasteful; as a general matter, it is preferable that witness interviews be permitted prior to any formal discovery.  The more difficult question is what restrictions on such interviews are necessary and appropriate here.

This case presents a variety of unusual circumstances.  Among other things, the members of the plaintiff class are present or former clients of the defendants; it appears that they have an ongoing business relationship with one another that in many cases involve communications virtually every business day.[2]  The members of the plaintiff class are institutional investors, many (if not most or all) of which are large, sophisticated enterprises. The likelihood of the harm against which Rule 4.2 is intended to protect—such as improper exploitation or influence of a party outside the presence of his or her counsel—is therefore very much diminished.

The fact, however, that the likelihood of harm is diminished does not mean that the likelihood has disappeared altogether.  Among other things, the Court believes that it is important that the potential class member/witnesses be represented by counsel during any such communications.  Such counsel need not, however, be counsel for the class; it is sufficient that the institutional investor have its own counsel present.  Such counsel are likely to be sufficiently sophisticated to understand the nature and purpose of the communications and to protect the interests of his or her client as necessary.

It is likewise important that the initial contact with the class members be in writing, in a form approved by the Court, in order to ensure that there are no misunderstandings as to the purpose of the contact, the nature of the underlying proceeding, and the limitations imposed by

---

[2] Nothing in this order is intended to affect the normal day-to-day interactions of State Street and its clients concerning any matters other than the subject matter of this litigation.

the Court.  And it is also critical, for the sake of fairness, that defendants limit the meetings or interviews to discussions of factual matters, and to prohibit them from making any statements that are intended or likely to influence the class members' decisions whether to opt out of the class or that may disparage plaintiff's counsel.

Accordingly, and for the foregoing reasons, the Court hereby orders the following:

1.      Counsel for defendants may seek to meet with or interview, and may meet with or interview, members of the class concerning the subject matter of this litigation outside the presence of counsel for the plaintiffs, subject to the requirements of this order.

2.      Any such meeting or interview must be entirely voluntary.  Counsel shall not pressure or coerce class members into submitting to a meeting or interview.

3.      Any such meeting or interview must be preceded by the delivery of (a) a letter to the class member in substantially the form attached hereto as Exhibit A, and (b) a copy of this order.  Copies of both items shall be provided to in-house counsel for the class member, if known.

4.      Any such meeting or interview shall be conducted only in the presence of counsel for the class member.  Such counsel need not be counsel for plaintiffs in this proceeding.

5.      The substance of any such meeting or interview shall be limited to a discussion of factual matters and the possibility of service of a subpoena or possible testimony at a deposition or at trial.

6.      Counsel for defendants shall not attempt to persuade class members to opt out of

the class, or otherwise say anything that is intended or likely to persuade members to do so.

7.     Counsel for defendants shall not disparage counsel for plaintiffs or discourage class members from meeting with or communicating with counsel for plaintiffs.

8.     Counsel for defendants shall be permitted to take up to five depositions of class members without further order of the Court.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated:  November 18, 2013