UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

GLASS DIMENSIONS, INC.,
on behalf of the Glass
Dimensions, Inc. Profit
Sharing Plan and Trust,
and all others similarly
situated,
     Plaintiffs,


          v.                                    CIVIL ACTION NO.
                                                10-10588-FDS

STATE STREET CORPORATION,
STATE STREET BANK & TRUST CO.,
and STATE STREET GLOBAL ADVISORS,
     Defendants.

                      **MEMORANDUM AND ORDER RE:**
               **PLAINTIFF GLASS DIMENSIONS, INC.'S**
                      **MOTION TO UNSEAL THE RECORD**
                          **(DOCKET ENTRY # 255)**

                          **December 3, 2013**


**BOWLER, U.S.M.J.**

     Pending before this court is the above styled motion in this

class action securities litigation case alleging violations of

the Employee Retirement Income Security Act of 1974 ("ERISA"),

29 U.S.C. §§ 1001 et seq.  After conducting a hearing on November

25, 2013, this court took the motion (Docket Entry # 255) under

advisement.

     By agreement, the parties have resolved a significant

portion of their dispute.  They continue to dispute unsealing an

Excel spreadsheet.  They also continue to disagree about

redacting investment management or "all-in" fees, average fee

splits and other proprietary information in certain designated documents.  (Docket Entry # 283).  All of the foregoing sealed and redacted material is subject to a stipulated protective order.

Plaintiff Glass Dimensions, Inc., on behalf of the Glass Dimensions, Inc. Profit Sharing Plan and Trust and all others similarly situated ("plaintiff"), seeks to disseminate the information to class members to keep them informed as well as to foster their ability to decide whether to opt out of the class.  (Docket Entry # 256).  Plaintiff also submits that members of the public consisting of participants in the ERISA retirement plans "will be affected by the outcome of this case" and that "institutional and individual investors engaged in securities lending throughout the country have an interest in the facts underlying the claims."  (Docket Entry # 256).

## DISCUSSION

With the exception of one category of documents (Docket Entry # 283, ¶ IV), the spreadsheet and the documents with the redacted "all-in" fees, average fee splits and other proprietary information are either exhibits or contained in other filings submitted to support or oppose summary judgment motions or motions to strike.  Hence, they constitute "judicial documents" subject to a common law right of access.  See U.S. v. Kravetz, 706 F.3d 47, 54 (1st Cir. 2013) ("judicial records" subject to

common law right of access "are those materials on which a court relies in determining the litigants' *substantive* rights") (emphasis added); Siedle v. Putnam Investments, Inc., 147 F.3d 7, 10 (1st Cir. 1998).

Weighing and balancing all of the pertinent factors, including the ability of class members to make informed decisions, the information shall remain under seal and redacted. Defendants State Street Corporation, State Street Bank & Trust Co. and State Street Global Advisors ("State Street") have a legitimate and significant interest in protecting the sensitive business information in the spreadsheet[1] and in protecting the redacted information in the various documents.[2] Maintaining the spreadsheet under seal and continuing the redaction of the foregoing information will avoid the serious competitive injury that dissemination would more than likely entail. See Kravetz, 706 F.3d at 62; In re Gitto Global Corp., 422 F.3d 1, 6 (1st Cir. 2005) (recognizing that "'sources of business information that might harm a litigant's competitive standing'" may outweigh

---

[1] The information consists of agency lending clients' assets and negotiated securities lending fee splits with such clients.

[2] The redacted information consists of "all-in" fees with prospective or current investors in the lending funds; average fee splits negotiated with clients and certain segments of clients; and securities lending fee splits negotiated with "top 10" clients and such clients' assets. (Docket Entry ## 283 & 284).

3

common law right of access) (quoting <u>Nixon v. Warner Communications, Inc.</u>, 435 U.S. 589, 598 (1978)). Declarations by two officials employed by State Street establish the sensitive and confidential nature of the information and provide a particularized showing of the presence of commercial harm. (Docket Entry ## 284 & 285). Redacting the spreadsheet is not a viable means to adequately safeguard the information therein and avoid the competitive injury. In addition, State Street relied on the terms of the protective order in disclosing the information. The privacy interests of third parties, such as the investors in the lending funds, also weigh in favor of retaining confidentiality.

As to the First Amendment argument, "parties have general first amendment freedoms with regard to information gained through discovery and . . . absent a valid court order to the contrary, they are entitled to disseminate the information as they see fit." <u>Public Citizen v. Liggett Group, Inc.</u>, 858 F.2d 775, 780 (1st Cir. 1988) (citing <u>Seattle Times Co. v. Rhinehart</u>, 467 U.S. 20, 31-36 (1984)). Here, the information is subject to a valid protective order. Considering the two complimentary considerations that apply, <u>see</u> <u>Kravetz</u>, 706 F.3d at 54 (reiterating the two considerations that adhere to First Amendment analysis), the material is historically not subject to public access and access to the material does not play a positive

role that is significant in the functioning of the process at issue in the case at bar.

The remaining category of disputed documents under seal (Docket Entry # 283, ¶ IV) consists of documents that are not subject to a common law right of access for reasons explained by State Street (Docket Entry # 283, ¶ IV(A)).  See Kravetz, 706 F.3d at 54-55 (distinguishing judicial records "from those that "relate merely to the judge's role in management of the trial" and therefore "'play no role in the adjudication process'") (internal brackets omitted); In re Boston Herald, Inc., 321 F.3d 174, 189-190 (1st Cir. 2003); In re Providence Journal, 293 F.3d 1, 9-10 (1st Cir. 2002).  They are likewise not subject to dissemination under the First Amendment.  As such, they may remain under seal at this time.

## CONCLUSION

In accordance with the foregoing discussion, the motion to unseal (Docket Entry # 255) is **DENIED** with respect to the portion of the motion that remains subject to dispute by the parties. The motion is otherwise **DENIED** as moot in light of the parties' agreement.

                                         /s/ Marianne B. Bowler
                                       **MARIANNE B. BOWLER**
                                       United States Magistrate Judge