IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Glass Dimensions, Inc. on behalf of the Glass Dimensions, Inc. Profit Sharing Plan and Trust, *and all others similarly situated*, <br><br> Plaintiffs, <br> v. <br><br> State Street Corporation, State Street Bank & Trust Co., and State Street Global Advisors, <br><br> Defendants. | CIVIL ACTION NO: 1:10-CV-10588 (FDS) |

FINAL ORDER AND JUDGMENT
APPROVING CLASS ACTION SETTLEMENT

WHEREAS, by Orders dated August 22, 2012 and October 18, 2013, the Court certified the following class (the "Class") in the above-captioned action (the "Action") upon the motion of Plaintiff:

> ERISA plans that, during the period of April 9, 2004 to the present: (a) invested in a Collective Trust established by Defendants that loaned securities under a Master Securities Lending Authorization Agreement, and (b) paid to Defendants fifty percent (50%) of the net securities lending income that the Collective Trust earned.

WHEREAS, the Court also appointed Plaintiff's counsel herein as Class Counsel pursuant to Fed. R. Civ. P. 23(c)(1)(b) and 23(g), finding that all of the requirements of the Rule had been satisfied.

WHEREAS, on or about November 13, 2013, a class notice approved by the Court was mailed to potential Class Members informing them of the Action and the Court's certification order and providing Class Members with the opportunity to exclude themselves from the Action.

WHEREAS, one Class member timely requested exclusion;

WHEREAS, the Parties have entered into a Stipulation of Settlement and Release (the "Agreement") to settle the class action claims asserted in the Action;

WHEREAS, the Court entered an Order dated January 27, 2014 preliminarily approving the Settlement, approving a plan for class notice of the Settlement, providing Class Members with an opportunity to exclude themselves from the Settlement or object to the Settlement, appointing a Claims Administrator for the purpose of disseminating the notice and receiving exclusion requests, and scheduling a Final Approval Hearing and hearing on Plaintiff's motion for fees and costs and a service award;

WHEREAS, no additional Class Members submitted timely requests to be excluded from the Settlement and no former Class Member(s) submitted a notice revoking a prior request for exclusion from the Action;

WHEREAS, no Class Members submitted timely objections to the Settlement, which objections were provided to the Court for its consideration;

WHEREAS, on May 12, 2014, this Court held a hearing to determine whether the proposed Settlement should be given final approval (the "Final Approval Hearing"), at which Class Counsel appeared for the Plaintiff Class and Defendants' counsel of record appeared for State Street Defendants. No Class Members appeared at the Final Approval Hearing to contest the Settlement; and

WHEREAS, the Parties and the claims administrator have complied with the Preliminary Approval Order;

NOW, THEREFORE, based upon the submissions of the Parties and Class Members, any objections, any testimony adduced at the Final Approval Hearing, the pleadings on file and the arguments of counsel, and having reviewed the pleadings and evidence filed in support of the request for final approval of the Settlement, including the Declarations of Melissa Baldwin and Tina Chiango of Heffler Claims Group regarding notice to the Class and objections and requests for exclusion from the Settlement submitted by Class Members, the Court finds, and **IT IS ORDERED, ADJUDGED, AND DECREED, AS FOLLOWS:**

1. Capitalized terms used herein shall have the same meaning as set forth in the Agreement, a copy of which is attached to this Order as Exhibit A and incorporated herein by reference.

2. The Court has personal jurisdiction over Plaintiff, all Class Members and the State Street Defendants. The Court has subject matter jurisdiction over this Action pursuant to 28 U.S.C. § 1331 and ERISA § 502(e)(1), 29 U.S.C. §1132(e)(1).

3. The Settlement was reached with the assistance of a Magistrate Judge experienced in presiding over alternative dispute resolution proceedings, followed by arm's-length negotiations between the Parties.

4. The Settlement is fair, reasonable and adequate, consistent with all applicable requirements of the Federal Rules of Civil Procedure, the United States Code and United States Constitution (including the Due Process Clause), and any other applicable law; and in the best interests of the Parties and Class Members.

5.  In negotiating the Settlement, Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all of the Class Members.

6.  The form and method of delivery of the original class notice and the Notice of Settlement: (i) constituted the best practicable notice; (ii) were concise, clear and in plain, easily understood language and were reasonably calculated, under the circumstances, to apprise Class Members, including their respective named fiduciaries, participants and beneficiaries, of the pendency of the Action, the claims, issues and defenses presented in the Action, the definition of the Class certified, the right of Class Members to opt out of the Action, the terms of the Settlement, including the settlement consideration and the release to be provided to the State Street Defendants, the right of Class Members to object to the Settlement, the right of Class Members to appear at the Final Approval Hearing, through counsel if desired, and the binding effect of a judgment on Class Members; (iii) were reasonable and constituted due, adequate and sufficient notice to all persons entitled to receive notice; and (iv) met all applicable requirements of the Federal Rules of Civil Procedure, the United States Code, the United States Constitution (including the Due Process Clause), and any other applicable law.

7.  The terms of the Agreement and this Judgment are binding on Plaintiff and all other Class Members, including their respective named fiduciaries, participants and beneficiaries, except those Class Members who timely excluded themselves from the Action or the Settlement.

8.  The Parties and their counsel are ordered to carry out and implement the provisions of the Agreement according to its terms and provisions, including compliance with all deadlines set forth therein.

9.  The Action is hereby dismissed on the merits and with prejudice, without fees or costs to any party except as provided below.

10. As of the entry of this Final Order and Judgment, subject to any subsequent reversal or setting aside of the Order, the Release of Claims set forth in Section K of the Agreement is binding and valid as against Plaintiff and the Class Members, including each of their respective named fiduciaries, participants and beneficiaries, other than those who have timely and effectively excluded themselves from the Action, as listed in Exhibit B to this Order. Class

Members who have not properly excluded themselves from the Action or the Settlement are conclusively deemed to have released the State Street Defendants from all Released Claims as set forth in Section K of the Agreement.

11.     The Parties are authorized, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the Settlement and all exhibits attached thereto as (i) are consistent with this Judgment, and (ii) do not limit the rights of Class Members under the Settlement.

12.     For the reasons stated in the Court's separate Order of this date granting Plaintiff Motion for an award of reasonable attorneys' fees and costs, Class Counsel, collectively, shall be paid the sum of $3,333,333.00 for attorney's fees and $383,815.11 in costs and expenses, both amounts to be paid from the Settlement Fund prior to any distribution to Class Members.

13.     The Court hereby awards Plaintiff Glass Dimensions, Inc.'s officers, Darrell Perkins, David Perkins, and Maureen Perkins, each a service award in the amount of $5,000.00 as compensation for their roles as officers for the Class representative and for the work attendant to their role.

14.     All costs of administering the Settlement, including the costs of disseminating the Settlement Notice, updating Class member contact information, tracking Class member objections and opt-outs, reporting to the Court and providing the notice required by 28 U.S.C. § 1715(b), will be deducted from the Settlement Fund before distribution to Class Members.

15.     Without affecting the finality of this Judgment, the Court shall retain continuing jurisdiction over the Action and the Parties and the Class for the limited purpose of enforcement of the Settlement and addressing such post-final order matters as may be appropriate.  Any disputes or controversies arising with respect to the enforcement or implementation of the Settlement shall be presented by motion to the Court, following efforts by the Parties to resolve the dispute informally through a meet and confer process.

16.  The Clerk is directed to enter this Judgment forthwith.

IT IS SO ORDERED.

DATED: May 12, 2014                    _____
                                       Hon. F. Dennis Saylor, IV
                                       United States District Judge