# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **Glass Dimensions, Inc. on behalf of the** ) <br> **Glass Dimensions, Inc. Profit Sharing** ) <br> **Plan and Trust,** *and all others* ) <br> *similarly situated,* ) <br> ) | **CIVIL ACTION NO: 1:10-CV-10588 (FDS)** |

Plaintiffs,  )

     v.  )

**State Street Corporation, State Street** )
**Bank & Trust Co.,** )
**and State Street Global Advisors,** )

Defendants.  )

## STIPULATION OF SETTLEMENT AND RELEASE

This Stipulation of Settlement and Release (hereafter the "Agreement") is entered into as of the 21st day of January, 2014, by and between (i) Glass Dimensions, Inc. on behalf of the Glass Dimensions, Inc. Profit Sharing Plan and Trust ("Glass Dimensions"), on behalf of itself and a class of plans ("Class"), as defined below, and "Releasors", as defined below, and (ii) defendants State Street Corporation and State Street Bank and Trust Company, together with its division, State Street Global Advisors (collectively, "the State Street Defendants"). Glass Dimensions and the State Street Defendants are collectively referred to herein as the "Parties."

This settlement is intended to fully, finally, and forever compromise, release, resolve, discharge and settle the released claims subject to the terms and conditions set forth herein. The instant action shall be dismissed with prejudice upon final approval of this settlement by the Court.

## I.   <u>RECITALS</u>

WHEREAS, on April 8, 2010, Glass Dimensions filed a Class Action Complaint that asserted claims under the Employee Retirement Income Security Act of 1974 ("ERISA") against the State Street Defendants arising out of the State Street Defendants' management of the assets of the cash collateral pools underlying the securities lending program for State Street's collective trust funds;

WHEREAS, on July 7, 2010, the State Street Defendants announced that they had voluntarily contributed $330 million to the cash collateral pools underlying the common and collective trust funds that loan their assets, establishing a market-based net asset value per unit of the collateral pools held by those funds of $1.00 as of June 20, 2010;

WHEREAS, on August 3, 2010, Glass Dimensions filed a First Amended Class Action Complaint (the "Action"), asserting that the State Street Defendants engaged in self-dealing and breached their fiduciary duties to ERISA-qualified retirement plans that had invested in collective trust funds that loan their assets when the State Street Defendants selected an affiliate to provide

securities lending services to those funds and charged the plans a fee equal to 50% of all net income earned from securities lending, and engaged in a prohibited transaction under ERISA by compensating themselves from plan assets for securities lending services they performed without satisfying applicable federal regulations;

WHEREAS, on September 14, 2010, the State Street Defendants filed an Answer and Affirmative Defenses to Plaintiff's First Amended Class Action Complaint, denying all claims and allegations that they breached their fiduciary duties to Plaintiff or Lending Fund investors;

WHEREAS, effective July 1, 2010, the State Street Defendants reduced the maximum securities lending fee charged to plans that invested in the Lending Funds from 50% to 30% of the net income earned by the Lending Funds from securities lending;

WHEREAS, following the filing of the Action, the Parties commenced discovery, which included, *inter alia*, the exchange of initial disclosures, the production of documents and depositions, the service of expert reports, and expert depositions;

WHEREAS, on August 22, 2012, the district court granted Glass Dimensions' motion to certify a class and appointed counsel for the Plaintiff as Class Counsel;

WHEREAS, on March 21, 2013, the district court denied the Parties' respective motions for summary judgment;

WHEREAS, on October 18, 2013, the district court approved the Notice of the Pendency of the Class Action, which Notice was distributed to potential members of the Class by first-class mail and email, on or before November 13, 2013;

WHEREAS, on May 30, 2013 and September 23, 2013, the Parties participated in mediation before United States Magistrate Judge Marianne B. Bowler in an effort to determine whether a consensual resolution of the Action could be achieved prior to the expenditure of additional time and expense on the litigation; and

WHEREAS, the Parties' counsel continued arm's-length negotiations and reached an agreement-in-principle on December 10, 2013 to settle the Action on terms that include the payment of a total of $10 million (ten million dollars) in cash and the provision of additional disclosures to investors in the Lending Funds, as set forth in a Memorandum of Understanding dated December 10, 2013, and defined below;

WHEREAS, the State Street Defendants deny any wrongdoing and this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any Defendant with respect to any claim or of any fault or liability or wrongdoing or damage, or any infirmity in the defenses that the State Street Defendants have asserted.

NOW, THEREFORE, in consideration of the terms, conditions, releases, covenants, and agreements set forth herein, Glass Dimensions (on its own behalf and on behalf of the Class) and the State Street Defendants hereby stipulate to settlement of this action, subject to Court approval, as follows:

## II.    TERMS AND CONDITIONS OF THE SETTLEMENT

### A.    DEFINITIONS

1. "Action" means the above-captioned lawsuit pending in the United States District Court for the District Court of Massachusetts, Case No. 1:10-CV-10588.

2. "Agreement" means this Stipulation of Settlement and Release of Claims and all of its attachments.

3. "Claims Administrator" means the class action administration firm and its employees utilized by Class Counsel to Administer the Settlement, including mailing of the Settlement Notice to Class Members, receiving and reporting on objections to the Settlement and requests for exclusion from the Settlement, distributing the shares of the Settlement Amount allocated to

each Class Member and preparing and filing the notices required by 28 U.S.C. § 1715(b), as further described herein.

4.  "Class" refers to the class certified in this action by the Court's Order of August 22, 2012, and amended by the Court's Order of October 18, 2013, and includes ERISA plans that, during the period of April 9, 2004 to the present: (a) invested in a Collective Trust established by Defendants that loaned securities under a Master Securities Lending Authorization Agreement, and (b) paid to Defendants fifty percent (50%) of the net securities lending income that the Collective Trust earned. Excluded from the Class will be (a) any Plan which properly excludes itself by filing a valid and timely request for exclusion in accordance with the requirements set forth in the Class Notice, unless such Plan thereafter opts to rejoin the Class during a period defined by the Court following receipt of the Settlement Notice; and (b) any Plan which properly excludes itself by filing a valid and timely request for exclusion in accordance with the requirements set forth in the Notice of Settlement.

5.  "Class Counsel" refers to the law firms appointed as Class Counsel by the Court's Order of August 22, 2012: Berger & Montague, P.C.; Bailey & Glasser LLP; and Schneider Wallace Cottrell Konecky LLP.

6.  "Class Member(s)" means the individual ERISA Plans in the Class as defined herein.

7.  "Class Period" means April 9, 2004 to the present.

8.  "Court" means the United Stated District Court for the District of Massachusetts.

9.  "Final Approval Order" means the anticipated Order of the Court granting final approval of the Settlement in substantially the form attached hereto as Exhibit C.

10. "Lending Funds" means the collective trust funds established and managed by the State Street Defendants that were available to ERISA plans during the Class Period and for which

the State Street Defendants provided securities lending services and charged the ERISA plans a fee of 50% (fifty percent) of the net income earned by the Lending Funds from securities lending.

11. "Named Plaintiff" means Glass Dimensions, Inc. on behalf of the Glass Dimensions, Inc. Profit Sharing Plan and Trust ("Glass Dimensions").

12. "Notice of Settlement" means the notice to be approved by the Court and mailed to Class Members, in substantially the form attached hereto as Exhibit A.

13. "Parties" refers jointly to the "Named Plaintiff" and "State Street Defendants" as separately defined herein.

14. "Preliminary Approval Order" means the anticipated Order of the Court preliminarily approving the Settlement, in substantially the form attached hereto as Exhibit B.

15. "Releasors" means the Named Plaintiff, the individual ERISA plans that constitute the Class (Class Members), and each of their respective named fiduciaries, participants and beneficiaries.

16. "Released Claims" means the claims released pursuant to paragraph K of this Agreement.

17. "Service Award" means an amount to be approved by the Court and paid to Named Plaintiff from the Settlement Amount as reasonable compensation for and acknowledgment of the service provided to the Class by Named Plaintiff and its officers and employees in prosecuting this case on behalf of the Class.

18. "Settlement" means the resolution of the Action pursuant to the terms and conditions of this Agreement.

19. "Settlement Amount" means the sum of $10 million (ten million dollars) to be paid by the State Street Defendants for the benefit of the Class in consideration for the release of the "Released Claims" and other terms and conditions of this Agreement.

20. "Settlement Fund" means the escrow account into which the State Street Defendants, at the direction of Class Counsel, will deposit the Settlement Amount pursuant to paragraph E of this Agreement.

21. "State Street Defendants" means defendants State Street Corporation and State Street Bank and Trust Company, together with its division, State Street Global Advisors.

## B.    Scope of the Settlement

The settlement described herein shall be in full and final disposition of the Action and will resolve fully and finally all Released Claims as described herein. Upon the effective date of this Settlement, the Releasors shall be deemed to have released and have forever relinquished and discharged the State Street Defendants from and with respect to the Released Claims.

## C.    Denial of Liability

This Stipulation of Settlement is entered into for the purpose of compromising highly disputed claims and shall not be construed as an admission of any fault, liability or wrongdoing, or an admission of the validity of any claim or defense on the part of any party in any respect. The State Street Defendants deny that they have failed to comply with the law in any respect, and that they have any liability under the claims asserted in the Action. Neither this Stipulation of Settlement, nor the fact of settlement, nor the settlement proceedings and negotiations, nor any settlement documents, shall be offered or received in evidence in any action or proceeding for any reason, including as an admission, concession, presumption or inference against any party, other than an action or proceeding to enforce the Agreement's terms or the Judgment entered thereon.

## D.    Settlement Amount

In full settlement of the Released Claims described in Paragraph K, below, the State Street Defendants agree to pay the sum of $10 million (ten million dollars) in cash for the benefit of the Class.

6

E.     **Payment of the Settlement Amount**

Within thirty (30) calendar days after the later of (i) the preliminary approval by the Court of the Settlement, and (ii) the date on which State Street's counsel receives wire instructions for the escrow account and the taxpayer identification number and IRS Form W-9 for the recipient of the funds, the State Street Defendants shall pay the full Settlement Amount into an escrow account for the benefit of the Class, as directed by Glass Dimensions' counsel (the "Settlement Fund"). The Parties agree that the Settlement Fund is intended to be, and will be treated at all times as, a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468b-l. Class Counsel, through the Claims Administrator or other designated agent, shall administer the account. The Settlement Fund, less any expenses incurred for notice, administration or taxes, shall revert to the State Street Defendants if the Settlement is not finally approved.

F.     **Allocation of the Settlement Amount**

The method of allocation of the Settlement Amount among Glass Dimensions and other members of the Class shall be subject to approval by the Court. The method of allocation is neither part of this Agreement nor a necessary term or condition of the Agreement or Settlement. For this reason, the approval of, or any change in, any plan or method of allocation ordered by the Court shall be deemed severable from and will not affect the validity or finality of this Agreement. The State Street Defendants agree to provide to Class Counsel such information in their possession as is reasonably necessary for Class Counsel to formulate and implement a fair allocation among Class Members, including the fees collected by the State Street Defendants from Class Members at the level of 50% of net securities lending income during the Class Period. The State Street Defendants shall have no responsibility for and no obligations or liabilities of any kind whatsoever in connection with the plan of allocation or the determination of or administration and calculations under that

7

plan. No Class Member shall have any claim against the State Street Defendants based on, or in any way relating to, the administration of, or distributions from, the Settlement Fund.

Class Counsel intend to seek approval of an allocation plan that is applied uniformly to Class Members and that is based on the securities lending fees paid to the State Street Defendants during the Class Period. The amount of the Settlement Fund to be allocated and distributed to Class Members will be net of (i) any fees and costs approved by the Court and awarded to Class Counsel, (ii) any Service Award approved by the Court, and (iii) any administrative charges, costs or expenses incurred in the implementation of the Settlement.

This is not a claims-made settlement. If the Settlement is approved by the Court, neither the State Street Defendants nor any person or entity paying settlement consideration on behalf of State Street shall have the right to recover any of the consideration paid.

**G.    Distribution of the Settlement Amount**

The Claims Administrator shall distribute each Class Member's share of the Settlement Fund to the authorized representative of the Class Member within 14 calendar days of (i) the receipt of the Settlement Amount, (ii) the final determination of the proper allocation of the Settlement Fund for that Class Member, or (iii) the final resolution of any inquiry or dispute regarding the proper recipient of the allocation, whichever last occurs.

**H.    Non-Monetary Relief**

In addition to the Settlement Amount, and in further consideration for the release of the Released Claims, the State Street Defendants agree to provide additional written disclosures to investors in the Lending Funds of the securities lending fee that State Street receives from the loan of Lending Fund securities. State Street shall, in writing and prior to the execution of an investment management agreement for an investment in a Lending Fund: (i) state the exact fee split proposed to be charged by State Street for providing securities lending services to the Lending Fund; (ii) state

8

that other securities lending clients at State Street may have more favorable fee splits; (iii) provide a copy of the Securities Lending Authorization Agreement; and (iv) include a copy of the prior year's financial statements for the Lending Fund and the collateral pool in which it invests.

**I.      Costs and Claims for Attorneys' Fees**

The Parties each agree to bear their own attorneys' fees and costs incurred in connection with the Action, except that nothing herein shall prevent Glass Dimensions or its counsel from applying to the Court for an award of attorneys' fees, costs, and/or expenses to be paid from the Settlement Amount. Plaintiffs will submit an application for attorneys' fees not to exceed their lodestar, and costs and expenses not to exceed the actual amount expended in litigating the action. The State Street Defendants agree to take no position on any request for attorneys' fees, costs, or expenses by Glass Dimensions or its counsel.

The procedure for, and the allowance or disallowance by the Court, of any application by Plaintiff or its counsel for the payment of attorneys' fees, costs, or expenses, and any order or proceeding relating thereto, are not terms of nor a condition of this Agreement or Settlement and the Agreement shall be valid and final regardless of the amount approved by the Court. For this reason, the allowance, disallowance, or any other Court order with respect to attorneys' fees, costs, or expenses (and any appeal from, or any other form of review of, any order with respect to attorneys' fees, costs, or expenses) shall not operate to terminate or cancel this Stipulation or affect its finality, and shall have no effect on the terms of this Agreement or on the enforceability of this Agreement (including, without limitation, the releases contained therein). Glass Dimensions and its counsel shall look solely to the Settlement Fund for payment of their fees, costs and expenses.

The amount of Plaintiffs' attorneys' fees, costs and expenses awarded by the Court shall be paid by the Claims Administrator from the Settlement Fund within 10 calendar days after entry of an Order of the Court approving, in whole or part, Class Counsel's request for an award of fees and

9

costs. Defendant will issue a form 1099 to each Class Counsel for the payments and each Class Counsel will provide Defendant with completed W-9 forms.

**J.** **Service Award**

Plaintiff will apply to the Court for a reasonable Service Award to be paid to Named Plaintiff from the Settlement Amount as reasonable compensation for and acknowledgment of the service provided to the Class by Named Plaintiff and its officers and employees in prosecuting this case on behalf of the Class. Such Service Award, if approved, will be paid from the Settlement Fund. The amount of any service award approved by the Court must be paid solely from the Settlement Amount. The Claims Administrator will pay the Service Award directly to Plaintiffs within 10 calendar days after the deposit of the Settlement Amount into the Settlement Fund by State Street Defendants.

**K.** **Release of Claims (Released Claims)**

Glass Dimensions, on its own behalf, and on behalf of the Class and all Class Members, including each of their respective named fiduciaries, participants and beneficiaries (collectively, the Releasors), hereby release all claims, debts, demands, duties, liabilities, rights, remedies or causes of action of every nature and description whatsoever, known or unknown, whether based on federal, state, local, statutory, or common law or any other law, rule, or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class or individual in nature, against the State Street Defendants and any of their current, former or future parents, subsidiaries, affiliates, investment funds, predecessors, successors, joint venturers, and any of their respective past, present, or future officers, directors, partners, members, managing directors, principals, employees, agents, shareholders, advisors, insurers, reinsurers, attorneys, accountants, associates and/or any other individual or entity in which any Defendant has a controlling interest or which is related to or affiliated with any of the

10

Defendants and the current, former and future legal representatives, heirs, successors in interest or assigns of the Defendants, that (i) have been asserted in the complaints in the lawsuit; or (ii) relate to the claims and allegations of the complaints filed in the lawsuit, including but not limited to any claim arising out of or relating to any of the acts, omissions, misrepresentations, facts, events, matters, transactions or occurrences alleged, referred to or contended in the complaints. Glass Dimensions acknowledges for itself and all Releasors that the claims being released herein may include claims, rights, causes of action, or suits that relate to the claims and allegations of the complaints filed in the lawsuit that are not known or suspected to exist. These claims are nonetheless being released.

The State Street Defendants hereby release all claims, debts, demands, rights, or causes of action or liabilities whatsoever, known or unknown, whether based on federal, state, local, statutory, or common law or any other law, rule, or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or un-liquidated, at law or in equity, matured or un-matured, against Glass Dimensions in its individual capacity and its past or present parents, subsidiaries, affiliates, investment funds, predecessors, successors, agents, advisors, insurers, attorneys and any of their respective past, present or future officers, directors, partners, members, managing directors, principals, or employees, which arise from the institution, prosecution, defense, or settlement of this litigation. The State Street Defendants acknowledge that the claims being released herein may include claims, rights, causes of action, or suits that are not known or suspected to exist. These claims are nonetheless being released.

The Agreement provides for the release by a Plan or by a Plan fiduciary of a legal or equitable claim against a party in interest in exchange for consideration given by, or on behalf of, a party in interest to the Plan in complete settlement of the Plan's or the fiduciary's claim and may give rise to a prohibited transaction unless the requirements of PTE 2003-39 are satisfied. See Dept.

11

of Labor, Prohibited Transaction Exemption 2003-39, 68 Fed. Reg. 75,632,640 (Dec. 31, 2003).

State Street is a party in interest to the Plans which comprise the Class.

### L. **Order Approving Settlement**

This Settlement is contingent on receipt of orders preliminarily and finally approving the

Settlement in the form substantially similar to that set forth in Exhibits B and C attached hereto. If

the Settlement is not approved by the Court or is terminated: (a) the Settlement shall be without

prejudice and none of its terms shall be effective or enforceable, except to the extent of costs of

notice and administration that have been incurred; (b) the Parties shall revert to the litigation

positions that they held immediately prior to the execution of the Agreement; and (c) the fact and

terms of the settlement shall not be admissible in ongoing proceedings in this Action.

### M. **Preliminary Approval of Settlement**

As soon as reasonably practicable after execution of this Agreement, but no later than

January 21, 2014, the parties will submit the Settlement to the Court and file a motion for

preliminary approval of the Settlement. The Parties shall in good faith take reasonably prompt steps

to secure expeditious entry of a preliminary approval order in substantially the form set forth as

Exhibit B, and request that the Court schedule a prompt fairness hearing.

### N. **Notice of Settlement**

A Notice of Settlement, substantially in the form attached hereto as Exhibit A, will be mailed

to all members of the Class by the Claims Administrator after entry of the Order granting

preliminary approval of the Settlement.

Within 14 days after the date the Court enters an order granting preliminary approval of the

Settlement, the State Street Defendants will provide the Claims Administrator with a revised and

updated list of (a) each of the individual Class Members, by name, with the last known mailing

address, the name of the appropriate contact person for receiving formal notifications at that

address and, where available, the last known email address; and (b) the name and address of omnibus platforms, record-keepers and administrators through which plans invested in the Lending Funds. Within the same time period, the State Street Defendants will also provide Class Counsel with the same list. This list will be used by Class Counsel solely for the purpose of administering the settlement. The State Street Defendants will reasonably cooperate with the Claims Administrator and Class Counsel in identifying members of the Class and their contact information.

Within 21 calendar days after the Court enters an Order Granting Preliminary Approval of the Agreement, the Claims Administrator will mail the Notice of Settlement to all identified members of the Class, and the omnibus platforms, record-keepers and administrators through which Plans may invest in the Lending Funds, by first-class mail and email.

## O.   Objections

Class Members may object to the Settlement under procedures to be proposed by the Parties and approved by the Court, as set forth in the Settlement Notice. Class Members who fail to timely file and serve written objections or notice of intention to appear and object in the manner specified in the Settlement Notice will be deemed to have waived any objections and will be foreclosed from making any objections to the settlement, whether by appeal or otherwise.

## P.   Opt-Outs

Class Members may choose to exclude themselves from the Settlement under procedures to be proposed by the Parties and approved by the Court, as set forth in the Settlement Notice. Class Members who timely and properly exclude themselves from the settlement ("opt outs") will receive no part of the Settlement Amount and will not be bound by the terms of the Agreement or the Judgment thereon. No party will solicit, encourage, or discourage opt-outs.

13

### Q.   Defendants' Option to Withdraw

The State Street Defendants, in their discretion, have the option to withdraw from the Settlement if more than 5% of the Class eligible to participate in the Settlement (measured as a percentage of average assets invested in the Lending Funds by Class Members during the Class Period) submit valid and timely requests for exclusion from the Class. The Claims Administrator shall promptly provide the State Street Defendants and Class Counsel with all valid requests for exclusion no later than seven (7) calendar days after the close of the Opt-Out Period. The State Street Defendants' option to withdraw from the Settlement shall be exercised by serving written notice of the intent to exercise the option on Class Counsel within 10 business days following receipt by the State Street Defendants of all valid requests for exclusion from the Claims Administrator. If the State Street Defendants exercise their option to withdraw, the Agreement will be null and void, and the provisions of Section L will apply.

### R.   Final Approval

The Parties will jointly request that the Court set a final approval hearing on a date that is mutually agreeable to the Parties and that allows sufficient time following the deadline for Class Members to object to or opt out of the settlement and for the Parties to submit a motion for final approval. No later than 20 calendar days before the final approval hearing the Claims Administrator will provide Class Counsel and Counsel for the State Street Defendants with a Declaration stating that it has complied with the requirements of the Agreement with regard to the Settlement Notice and identifying the Class Members that have submitted valid and timely objections or requests for exclusion from the Settlement. No later than 14 calendar days before the final approval hearing, Plaintiff will file an unopposed motion for final approval and supporting papers, including the Declaration of the Claims Administrator and a proposed final order. The proposed final order will, among other things: (i) grant final approval to the Agreement as fair, reasonable, adequate, in good

faith, and in the best interests of the Class as a whole; (ii) order the parties to carry out the provisions of this Agreement; (iii) adjudge that the Release of Claims set forth in Section K of the Agreement is binding and valid as against Plaintiff and the Class Members, including each of their respective named fiduciaries, participants and beneficiaries, and that the State Street Defendants have released Plaintiffs of all Released Claims; and (iv) reserve to the Court continuing jurisdiction over the instant action for the purpose of enforcing this Agreement and addressing such post-final order matters as may be appropriate.

This Agreement is conditioned upon final court approval of the settlement and dismissal of the Action as to the State Street Defendants with prejudice. Should those conditions not be met, the Settlement will be null and void.

### S.    Payment of Settlement Expenses

The actual charges, costs and expenses incurred by the Claims Administrator, Class Counsel or other persons employed to implement the Settlement, including the cost of preparing and delivering the Class Notice and allocating and distributing the Settlement Amount, shall be paid solely from the Settlement Fund. The Claims Administrator will report to Class Counsel the substance of the work performed and all amounts paid in the implementation of the Settlement.

Plaintiff has engaged Heffler Claims Group ("Heffler") as the Claims Administrator.

### T.    Notification required by 28 U.S.C. § 1715(b)

Plaintiff will be responsible for providing the notices required by 28 U.S.C. § 1715(b). However, the Claims Administrator will be responsible for preparing and filing the notices. The cost of preparing and filing such notices will be deducted from the Settlement Amount.

### U.    Dispute Resolution

All disputes concerning the interpretation or implementation of this Agreement shall first be addressed by the Parties' informal efforts to meet and confer prior to seeking relief from the Court.

## V.    Notice

Unless otherwise specifically provided herein or subsequently agreed by the parties in writing, all notices, demands, or other communications given hereunder will be in writing and will be deemed to have been duly given as of the fifth day after mailing, by first class mail, addressed as follows:

To Class Counsel for Plaintiffs

Todd M. Schneider
Mark T. Johnson
SCHNEIDER WALLACE COTTRELL BRAYTON KONECKY LLP
180 Montgomery Street, Suite 2000
San Francisco, CA 94104
Tel: (415) 421-7100
Fax: (415) 421-7105

Todd S. Collins
Ellen T. Noteware
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Tel: (215) 875-3040
Fax: (215) 875-4604

Gregory Y. Porter
BAILEY & GLASSER LLP
910 17th Street, NW
Suite 800
Washington, DC 20006
Tel: (202) 463-2101
Fax: (202) 463-2103

To Counsel for Defendant

Lori A. Martin
Brad E. Konstandt
WILMER CUTLER PICKERING HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, New York 10007

## W.    Dismissal

Upon entry of the Final Approval Order, Plaintiffs will dismiss the Action with prejudice.

**X.**     **Representations and Warranties.**

Each of the Parties represents and warrants to the other Parties that he, she, or it has the

authority to enter into this Agreement and that the person signing this Agreement on his, her, or its

behalf is fully authorized to bind such Party to the terms of this Agreement.

**Y.**     **Interpretation and Jurisdiction.**

The Parties have each been represented by counsel, who have arrived at the Settlement

through arm's-length negotiations, taking into account all relevant factors, present and potential and

who have cooperated in the preparation of this Agreement. The Agreement will not be construed

against any party based on the role of the party in preparing the Agreement. This Agreement shall be

interpreted in accordance with the laws of the State of Massachusetts, and the parties hereby submit

to the jurisdiction of the United States District Court for the District of Massachusetts for purposes

of enforcement of the Settlement. Subject to the Court's approval, the Court shall have continuing

jurisdiction for those purposes, including the resolution of any dispute which may arise with regard

to the terms and conditions of this agreement than cannot be resolved by the informal dispute

resolution process.

**Z.**     **Modification**

This Agreement, and any of its parts, may be amended, modified, or waived only by an

express written instrument signed by all parties or their successors-in-interest.

**AA.**     **Successors**

This Agreement will be binding upon, and inure to the benefit of, the successors, assigns,

executors, administrators, heirs and legal representatives of the Parties.

**BB.**     **Entire Agreement and Incorporation of Exhibits**

This Agreement, including all exhibits attached hereto, constitutes the entire agreement of

the parties. No oral representations, warranties, inducements, or writings have been made by any

party concerning this agreement other than those expressly stated herein. The Parties agree that the ~~Exhibits attached hereto are incorporated by reference and are a material part of this Agreement.~~ Any notice, order, proposed judgment or other exhibit that requires approval of the Court must be approved without material alteration from its current form in order for this Agreement to become effective.

### CC.    Finality

The Parties intend the Agreement to be a final and complete resolution of all disputes asserted or which could be asserted by the Plaintiff and Class Members against the State Street Defendants with respect to the Released Claims.

### CC.    Counterparts

This Agreement may be executed in two or more counterparts, each of which shall be deemed an original and may be exchanged by facsimile, but all of which taken together shall constitute one and the same instrument.

### EE.    Waiver

The waiver of one Party of any breach of this Agreement by any other Party shall not be deemed a waiver of any other breach of this Agreement. The provisions of this Agreement may not be waived except by a writing signed by the affected Party, or counsel for that Party.

IN WITNESS WHEREOF, the following duly authorized representatives of the Parties acknowledge and agree to the foregoing.

Dated: January, **2ᴸ** 2014

By _[signature]_

Title Senior Vice President
State Street Corporation and State Street Bank
and Trust Company (including its division
State Street Global Advisors)

Dated: January **21**, 2014                    By _Lori A. Martin_
                                               Lori A. Martin
                                               WILMER CUTLER PICKERING
                                               HALE AND DORR LLP
                                               Counsel for Defendants State Street
                                               Corporation and State Street Bank and
                                               Trust Company (including its division
                                               State Street Global Advisors)


Dated: January ___, 2014                       By _____

                                               Title
                                               Glass Dimension Inc. and
                                               Glass Dimensions Inc. Profit Sharing
                                               Plan and Trust
                                               Plaintiff


Dated: January **21**, 2014                    By _Todd Schneider (by CR)_
                                               Todd Schneider
                                               Schneider Wallace Cottrell Konecky LLP
                                               Counsel for Plaintiff


Dated: January **24**, 2014                    By _Todd Collins (by CR)_
                                               Todd Collins
                                               Berger & Montague, P.C.
                                               Counsel for Plaintiff


Dated: January **21**, 2014                    By _Greg Porter (by CR)_
                                               Gregory Y. Porter
                                               Bailey & Glasser LLP
                                               Counsel for Plaintiff

*EXHIBIT A*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Glass Dimensions, Inc. on behalf of the Glass Dimensions, Inc. Profit Sharing Plan and Trust, *and all others similarly situated,* | ) ) ) ) |
| | ) CIVIL ACTION NO: 1:10-CV-10588 (FDS) |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| State Street Corporation, State Street Bank & Trust Co., and State Street Global Advisors, | ) ) ) ) |
| Defendants. | ) ) |

## NOTICE OF SETTLEMENT OF CLASS ACTION

*A federal court has authorized this Notice. This is **not** a solicitation from a lawyer.*

### PLEASE READ THIS NOTICE CAREFULLY AS IT AFFECTS YOUR RIGHTS.

Last year you should have received a Notice advising you of the pendency of the above-captioned class action lawsuit (the "Litigation") on behalf of certain ERISA-qualified retirement plans against State Street Corporation ("SSC") and State Street Bank and Trust Co. ("SSBT") (including its division State Street Global Advisors ("SSGA")) (collectively, "State Street" or the "Defendants"). Based upon records maintained by State Street, the ERISA-qualified retirement plan to which this Notice is directed ("the Plan") is a member of a certified class of retirement plans in the Litigation. The Litigation alleges that the Defendants violated the Employee Retirement Income Security Act of 1974 ("ERISA").   State Street denies this allegation. State Street's records show that between April 9, 2004 and the present (the "Class Period"), the Plan invested Plan assets in one or more of State Street's collective trust funds that engage in the practice of securities lending (the "Lending Funds").

The purpose of this Notice is to inform the Plan that a settlement agreement (the "Settlement") has been reached between the parties, subject to Court approval, and to explain the terms of the Settlement and the Plan's rights and options with respect to the Settlement. For those who may not have seen the prior notice, it can be viewed at www.StateStreetSecuritiesLendingClassAction.com.

## SUMMARY OF THE LITIGATION AND SETTLEMENT

Plaintiff Glass Dimensions, Inc. ("Plaintiff or Named Plaintiff") on behalf of the Glass Dimensions, Inc. Profit Sharing Plan and Trust and similarly situated ERISA-qualified retirement plans, filed this lawsuit in the United States District Court for the District of Massachusetts. The Complaint alleges that State Street engaged in self-dealing and breached its fiduciary duties to ERISA-qualified retirement plans that had invested in State Street's Lending Funds (the "Plans") when State Street selected its affiliate to provide securities lending services to the Lending Funds and charged the plans a fee equal to 50% of all net income earned from securities lending, an amount which Plaintiff alleges is excessive. Plaintiff also alleges that State Street engaged in a prohibited transaction under ERISA by compensating itself from plan assets for securities lending services it performed without satisfying applicable federal regulations. State Street denies the claims and allegations in the lawsuit and denies that it engaged in any wrongdoing. Plaintiff's Complaint and State Street's Answer to the Complaint and Affirmative Defenses can be viewed at www.StateStreetSecuritiesLendingClassAction.com.

On Plaintiff's Motion, the United States District Court for the District of Massachusetts (the "Court") certified this Litigation to proceed as a class action on behalf of the following class (the "Class") of similarly-situated ERISA plans that invested in State Street's Lending Funds:

> ERISA plans that, during the period of April 9, 2004 to the present: (1) invested in a Collective Trust established by Defendants that loaned securities under a Master Securities Lending Authorization agreement, and (2) paid to Defendants fifty percent (50%) of the net securities lending income that the Collective Trust earned.

The Court also appointed the Plaintiff's lawyers to represent the Class as "Class Counsel." The attorneys for the Class include the following attorneys and law firms:

| | | |
|---|---|---|
| Gregory Y. Porter | Todd M. Schneider | Todd S. Collins |
| BAILEY & GLASSER LLP | Mark T. Johnson | Ellen T. Noteware |
| 910 17th Street, NW | SCHNEIDER WALLACE | BERGER & |
| Suite 800 | COTTRELL BRAYTON | MONTAGUE, P.C. |
| Washington, DC 20006 | KONECKY LLP | 1622 Locust Street |
| Tel: (202) 463-2101 | 180 Montgomery Street | Philadelphia, PA 19103 |
| Fax: (202) 463-2103 | Suite 2000 | Tel: (215) 875-3040 |
| | San Francisco, CA 94104 | Fax: (215) 875-4604 |
| | Tel: (415) 421-7100 | |
| | Fax: (415) 421-7105 | |

The attorneys for State Street are:

Lori A. Martin
Brad E. Konstandt
WILMER CUTLER PICKERING

HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel: (212) 230-8800
Fax: (212) 230-8888

During the course of the Litigation, both parties filed motions for summary judgment, which were denied by the Court. Thereafter, the parties engaged in settlement discussions presided over by a Magistrate Judge assigned by the Court for that purpose, which did not initially result in settlement. The Court subsequently entered an order authorizing additional discovery requested by State Street, including document production and depositions, and set the matter for a trial beginning May 12, 2014. In the meantime, the parties renewed their settlement negotiations and, on December 19, 2013, advised the Court that they had reached an agreement to settle the case and executed a Memorandum of Understanding reflecting the agreement. On __, 2014, on joint motion of the parties, the Court issued an Order granting preliminary approval of the Settlement Agreement ("Preliminary Approval") and approving the distribution of this Notice to the Class.

## THE TERMS OF THE SETTLEMENT

1. <u>The Payment and Allocation of a Settlement Fund</u>. Rather than proceed to trial in the Litigation, which will involve the substantial expenditure of time and resources and significant risks for both sides, Plaintiff and State Street have agreed to a settlement that involves State Street's payment of a sum of $10 million for the benefit of the Class (the "Settlement Fund"). This sum, after the deduction of reasonable amounts to be approved by the Court for expenses, attorneys' fees and service awards paid to representatives of the named Plaintiff for services rendered in prosecuting this case on behalf of the Class, will be allocated proportionally among members of the Class, based upon the amount of securities lending fees paid by each class member during the class period in connection with its investment in the Lending Funds. Approximately 1,200 plans, omnibus platforms, record-keepers and administrators are eligible to receive an allocation from the Settlement Fund.

2. <u>Non-Monetary Relief.</u> In addition to the Settlement Amount, and in further consideration for the release of the Released Claims, the State Street Defendants have agreed to provide additional written disclosures to investors in the Lending Funds of the securities lending fee that State Street receives from the loan of Lending Fund securities. The written disclosures require that State Street inform Lending Fund investors prior to the execution of an investment management agreement for an investment in a Lending Fund to state the exact fee split proposed to be charged by the State Street Defendants for providing securities lending services to the Lending Fund, that other securities lending clients at State Street may have more favorable fee splits, and include a copy the Securities Lending Authorization Agreement and a copy of the prior year's financial statements for the Lending Fund and the collateral pool in which it invests.

3.    The Classwide Release of Claims.    In exchange for payment of the Settlement Fund by State Street and Plaintiff's agreement to dismiss the Litigation, the parties have agreed to a release of all claims.

Glass Dimensions, on its own behalf, on behalf of the Class and all Class Members, including each of their named fiduciaries, participants and beneficiaries, has agreed to release all claims, debts, demands, duties, liabilities, rights, remedies or causes of action of every nature and description whatsoever, known or unknown, whether based on federal, state, local, statutory, or common law or any other law, rule, or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class or individual in nature, against the State Street Defendants and any of their current, former or future parents, subsidiaries, affiliates, investment funds, predecessors, successors, joint venturers, and any of their respective past, present, or future officers, directors, partners, members, managing directors, principals, employees, agents, shareholders, advisors, insurers, reinsurers, attorneys, accountants, associates and/or any other individual or entity in which any Defendant has a controlling interest or which is related to or affiliated with any of the Defendants and the current, former and future legal representatives, heirs, successors in interest or assigns of the Defendants, that (i) have been asserted in the complaints in the lawsuit; or (ii) relate to the claims and allegations of the complaints filed in the lawsuit, including but not limited to any claim arising out of or relating to any of the acts, omissions, misrepresentations, facts, events, matters, transactions or occurrences alleged, referred to or contended in the complaints.  Glass Dimensions acknowledges for itself and on behalf of the Class and all Class Members, including each of their named fiduciaries, participants and beneficiaries, that the claims being released may include claims, rights, causes of action, or suits that relate to the claims and allegations of the complaints filed in the lawsuit that are not known or suspected to exist.  These claims are nonetheless being released.

The State Street Defendants have agreed to release all claims, debts, demands, rights, or causes of action or liabilities whatsoever, known or unknown, whether based on federal, state, local, statutory, or common law or any other law, rule, or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or un-liquidated, at law or in equity, matured or un-matured, against Glass Dimensions in its individual capacity and its past or present parents, subsidiaries, affiliates, investment funds, predecessors, successors, agents, advisors, insurers, attorneys and any of their respective past, present or future officers, directors, partners, members, managing directors, principals, or employees, which arise from the institution, prosecution, defense, or settlement of this litigation. The State Street Defendants acknowledge that the claims being released may include claims, rights, causes of action, or suits that are not known or suspected to exist.  These claims are nonetheless being released.

**The Agreement provides for the release by a Plan or by a Plan fiduciary of a legal or equitable claim against a party in interest in exchange for consideration, given by, on behalf of, a party in interest to the Plan in complete settlement of the Plan's or the fiduciary's claim and may give rise to a prohibited transaction unless the requirements of PTE 2003-39 are satisfied. State Street is a party in interest to the Plans which comprise the Class. Class Members that participate in the settlement of this action are required to meet the conditions set forth in PTE 2003-39, including**

the condition that the settlement be reasonable in light of the Plan's likelihood of full recovery, the risks and costs of litigation, and the value of the claims foregone. See Dept. of Labor, Prohibited Transaction Exemption No. 2003-39, 68 Fed. Reg. 75,632-75,640 (Dec. 31. 2003).

## THE SETTLEMENT APPROVAL PROCESS

4.      The Court has granted preliminary approval of the Settlement, finding that it is sufficiently within the range of reasonableness to warrant such preliminary approval, and has approved this notice to the Class.  The Settlement will not take effect, however, until it receives final approval from the Court following an opportunity for class members to object to the Settlement or exclude themselves from the Settlement, as described in detail below. Following the deadline for objecting to or opting out of the Settlement, the parties will file a Motion for Final Approval of the Settlement.  The Court will hold a Final Approval Hearing on _____, 2014, in Courtroom 2, Third Floor of the United States District Court for the District of Massachusetts, located at 1 Courthouse Way, Boston Massachusetts 02210. The date for the Final Approval Hearing is subject to change by order of the Court, which will appear on the Court's docket for this case.

## THE PLAN'S RIGHTS AND OPTIONS

5.      Prior to the Final Approval Hearing, members of the class will have the opportunity to decide whether to (1) participate in the Settlement, (2) Opt-out of the Settlement, or (3) object to approval of the Settlement.  Each of these options and their attendant rights and consequences are described in detail below.

6.      **Participating in the Settlement**.  If the Plan wishes to remain a member of the Class and participate in the Settlement, you do not need to respond to this Notice.  In that case the Plan will benefit from the allocation of the Settlement Fund, less such costs, expenses and attorneys' fees and service awards as the Court may allow out of the Fund, and will be bound by the judgment entered based on the Settlement and the release of all claims. The Plan will be barred from bringing its own lawsuit asserting claims related to the claims asserted in this Litigation, whether as a class action or on its own behalf. *If the Plan does not wish to be bound by the Settlement it must opt out of the Settlement as described below.*

7.      **Claims Administrator.**  The Claims Administrator is Heffler Claims Group ("Heffler"), which processed and distributed the initial class notice in this case.  The actual charges, costs and expenses incurred by the Claims Administrator will be paid from the Settlement Fund.

8.      **Opting Out of the Settlement**.  If the Plan does not want to participate in the Settlement, it can exclude itself by submitting a request for exclusion, or "Opt Out".  If a Plan excludes itself from the Class, the Plan will not be entitled to any share of the Settlement Fund but may pursue, at its own expense, any legal claims it may have against the Defendants similar to or related to the claims asserted in this case.

9.      In order to be valid, a request for exclusion must set forth the following information: (a) the Plan's name for whom the exclusion is requested; (b) a statement that the Plan desires to be excluded from *Glass Dimensions, Inc. v. State Street Bank and Trust Company*. Include your name, address, telephone number, and signature and your title or relationship to the Plan. For an exclusion to be effective, the request must be postmarked no later than _____ , 2014 and sent to: Heffler Claims Group, 1515 Market Street, Suite 1700, Philadelphia, PA 19102. *If the Plan does not request an exclusion from the Settlement in this manner by _____, 2014 (the "Opt Out Date"), it will be considered a member of the Class and will be bound by the Settlement and Release of all claims. Do not request exclusion if the Plan wishes to participate in the Settlement and share in the Settlement Fund.*

10.     **Objecting to the Settlement.** Class Members can object to the Settlement and give reasons why they think the Court should not approve it.  To object, you must send your objection to Heffler Claims Group, 1515 Market Street, Suite 1700, Philadelphia, PA 19102.  The objection must be postmarked by _____, 2014.  Objections postmarked after that date will not be considered.  Any Class Member failing to submit a timely objection will be deemed to have waived any objection they might have.  Objections must include: (1) the name of the case, "Glass Dimensions v. State Street, Case No. 1:10-CV-10588"; (2) the name of the Plan submitting the objection, (3) your full name, current address, title, relationship to the Plan, and telephone number; (4) a clear statement of each objection; (5) any documents you wish to have considered in support of the objection; and (6) your signature and the date of your signature.

11.     The Court will consider class member objections in deciding whether to grant final approval.  Plans may object to the Settlement and still participate in the distribution of the Settlement Fund if Final Approval is granted over their objections. Objectors are not required to attend the Final Approval Hearing, but if the Plan intends to appear through its own attorney it must state its intention to appear in its written objection. Plans that do not comply with these procedures, or miss the deadline to file an objection, lose the opportunity to have their objection considered by the Court or to appeal from any order or judgment entered by the Court regarding the Settlement.

12.     **The Effect of the Plan's Decision in Response to the Prior Notice.** This Notice of Class Action Settlement supersedes the prior notice that was mailed last year advising class members of the fact that the Litigation was pending on behalf of the Class (the "Notice of Pendency"). In the event that, last year, in response to the Notice of Pendency, the Plan opted out of the Litigation, then the Plan now has two options. First, the Plan may take no action, in which case it will continue to be excluded from the Class, and it will not be bound by the Settlement. Second, the Plan may revoke its request for exclusion in response to the Notice of Pendency, in which case the Plan will participate as a member of the Class and will be bound by the Settlement.  In the event that the Plan previously requested exclusion but now wishes to participate in the Class and be bound by the Settlement, the Plan must submit a request to revoke its earlier request for exclusion and to participate in the Settlement by the Opt Out Date set forth in paragraph 8 above.

## ATTORNEY'S FEES, COSTS AND PLAINTIFF'S SERVICE AWARD

13.     Class Counsel will file a motion with the Court seeking approval of payment from the Settlement Fund of the expenses they incurred in prosecuting the case, reasonable attorneys' fees and service awards for the representatives of the named Plaintiff and class representative, Glass Dimensions.  Exclusive of the request for expenses and service awards, the request for attorney's fees will not exceed in amount one-third of the Settlement Fund. The motion and supporting papers will be filed on or before _____, 2014.  After that date you may review the motion and supporting papers at www.StateStreetSecuritiesLendingClassAction.com.

## CORRECTING YOUR MAILING ADDRESS

14.     If this Notice was sent to the proper representative of the Plan, you do not have to do anything further to receive further notices concerning this Litigation.  If it was forwarded by the postal service, or if it was sent to an individual or address that is not correct or current, you should immediately contact the Claims Administrator.

## GETTING MORE INFORMATION

15.     You can visit the website at www.StateStreetSecuritiesLendingClassAction.com, where you will find a copy of this notice and the Stipulation of Settlement setting forth the terms of the Settlement in more detail. Also available on the web site are the Court's Class Certification decision and Order, the Complaint that the Plaintiff filed, State Street's Answer to the Complaint and Affirmative Defenses, and copies of the Court's orders on various motions.  As other documents relating to approval of the settlement and Plaintiff's motion for reasonable attorneys' fees, costs and a service award for the Named Plaintiff are filed, those documents will be added to the website.  You may also contact Class Counsel or Counsel for State Street for more information.  Do not contact the Court with questions about the Settlement.

Dated: January ___, 2014

By Order of the United States District Court for the District of Massachusetts, Honorable F. Dennis Saylor, IV

7

*EXHIBIT B*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **Glass Dimensions, Inc. on behalf of the** ) <br> **Glass Dimensions, Inc. Profit Sharing** ) <br> **Plan and Trust,** *and all others* ) <br> *similarly situated,* ) <br> ) <br> ) **CIVIL ACTION NO: 1:10-CV-10588 (FDS)** <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> **State Street Corporation, State Street** ) <br> **Bank & Trust Co.,** ) <br> **and State Street Global Advisors,** ) <br> ) <br> Defendants. ) | |

**[PROPOSED]**
**ORDER (1) GRANTING PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT, (2) APPROVING A PLAN FOR CLASS NOTICE OF THE
SETTLEMENT AND PROVIDING CLASS MEMBERS WITH AN OPPORTUNITY TO
OPT OUT OR OBJECT TO THE SETTLEMENT, (3) APPOINTING A CLAIMS
ADMINISTRATOR TO ADMINISTER THE SETTLEMENT, AND (4) SCHEDULING
A FINAL APPROVAL HEARING AND HEARING ON CLASS COUNSEL'S MOTION
FOR FEES AND COSTS AND THE PAYMENT OF A SERVICE AWARD**

The Court having received and considered the parties' Joint Motion for an Order (1) Granting Preliminary Approval of Settlement of Class Action, (2) Approving a Plan for Class Notice of the Settlement and Providing Class Members With an Opportunity to Exclude Themselves from the Settlement or Object to the Settlement, (3) Appointing a Claims Administrator to Administer the Settlement, and (4) Scheduling a Final Approval Hearing and Hearing on Plaintiff's Motion for Fees and Costs and a Service Award ("the Motion") and supporting papers, including the Stipulation of Settlement with Exhibits (the "Agreement"), the Declarations of counsel, and having further considered the arguments of counsel and the pleadings and record in this case and finding good cause for granting the motion,

**IT IS HEREBY ORDERED AS FOLLOWS:**

1.     Capitalized terms used in this Order that are not otherwise identified herein have the meaning assigned to them in the Agreement.

2.     This Court has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 1331 and 29 U.S.C. § 1132(e)(1).

3.     Venue before the Court is proper pursuant to 29 U.S.C. § 1132(e)(2).

4.     The terms of settlement ("Settlement") set forth in the Agreement are hereby preliminarily approved, subject to further consideration at the Final Approval Hearing provided for below. The Court concludes that the Settlement is sufficiently within the range of reasonableness to warrant the preliminary approval of the Settlement, the scheduling of the Final Approval Hearing, and the mailing of notices to Class Members, each as provided for in this Order. The Court further finds that the formula proposed by Plaintiff and Class Counsel for allocating the Settlement Amount among Class Members is fair and reasonable.

5.     The Court approves the retention by Class Counsel of Heffler Claims Group as the Claims Administrator.

2

6.      The Court approves the proposed Settlement Notice in the form attached as Exhibit A.

## Form and Timing of Notice

7.      Not later than fourteen (14) days after the entry of this Order, the State Street Defendants shall provide the Claims Administrator and Class Counsel with a revised and updated list of (a) each of the individual Class Members and (b) the omnibus platforms, record-keepers and administrators through which Plans may invest in the Lending Funds, with the last known mailing address, the name of the appropriate contact person for receiving formal notifications at that address and, where available, the last known e-mail address for each Class Member.

8.      Not later than twenty-one (21) days after the entry of this Order, the Claims Administrator shall cause copies of the Notice of Settlement to be mailed by first-class mail, postage pre-paid, and by e-mail where available, to all (a) Class Members and (b) the omnibus platforms, record-keepers and administrators through which Plans may invest in the Lending Funds through the notice procedure described in the Agreement.

9.      Not later than twenty (20) days prior to the Final Approval Hearing, the Claims Administrator shall provide Class Counsel, with a copy to Counsel for the State Street Defendants, with a Declaration  attesting to compliance with the service of the Settlement Notices, as set forth above.  The cost of giving notice to the Class Members as specified in this Order shall be paid as set forth in the Agreement.

10.     The Court finds that the notice to be provided as set forth in this Order is the best means of providing notice to the Class Members, including their respective named fiduciaries, participants and beneficiaries, is practicable under the circumstances and, when completed, shall constitute due and sufficient notice of the Settlement and the Final Approval Hearing to all persons

affected by and/or entitled to participate in the Settlement or the Final Approval Hearing, in full compliance with the requirements of due process and the Federal Rules of Civil Procedure.

### Ability of Class Members to Exclude Themselves from the Settlement

11.     All Class Members who wish to exclude themselves from the Settlement must follow the procedures set forth in the Settlement Notice. Not later than twenty (20) days prior to the Final Approval Hearing, *i.e.* within the same period as required for attesting to compliance with the notice requirements of the Agreement, the Claims Administrator shall provide Class Counsel, and a copy to Counsel for the State Street Defendants, with a Declaration identifying those class members that have submitted timely objections and request for exclusion from the Settlement, together with copies of the written objections and exclusion requests.

12.     Any Class Member who does not opt out of the Settlement by submitting a timely and proper request for exclusion as required by the Settlement Notice shall be included in the Class and, if the Settlement is approved and becomes effective, shall be bound by all the terms and provisions of the Agreement, including but not limited to the Release of Claims described therein, whether or not such Class Member objected to approval of the Settlement and whether or not such Class Member participates in the distribution of the Settlement Fund or the other benefits to the Class to be provided under the Settlement Agreement.

### Final Approval Hearing; Right to Appear and Object

13.     A Final Approval Hearing shall take place before this Court on _____, at _.m., in Courtroom 2, Third Floor of the United States District Court for the District of Massachusetts, located at 1 Courthouse Way, Boston Massachusetts 02210. At that time the Court will consider argument and evidence on the following:

4

        a.      Whether the Settlement, on the terms and conditions provided for in the Agreement, should be finally approved by the Court as fair, reasonable and adequate and in the best interests of the Class;

        b.      Whether a final judgment should be entered dismissing the Action with prejudice based upon the Settlement;

        c.      Whether the application for attorneys' fees and expenses to be submitted by Class Counsel should be approved;

        d.      Whether Plaintiff's application for a service award should be granted in whole or in part;

        e.      Whether the proposed allocation of the remaining Settlement Fund, net of costs, fees, the incentive award and settlement administration expenses, should be finally approved; and

        f.      Such other matters as the Court may deem necessary or appropriate.

The Court may finally approve the Settlement at or after the Final Approval Hearing with any modifications agreed to by the Parties and without further notice to the Class Members.

14.      Not later than 14 days before the Final Approval Hearing, Plaintiff will file an unopposed motion for final approval and supporting papers, including the Declaration of the Claims Administrator and a proposed final order.

15.      Class Counsel shall serve and file their application for attorneys' fees and costs and their application for the payment of a Service Award to Plaintiff not later than 14 days prior to the date by which Class Members are required to submit any objection to the Settlement or request for exclusion from the Settlement.

16.      Any objection to the Settlement or any matter to be considered at the Final Approval Hearing must be in writing and mailed to the Claims Administrator, Heffler Claims

Group, at 1515 Market Street, Suite 1700, Philadelphia, PA 19102. Objections must be postmarked or filed with the Court on or before _____, 2014.

17.     Any Class Member who has not opted out of the Settlement by submitting a timely and proper Request for Exclusion may appear at the Final Approval Hearing in person or by counsel and be heard, to the extent allowed by the Court, either in support of or in opposition to the matters to be considered at the Final Approval Hearing. Any documents filed with the Court must also be served on Counsel for the Parties by hand delivery or by first-class mail within one (1) day of filing.

18.     Any responses to any written objections to the Settlement and any other matter in support of the Settlement shall be submitted to the Court on or before __ days after receipt of the objections.

19.     The Court may adjourn the Final Approval Hearing, including the consideration of the application for attorneys' fees and expenses, without further notice of any kind other than an announcement of such adjournment in open court at the Final Approval Hearing or any adjournment thereof.

IT IS SO ORDERED.

DATED:_____          _____
                                   Hon. F. Dennis Saylor, IV
                                   United States District Judge

## EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **Glass Dimensions, Inc. on behalf of the** | ) |
| **Glass Dimensions, Inc. Profit Sharing** | ) |
| **Plan and Trust, *and all others*** | ) |
| ***similarly situated,*** | ) |
| | )   **CIVIL ACTION NO: 1:10-CV-10588 (FDS)** |
| | ) |
| Plaintiffs, | ) |
| v. | ) |
| | ) |
| **State Street Corporation, State Street** | ) |
| **Bank & Trust Co.,** | ) |
| **and State Street Global Advisors,** | ) |
| | ) |
| Defendants. | ) |

**[PROPOSED] FINAL ORDER AND JUDGMENT**
**APPROVING CLASS ACTION SETTLEMENT**

WHEREAS, by Orders dated August 22, 2012 and October 18, 2013, the Court certified the following class (the "Class") in the above-captioned action (the "Action") upon the motion of Plaintiff:

> ERISA plans that, during the period of April 9, 2004 to the present: (a) invested in a Collective Trust established by Defendants that loaned securities under a Master Securities Lending Authorization Agreement, and (b) paid to Defendants fifty percent (50%) of the net securities lending income that the Collective Trust earned.

WHEREAS, the Court also appointed Plaintiff's counsel herein as Class Counsel pursuant to Fed. R. Civ. P. 23(c)(1)(b) and 23(g), finding that all of the requirements of the Rule had been satisfied.

WHEREAS, on or about November 13, 2013, a class notice approved by the Court was mailed to potential Class Members informing them of the Action and the Court's certification order and providing Class Members with the opportunity to exclude themselves from the Action.

WHEREAS, one Class member timely requested exclusion;

WHEREAS, the Parties have entered into a Stipulation of Settlement and Release (the "Agreement") to settle the class action claims asserted in the Action;

WHEREAS, the Court entered an Order dated _____, 2014 preliminarily approving the Settlement, approving a plan for class notice of the Settlement, providing Class Members with an opportunity to exclude themselves from the Settlement or object to the Settlement, appointing a Claims Administrator for the purpose of disseminating the notice and receiving exclusion requests, and scheduling a Final Approval Hearing and hearing on Plaintiff's motion for fees and costs and a service award;

WHEREAS, _____ additional Class Members submitted timely requests to be excluded from the Settlement and __ former Class Member(s) submitted a notice revoking a prior request for exclusion from the Action;

WHEREAS, _____ Class Members submitted timely objections to the Settlement, which objections were provided to the Court for its consideration;

2

WHEREAS, on _____, 2014, this Court held a hearing to determine whether the proposed Settlement should be given final approval (the "Final Approval Hearing"), at which _____ appeared for the Plaintiff Class and _____ appeared for State Street Defendants. _____ Class Members appeared at the Final Approval Hearing to contest the Settlement; and

WHEREAS, the Parties and the claims administrator have complied with the Preliminary Approval Order;

NOW, THEREFORE, based upon the submissions of the Parties and Class Members, any objections, any testimony adduced at the Final Approval Hearing, the pleadings on file and the arguments of counsel, and having reviewed the pleadings and evidence filed in support of the request for final approval of the Settlement, including the Declaration of _____ of Heffler Claims Group regarding notice to the Class and objections and requests for exclusion from the Settlement submitted by Class Members, the Court finds, and **IT IS ORDERED, ADJUDGED, AND DECREED, AS FOLLOWS:**

1.      Capitalized terms used herein shall have the same meaning as set forth in the Agreement, a copy of which is attached to this Order as Exhibit A and incorporated herein by reference.

2.      The Court has personal jurisdiction over Plaintiff, all Class Members, and the State Street Defendants.  The Court has subject matter jurisdiction over this Action pursuant to 28 U.S.C. § 1331 and ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

3.      The Settlement was reached with the assistance of a Magistrate Judge experienced in presiding over alternative dispute resolution proceedings, followed by arm's-length negotiations between the Parties.

4.      The  Settlement is fair, reasonable and adequate, consistent with all applicable requirements of the Federal Rules of Civil Procedure, the United States Code and United States Constitution (including the Due Process Clause), and any other applicable law; and in the best interests of the Parties and Class Members.

3

5.      In negotiating the Settlement, Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all of the Class Members.

6.      The form and method of delivery of the original class notice, and the Notice of Settlement: (i) constituted the best practicable notice; (ii) were concise, clear and in plain, easily understood language and were reasonably calculated, under the circumstances, to apprise Class Members, including their respective named fiduciaries, participants and beneficiaries, of the pendency of the Action, the claims, issues and defenses presented in the Action, the definition of the Class certified, the right of Class Members to opt out of the Action, the terms of the Settlement, including the settlement consideration and the release to be provided to the State Street Defendants, the right of Class Members to object to the Settlement, the right of Class Members to appear at the Final Approval Hearing, through counsel if desired, and the binding effect of a judgment on Class Members; (iii) were reasonable and constituted due, adequate and sufficient notice to all persons entitled to receive notice; and (iv) met all applicable requirements of the Federal Rules of Civil Procedure, the United States Code, the United States Constitution (including the Due Process Clause), and any other applicable law.

7.      The terms of the Agreement and this Judgment are binding on Plaintiff and all other Class Members, including their respective named fiduciaries, participants and beneficiaries, except those Class Members who timely excluded themselves from the Action or the Settlement.

8.      The Parties and their counsel are ordered to carry out and implement the provisions of the Agreement according to its terms and provisions, including compliance with all deadlines set forth therein.

9.      The Action is hereby dismissed on the merits and with prejudice, without fees or costs to any party except as provided below.

10.     As of the entry of this Final Order and Judgment, subject to any subsequent reversal or setting aside of the Order, the Release of Claims set forth in Section K of the Agreement is binding and valid as against Plaintiff and the Class Members, including each of their respective named fiduciaries, participants and beneficiaries, other than those who have timely and effectively excluded themselves from the Action, as listed in Exhibit B to this Order. Class

4

Members who have not properly excluded themselves from the Action or the Settlement are conclusively deemed to have released the State Street Defendants from all Released Claims as set forth in Section K of the Agreement.

11.     The Parties are authorized, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the Settlement and all exhibits attached thereto as (i) are consistent with this Judgment, and (ii) do not limit the rights of Class Members under the Settlement.

12.     For the reasons stated in the Court's separate Order of this date granting Plaintiff Motion for an award of reasonable attorneys' fees and costs, Class Counsel, collectively, shall be paid the sum of $ _____ for attorney's fees and $ _____ in costs and expenses, both amounts to be paid from the Settlement Fund prior to any distribution to Class Members.

13.     The Court hereby awards the representatives of Plaintiff Glass Dimensions, Inc. service awards in the amount of $_____ as compensation for their role on behalf of the Class representative and for the work attendant to that role.

14.     All costs of administering the Settlement, including the costs of disseminating the Settlement Notice, updating Class member contact information, tracking Class member objections and opt-outs, reporting to the Court and providing the notice required by 28 U.S.C. § 1715(b), will be deducted from the Settlement Fund before distribution to Class Members.

ActiveUS 121282027v.1

15.     Without affecting the finality of this Judgment, the Court shall retain continuing jurisdiction over the Action and the Parties and the Class for the limited purpose of enforcement of the Settlement and addressing such post-final order matters as may be appropriate.  Any disputes or controversies arising with respect to the enforcement or implementation of the Settlement shall be presented by motion to the Court, following efforts by the Parties to resolve the dispute informally through a meet and confer process.

16.     The Clerk is directed to enter this Judgment forthwith.

IT IS SO ORDERED.

DATED:_____ _____        _____
                                      Hon. F. Dennis Saylor, IV
                                      United States District  Judge

6